```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------x
```

UNITED STATES,

                     Plaintiff,                  **MEMORANDUM & ORDER**
                                                                          24-CR-362 (EK)

          -against-

ASIF MERCHANT,

                     Defendants.

```
-----------------------------------x
```
ERIC KOMITEE, United States District Judge:

       Asif Merchant is charged with Attempt to Commit an Act of Terrorism Transcending National Boundaries and Murder for Hire. *See* Indictment, ECF No. 16.

       The government has moved for a protective order pursuant to Rule 16(d) of the Federal Rules of Criminal Procedure. *See* ECF No. 21. Merchant consents: he and his counsel signed the proposed order. *See id*. At this time, the Court will enter the protective order, subject to defendant's right to seek more targeted relief going forward.

       The order sets out procedures for discovery broadly, as well as specific processes for two categories of discovery material: items designated "Sensitive Discovery Material" (SDM) and "Attorneys' Eyes Only" (AEO). *See* Proposed Order, ECF No. 21-1.

First, under the order, all discovery materials may be shared only among the defendant, defense counsel, and other authorized recipients, unless further distribution is authorized by the government in writing or by court order. *Id.* at 3. "Authorized recipients" are people who have received a copy of this Protective Order, agreed to be bound by it, and consented to the jurisdiction of the Court to enforce the Protective Order, among other attributes and conditions. *Id*. However, the order sets out a process for the defense to discuss discovery material with someone who is not an authorized recipient. *Id.* at 5. Additionally, the order explicitly excludes certain categories of people from receipt.

Second, the order would require more restrictive access to discovery that the government, in good faith, designates as SDM or AEO. Merchant may review SDM only in the presence of defense counsel. *Id.* at 8-9. Defense counsel and staff, alone, may review AEO material — the defendant himself cannot view it — without the prior approval of the government or court order. *Id.* at 9. If the defense comes to believe that the government's designation of material as SDM or AEO is unwarranted or is unduly burdensome, the order calls on the defense to first meet and confer with the government to seek modification. *Id.* If the parties are unable to resolve the

defense's objections, the defense may move the Court to modify the designation. *Id.* at 10.

A district court may enter a protective order on a showing of good cause. *See* Fed. R. Crim P. 16(d)(1). Good cause exists to protect information vital to national security. *See United States v. Aref*, 533 F.3d 72 (2d Cir. 2008); *see also United States v. Smith*, 985 F. Supp. 2d 506, 523 (S.D.N.Y. 2013) ("Good cause exists when a party shows that disclosure will result in a clearly defined, specific and serious injury."). Such a finding must be "based on a particular factual demonstration of potential harm, not on conclusory statements." *United States v. Gangi*, No. 97-CR-1215, 1998 WL 226196, at *2 (S.D.N.Y. May 4, 1998) (quoting *Anderson v. Cryovac, Inc.*, 805 F.2d 1, 8 (1st Cir. 1986)). The Second Circuit has upheld a district court's finding of good cause for specific "information that could lead to the identification of potential witnesses, information related to ongoing investigations, and information related to sensitive law enforcement techniques." *United States v. Guzman Loera*, 24 F.4th 144, 154 (2d Cir.), *cert. denied sub nom. Loera v. United States*, 142 S. Ct. 2780 (2022); *see also In re Terrorist Bombings of U.S. Embassies in E. Africa,* 552 F.3d 93, 122 (2d Cir. 2008).

In addition to finding good cause, the Court must determine that the requested order is appropriately tailored to

3

the potential harm at issue.  *See Smith*, 985 F. Supp. 2d at 545.
"In determining what degree of protection is appropriate, courts should ensure that a protective order is no broader than is necessary to serve the intended purposes."  *Id.*

Here, the government has articulated good cause. Public disclosure of the discovery at issue could harm national security, compromise sensitive law enforcement investigative techniques, or jeopardize the safety of a confidential human source and undercover agents.  Other courts have found discovery that would reveal sources and methods similar to those used in this case appropriately covered by Rule 16 protective orders. *See, e.g., In re Terrorist Attacks on Sept. 11, 2001*, 523 F. Supp. 3d 478, 521 (S.D.N.Y. 2021) (good cause existed for "information that would tend to reveal sensitive sources and methods in a national security investigation, including information that would tend to reveal the potential existence of confidential human sources"); *see also United States v. Hopkins*, No. 22-CR-465, 2022 WL 4547441, at *1 (S.D.N.Y. 2022) (entering protective order permitting a two-track SDM/AEO designation where discovery materials affected the confidentiality and safety of victims and witnesses).

Still, that does not mean that any and all discovery should be protected, and the proposed order leaves it to the government's discretion — constrained only by the good-faith

4

obligation — to determine how material is designated.  Any issues with persistent over-designation can, however, be rectified quickly.  Defense counsel may challenge the designation of any SDM or AEO material and may apply to the Court for an order designating a specific person as an authorized recipient of discovery material.  *See* Proposed Order, ECF No. 21-1 at 5-6, 10 (noting where the defense may seek the Court's intervention).

        SO ORDERED.

                                                /s/ Eric Komitee
                                          ERIC KOMITEE
                                          United States District Judge

Dated:    November 7, 2024
            Brooklyn, New York