

U.S. Department of Justice

*United States Attorney*
*Eastern District of New York*

271 Cadman Plaza East
Brooklyn, New York 11201

SKW/GMR
F. #2023R00922

November 8, 2024

By Email and ECF

Avraham C. Moskowitz, Esq.
Moskowitz Colson Ginsberg & Schulman
80 Broad Street, Suite 1900
New York, NY 10004
Email: amoskowitz@mcgsllp.com

    Re: United States v. Asif Merchant
       Criminal Docket No. 24-362 (EK)

Dear Mr. Moskowitz:

  Enclosed please find discovery in accordance with Rule 16 of the Federal Rules of Criminal Procedure, which is being provided on an external hard drive. The government requests reciprocal discovery from the defendant.

  The discovery is being produced pursuant to the Protective Order entered by the Court on November 7, 2024. See ECF No. 22. The "Sensitive Discovery Materials" are Bates-numbered (SDM) AM_000127 through (SDM) AM_000163, (SDM) AM_000263 through (SDM) AM_000275, (SDM) AM_000411 through (SDM) AM_000438, (SDM) AM_001052 through (SDM) AM_001070, (SDM) AM_001071 through (SDM) AM_001145, (SDM) AM_001179 through (SDM) AM_001254, and (SDM) AM_001255 through (SDM) AM_001374.

I. The Government's Discovery

  A. Statements of the Defendant

  The government is providing the following:

- Consensual audio recordings from a confidential human source ("CHS"), Bates-numbered (SDM) AM_000263 through (SDM) AM_000276, **marked Sensitive Discovery Material**;

- Audio recordings of the defendant's phone calls and associated draft summary reports, Bates-numbered (SDM) AM_000411 through (SDM) AM_000438, **marked as Sensitive Discovery Material**;

- Audio and video recordings of the defendant and the undercover FBI agents, Bates-numbered (SDM) AM_001052 through (SDM) AM_001070, **marked as Sensitive Discovery Material**;

- Draft translations of audio recorded during meetings between undercover FBI agents and the defendant on June 10, 2024, June 12, 2024, and June 21, 2024, Bates-numbered (SDM) AM_001071 through (SDM) AM_001145, **marked as Sensitive Discovery Material**;

- Draft summary translations of audio recorded during phone calls and meetings between a CHS and the defendant on May 30, 2024, June 3, 2024, June 4, 2024, June 5, 2024, June 7, 2024, June 8, 2024, June 9, 2024, June 10, 2024, June 11, 2024, and June 13, 2024, Bates-numbered (SDM) AM_001179 through (SDM) AM_001254, **marked as Sensitive Discovery Material**.

B. <u>Documents and Tangible Objects</u>

- Documents Bates-numbered AM_000001 through AM_000126 and AM_001172 through AM_001178;

- Redacted reports completed by members of the Federal Bureau of Investigation, Bates-numbered (SDM) AM_000127 through (SDM) AM_000156 and (SDM) AM_001255 through (SDM) AM_001374, **marked Sensitive Discovery Material**;

- Body worn camera videos recorded on July 12, 2024, Bates-numbered (SDM) AM_000157 through (SDM) AM_000163, **marked Sensitive Discovery Material**;

- Redacted documents and reports provided by United States Customs and Border Protection, Bates-numbered AM_000164 through AM_000262;

- Device images and extractions from the defendant's laptop, Samsung Galaxy cellular phone, and Xiaomi Redmi cellular phone, Bates-numbered AM_000277 through AM_000284 and AM_001375 through AM_001376;

- Facebook records provided by Meta Platforms, Inc., Bates-numbered AM_000285 through AM_000293:

- Records provided by Google, Bates-numbered AM_000294 through AM_000303;

- Instagram records provided by Meta Platforms, Inc., Bates-numbered AM_000304 through AM_000311;

- Photographs of the defendant, Bates-numbered AM_000312 through AM_000400;

- Screenshots of a partial search history from the defendant's laptop, Bates-numbered AM_000401 through AM_000410;

- A warrant authorizing the search of a ring doorbell device, and the accompanying supporting affidavit (E.D.N.Y. 24 MC 2855), Bates-numbered AM_000439 through AM_000601;

- A warrant authorizing the search of remotely held data associated with the defendant's two cellular phones, and the accompanying supporting affidavit (E.D.N.Y. 24 MC 2954), Bates-numbered AM_000602 through AM_000777;

- A warrant authorizing the search of six Google accounts, and the accompanying supporting affidavit, Bates-numbered AM_000778 through AM_000946;

- Warrants authorizing the search of the premises at 6339 Oakheath Lane, Richmond, Texas, 77407 (S.D.T.X. 24-MC-6293), an iPhone 14 (S.D.T.X. 24-MC-6294), a Xiaomi Redmi 12 Android phone (S.D.T.X. 24-MC-6295), and a Samsung Galaxy S21 cellular phone (S.D.T.X. 24 M.C. 6296), and the accompanying affidavit in support, Bates-numbered AM_000947 through AM_001051;

- A redacted copy of the defendant's United States visa application, Bates-numbered AM_001146 through AM_001157;

- Records provided by WhatsApp, Bates-numbered AM_001158 through AM_001162;

- A copy of the defendant's fingerprint card, Bates-numbered AM_001163 through AM_001166;

- Photographs of the United States currency the defendant paid in connection with the murder for hire plot, Bates-numbered AM_001167 through AM_001171;

You may examine the physical evidence discoverable under Rule 16, including original documents, by calling me to arrange a mutually convenient time.

