**MOSKOWITZ COLSON
GINSBERG SCHULMAN**

Moskowitz Colson
Ginsberg & Schulman LLP

80 Broad Street, Suite 1900
New York, NY 10004

(212) 257-6455
www.mcgsllp.com

December 26, 2024

**By ECF**
Hon. Eric Komitee
U.S. District Judge
U.S. Courthouse
225 Cadman Plaza East
Brooklyn, N.Y. 11201

Re: U.S. v. Asif Merchant
24 Cr. 362 (EK)

Dear Judge Komitee:

      This letter is respectfully submitted on behalf of the defendant, Asif Merchant, to advise the Court of problems caused by Mr. Merchant's conditions of confinement that are impacting my ability to represent him effectively. I have been working with AUSA Winik to try to resolve some of these issues, but to date those efforts have been largely unsuccessful and therefore I am turning to the Court for assistance.

      As Your Honor knows, since Mr. Merchant's arrest in July, he has been held in solitary confinement and is now subject to Special Administrative Measures ("SAMS"). A copy of the memo setting forth the terms of the SAMS is attached to this letter as an exhibit. The SAMS unit in which Mr. Merchant is housed, is on the eighth floor of the MDC. It has a single, cramped attorney conference room. If another lawyer is meeting with a client who is housed on that unit, as has happened to me already, I must wait for that meeting to end and for that attorney to be escorted down to the lobby before I can be escorted upstairs to meet with Mr. Merchant. That process can take an hour or more, with no certainty as to when, if ever, I will be allowed to go up to meet with my client. To make matters more difficult, the attorney conference room is a "non-contact room" in which counsel and client are separated by a thick window, making it difficult to communicate and even more difficult to review discovery. Although the SAMS Unit has a law library where inmates can go to review their discovery, attorneys are not permitted to meet with their clients in the law library. Additionally, on the few occasions when Mr. Merchant was allowed out of his cell to go to the law library, the computer keyboard was broken, which made it impossible for him to enter the password required to open the discovery and as a result, he has not been able to review the discovery on his own. To my knowledge, that problem, which has persisted since Mr. Merchant received the discovery, still has not been resolved.

      I have discussed the problems that I am encountering in meeting with Mr. Merchant and reviewing discovery with counsel for the government and they graciously offered to bring Mr. Merchant to the Courthouse so that I could meet with him in a so-called "proffer room." When I advised the government that I would need to meet with Mr. Merchant on a regular basis to

review the discovery and work on the case, I was told that it would not be possible to do so, because every time Mr. Merchant is brought to the Courthouse to meet with counsel, two FBI agents must accompany him and remain outside the room while he is meeting with counsel. While I understand that allowing Mr. Merchant the opportunity to meet and review discovery with counsel presents a logistical problem for the government, those problems do not relieve the government of its obligation to make it possible for him to exercise his constitutional rights to consult with counsel and prepare for his trial.

Another problem that has arisen relates to Mr. Merchant's calls to his family. When Mr. Merchant first arrived at the MDC, he was held in solitary confinement, even prior to the issuance of the SAMS memo. During the first two months of his incarceration at the MDC, he was not allowed even a single call to his family. After repeated protests, and with the assistance of AUSA Winik, Mr. Merchant was told that he would be allowed two fifteen-minute calls to his family per month. Unfortunately, while Mr. Merchant had one month in which he was allowed two calls, over the past several months, he has only received one call per month, with no explanation being provided as to why he is not getting the calls he is entitled to. Moreover, Mr. Merchant's attempts to call his family in Pakistan, for some unknown reason, have been unsuccessful. I have raised these problems with government counsel on numerous occasions, but it has not been remedied.[1] Mr. Merchant's inability to speak regularly to his family, which includes elderly parents, a wife and several young children, is causing him a great deal of stress and anxiety that also interferes with the attorney-client relationship.

Finally, there are issues with Mr. Merchant's diet and his clothing. When he was first brought to the MDC, he was given a diet of Halal food, but it was making him ill, so he requested, and with the assistance of government counsel, was given a vegetarian diet. Unfortunately, despite numerous requests, the MDC has not allowed Mr. Merchant to have salt or pepper to season his meals and has not allowed him to purchase from the commissary any sauce or seasoning that would give his food some flavor. Indeed, Mr. Merchant has been told that most of the food items that the other inmates are allowed to buy from the commissary, are not available to him for purchase. Thus, for example, he is not allowed to buy spicy chips of any kind that could be put in his vegetarian meals to add flavor. These restrictions make no sense and certainly are not based on any security needs. They are arbitrary and capricious and designed solely to make Mr. Merchant's life at the MDC more miserable.

As for Mr. Merchant's clothing, he has not been permitted to purchase a sweatshirt or sweatpants from the commissary, nor has his family or his attorney been permitted to have such items sent to him directly from Amazon or another recognized retailer. Mr. Merchant's cell (and the attorney conference room on Unit 84) is very cold and he often comes to attorney-client meetings shivering from cold. As Your Honor undoubtedly understands, it is difficult to concentrate or get any work done when you are uncomfortably cold. On the one occasion when Mr. Merchant was brought to the courthouse to meet with me and review discovery, he was so cold that he wore my winter coat throughout the meeting so he could warm up.

In sum, the conditions of confinement under which Mr. Merchant is being held are inhumane, intolerable and are interfering with his constitutional right to counsel and to prepare a

---

[1] On December 16, without explanation, Mr. Merchant was allowed to speak to his sister, who lives in the United States, for an hour, rather than the usual fifteen minutes.

defense. Although government counsel has tried to resolve some of the issues raised in this letter, those attempts have been largely unsuccessful. It is apparent that the MDC will not improve Mr. Merchant's conditions of confinement without being ordered to do so by Your Honor. It is therefore respectfully requested that Your Honor issue an order directing the MDC to allow counsel to meet with Mr. Merchant in the law library on Unit 84 or in some other room where he can review the discovery in an effective manner. Alternatively, the Government should be directed to bring Mr. Merchant to the courthouse one day a week, so that he can review the discovery in the case with counsel.

It is further respectfully requested that the MDC be directed to provide Mr. Merchant with two calls per month to his family and that it enable him to call his family in Pakistan. Finally, it is respectfully requested that the MDC be directed to provide Mr. Merchant with salt and pepper to season his meals or that it allow him to purchase items from the MDC that would provide some seasoning to his meals. The MDC should also be directed to either provide a sweatshirt and sweatpants to Mr. Merchant or allow him to purchase those items from the commissary, as all other inmates are allowed to do. The fact that Mr. Merchant is subject to SAMS does not mean that he should have to eat bland food in a cold cell without proper clothing to keep himself warm.

Despite the serious nature of the charges against him and the Special Administrative Measures to which he is being subjected, Mr. Merchant is entitled to be treated humanely and the government is required to ensure that he can effectively exercise his constitutional rights to counsel and to prepare a defense. Our government regularly protests when American citizens detained abroad are held under conditions that are inhumane. If the United States expects other countries to treat our citizens humanely and to recognize their human and constitutional rights, it must afford such treatment to foreign nationals, like Mr. Merchant, who are being held in jails in the United States.

Respectfully submitted,

*avraham moskowitz*

Avraham C. Moskowitz

cc: AUSA Sarah Winick (by email)
　　AUSA Gilbert Rein  (by email)