C. Reports of Examinations and Tests

The government will provide you with copies of any reports of examinations or tests in this case as they become available.

D. Expert Witnesses

The government will comply with Fed. R. Crim. P. 16(a)(1)(G) and Fed. R. Evid. 702, 703 and 705 and notify you in a timely fashion of any expert that the government intends to call at trial and provide you with a summary of the expert's opinion.

At present, the government anticipates calling an expert at trial to testify in the field of forensic examination of electronic devices, terrorism, counterintelligence, and Iran, including the Islamic Revolutionary Guard Corps ("IRGC").

The identity, qualifications, and bases for the conclusions of each expert will be provided to you when they become available.

E. Brady Material

The government is not aware of any exculpatory material regarding the defendant. The government understands and will comply with its continuing obligation to produce exculpatory material as defined by Brady v. Maryland, 373 U.S. 83 (1963), and its progeny.

Before trial, the government will furnish materials discoverable pursuant to Title 18, United States Code, Section 3500, as well as impeachment materials. See Giglio v. United States, 405 U.S. 150 (1972).

F. Other Crimes, Wrongs or Acts

The government will provide the defendant with reasonable notice in advance of trial if it intends to offer any material under Fed. R. Evid. 404(b).

II. The Defendant's Required Disclosures

The government hereby requests reciprocal discovery under Rule 16(b) of the Federal Rules of Criminal Procedure. The government requests that the defendant allow inspection and copying of (1) any books, papers, documents, data, photographs, tapes, tangible objects, or copies or portions thereof, that are in the defendant's possession, custody or control, and that the defendant intends to introduce as evidence or otherwise rely on at trial, and (2) any results or reports of physical or mental examinations and of scientific tests or experiments made in connection with this case, or copies thereof, that are in the defendant's possession, custody or control, and that the defendant intends to introduce as evidence or otherwise rely upon at trial, or that were prepared by a witness whom the defendant intends to call at trial.

The government also requests that the defendant disclose prior statements of witnesses who will be called by the defendant to testify. See Fed. R. Crim. P. 26.2. In order to

avoid unnecessary delays, the government requests that the defendant have copies of those statements available for production to the government no later than the commencement of trial.

The government also requests that the defendant disclose a written summary of testimony that the defendant intends to use as evidence at trial under Rules 702, 703, and 705 of the Federal Rules of Evidence. The summary should describe the opinions of the witnesses, the bases and reasons for the opinions, and the qualification of the witnesses.

III.  Emails Sent and Received by Defendants Incarcerated at a Bureau of Prisons Facility

The government may request that the Bureau of Prisons ("BOP") produce to the government emails sent and received by the defendant during his/her period of incarceration at a BOP facility (collectively, "BOP email communications"). While it is the government's position that BOP email communications, including those between the defendant and his or her attorneys and other legal assistants and paralegals on their staff, are not privileged communications, in most instances, the government will request that the BOP exclude from any production communications between the defendant and his or her attorneys and other legal assistants and paralegals on their staff, if you provide the full email addresses for such attorneys, legal assistants and paralegals by November 13, 2024. To enable this process, the government requests that you send an email to the undersigned Assistant U.S. Attorneys with the list of email addresses in the body of the email. If you subsequently wish to provide an email address for an additional attorney, legal assistant or paralegal or change any of the previously-provided email addresses, you should send an email with the complete list of email addresses, including email addresses that remain unchanged, in the body of the email.

IV.  Future Discussions

If you have any questions or requests regarding further discovery or a disposition of this matter, please do not hesitate to contact me.

Please be advised that, pursuant to the policy of the Office concerning plea offers and negotiations, no plea offer is effective unless and until made in writing and signed by authorized representatives of the Office. In particular, any discussion regarding the pretrial disposition of a matter that is not reduced to writing and signed by authorized representatives of the Office cannot and does not constitute a "formal offer" or a "plea offer," as those terms are used in <u>Lafler v. Cooper</u>, 132 S. Ct. 1376 (2012), and <u>Missouri v. Frye</u>, 132 S. Ct. 1399 (2012).

Very truly yours,

BREON PEACE
United States Attorney

By:    /s/
Sara K. Winik
Gilbert M. Rein
Assistant U.S. Attorneys
(718) 254-7000

Enclosures

cc:    Clerk of the Court (EK) (by ECF) (without enclosures)