

U.S. Department of Justice

*United States Attorney*
*Eastern District of New York*

271 Cadman Plaza East
Brooklyn, New York 11201

NJM:SKW/GMR/NCG
F. #2023R00922

December 9, 2025

By ECF

The Honorable Eric R. Komitee
United States District Judge
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

> Re: United States v. Asif Merchant
> Criminal Case No. 24-362 (EK)

Dear Judge Komitee:

       The government respectfully submits this letter in response to the defendant's motion requesting that the Court order the government to produce certain materials, including all of the defendant's "intercepted communications" and unredacted FBI reports. See ECF No. 65 at 1 (hereafter, "Def. Mot."). As discussed below, the government is aware of, has complied with, and continues to comply with its discovery obligations. Accordingly, the defendant's motion should be denied.

I. Background

       The defendant is charged with Attempt to Commit an Act of Terrorism Transcending National Boundaries and Murder for Hire. Indictment, ECF No. 16. In the spring of 2024, the defendant, a Pakistani national, flew from Pakistan to the United States to recruit hitmen to kill U.S. government officials and steal information. After entering the U.S., the defendant contacted a person he believed could assist in his scheme but who, without the defendant's knowledge, reported the defendant to law enforcement and became a confidential source ("the CS"). The CS introduced the defendant to purported hitmen who were actually undercover law enforcement agents ("UCEs"). In June 2024, the defendant paid the UCEs a $5,000 down payment in furtherance of the plot. He obtained the $5,000 with assistance from contacts overseas. On July 12, 2024, the defendant was arrested shortly before he was scheduled to board an international flight.

II. Discovery

       On October 2, 2024, the government filed a notice of its intent to offer into evidence, or otherwise use or disclose, information obtained or derived from electronic

surveillance conducted pursuant to the Foreign Intelligence Surveillance Act ("FISA") in this case. ECF No. 20. Following the filing of this notice, the government began producing discovery to the defendant. To date, the government has made nine productions of discovery. Such discovery included, but is not limited to, recorded calls, recorded conversations, video, photographs, and electronic search warrant returns from the defendant's email accounts and social media accounts. In October 2025, the government also produced FBI reports of individuals who were interviewed by the FBI and who mentioned the defendant during the interview. These reports contain standard redactions for personally identifying information of the individual interviewed, as well as anyone mentioned in the interview; agent notes; agent names; information unrelated to the defendant and the case against the defendant; and the FBI case number. None of these individuals whose interview reports were produced to the defense in October 2025 are expected to testify at trial in the government's case-in-chief.

On November 25, 2025, the government and the defense met and conferred regarding discovery. On December 2, 2025, defense counsel sent the government a list of four FBI reports that it contended were over-redacted. The government responded the same day to state that the government attorneys would review the unredacted four reports. The defense filed the instant motion the next day.

III. The Defendant's Motion Should Be Denied

The defendant's motion to compel discovery should be denied. The defendant largely seeks information to which he is not entitled. As the government has repeatedly informed the defense, it has complied and continues to comply with its discovery obligations and has in fact exceeded its obligations.

A. The Government Provided FISA Notice Over One Year Ago

The defendant's letter states that the "government represented that it does not intend to offer any recordings from the intercepted communications in its case in chief." Def. Mot. at 2. That is incorrect; the government never made that representation. Rather, the government stated that it did not intend to introduce in its case-in-chief certain recorded telephone calls involving the defendant and the CS that the government produced in October 2025 to the defense in discovery.[1] To the contrary, as the government's public FISA notice stated, the government does intend "to offer into evidence, or otherwise use or disclose," information obtained or derived from FISA. *See* ECF No. 20.

Defense counsel has repeatedly represented to the Court that he does not intend to file a motion to suppress or any other substantive pretrial motions in this case. To the extent the defendant now seeks to file a motion to suppress FISA information—a motion he has been in a

---

[1] Defense counsel asked the government if it intended to introduce recorded telephone calls between the defendant and the CS produced in October 2025 dated earlier than June 2024. The government responded that it did not intend to introduce those limited calls in its case-in-chief but reserved its right to do so in a rebuttal case should the defense open the door.

position to file **since October 2024**—he should be ordered to do so this month to prevent further delay of this case that has been scheduled for trial for nearly nine months.

### B. The Defendant Is Not Entitled to All FISA-Derived Evidence, and the CIPA Process Ensures that the Defendant's Rights Are Protected

The defendant's claim that he is entitled to all evidence obtained pursuant to FISA is contrary to settled case law.

First, to the extent the FISA information in this case included the defendant's own statements—a representation the government has never made to the defense, nor could it confirm or deny the accuracy of that characterization—the defendant would not be automatically entitled to this material under Rule 16. On December 20, 2024, the government filed a motion for a pretrial conference pursuant to the Classified Information Procedures Act ("CIPA"). ECF No. 26. That motion set forth that this case implicated classified information governed under CIPA, which establishes procedures for handling classified information in criminal cases. Notably, Section 4 of CIPA provides, in pertinent part, "[t]he court, upon a sufficient showing, may authorize the United States to delete specified items of classified information from documents to be made available to the defendant through discovery under the Federal Rules of Criminal Procedure." 18 U.S.C. app. 3, § 4. As part of the Court's analysis, the Court considers whether the state-secrets privilege applies, and if so, the Court "must next decide whether the information is helpful or material to the defense, i.e., useful to counter the government's case or to bolster a defense." *United States v. Aref*, 533 F.3d 72, 80 (2d Cir. 2008). The government filed a motion pursuant to Section 4 of CIPA on July 11, 2025, and filed a notice on the public docket at that time. *See* ECF No. 48.

Indeed, Rule 16(d)(1) itself provides that the Court may, for good cause, "deny, restrict, or defer discovery or inspection," and that a party may show good cause through a written statement that the Court inspects *ex parte*. *See United States v. Al-Farekh*, 956 F.3d 99, 107 (2d Cir. 2020) (noting that both CIPA Section 4 and Federal Rule of Criminal Procedure 16(d)(1) "'authorize *ex parte* proceedings' and that a 'district court acts well within its discretion in reviewing [CIPA] submissions *ex parte* and *in camera*'") (internal citations omitted); *United States v. Velentzas*, No. 15-CR-213, ECF No. 54 (E.D.N.Y. Aug. 10, 2016) ("CIPA overlays the framework appearing in Fed. R. Crim. P. 16, which itself authorizes district courts to restrict discovery of evidence in the interest of national security." (internal quotation omitted)). Thus, the defendant's assertion that he is entitled to all FISA-derived evidence under Rule 16, on a blanket basis, is simply incorrect. Rather, the Court will decide, pursuant to Section 4 of CIPA, to what information, if any, the defendant is entitled.

Second, even if the evidence the defendant seeks existed, the defendant's proffered bases for obtaining the information fails as a matter of fact and law. For example, the defendant's claim that that he would be entitled to phone calls because the government intends to introduce surveillance of the defendant showing he was frequently on his phone, Def. Mot. at 3-4, is misguided. The government intends to offer evidence at trial of surveillance of the defendant to show he was in New York at the time he was meeting with the CS and UCEs. While there might be testimony that law enforcement agents observed the defendant on his

phone (because that is what they saw), the government does not intend to argue that evidence the defendant was on his phone proves he was engaged in the murder-for-hire plot during those calls.

Similarly, the defendant's argument that any intercepted recorded phone calls, to the extent they exist, constitute material pursuant to *Brady v. Maryland* should be rejected. The defendant speculates that such evidence is favorable because it would show him engaging in non-criminal conduct. But such evidence, if it existed, is inadmissible. The Second Circuit has repeatedly held that evidence that a defendant engaged in non-criminal conduct on other occasions is simply irrelevant to whether the defendant engaged in the criminal conduct charged by the government. *See, e.g.*, *United States v. Scarpa*, 897 F.2d 63, 70 (2d Cir. 1990) ("A defendant may not seek to establish his innocence . . . through proof of the absence of criminal acts on specific occasions"); *United States v. Dawkins*, 999 F.3d 767, 792 (2d Cir. 2021) (affirming district court's exclusion of defendant's proffered evidence that he did not bribe certain basketball coaches and reasoning "[n]o less than evidence of a defendant's prior 'bad acts' used to show that he committed the crime charged, such 'good acts' evidence is only relevant if we assume that a defendant acted in conformity with those prior good acts—i.e., if we make the exact propensity inference Rule 404(b)(1) is designed to prohibit"); *United States v. Walker*, 191 F.3d 326, 336 (2d Cir. 1999) (affirming district court's exclusion of non-fraudulent applications, reasoning "[w]hether [defendant] had prepared other, non-fraudulent applications was simply irrelevant to whether the applications charged as false statements were fraudulent"). Thus, evidence that the defendant was engaged in other non-criminal conduct is irrelevant, inadmissible, and certainly does not constitute *Brady* material.

C. The Government's Redactions Are Appropriate

The defendant's motion to compel production of unredacted versions of FBI Reports under Rule 16 should be denied. As an initial matter, the defendant is not entitled to any of these reports. *See* Fed. R. Crim. P. 16(a)(2) (providing that law enforcement reports are generally not discoverable). The reports produced in October 2025 constitute summaries of interviews of individuals who will not testify at trial. Because they are non-witness statements, their production is not required under Rule 16 nor 18 U.S.C. § 3500. However, because some of these interviews reference the defendant, the government produced the reports out of an abundance of caution.

In any event, the redactions in the reports are entirely appropriate. The information redacted includes personally identifiable information of witnesses, law enforcement agent notes, statements unrelated to the defendant, and FBI case numbers to which the defendant is not entitled. None of this material is discoverable or constitutes 3500 material.[2] Accordingly, the defendant's motion for unredacted reports should be denied.

---

2   To the extent the Court would like to review *in camera* an unredacted version of the four FBI reports that the defendant identified for the government, the government will provide unredacted copies to the Court.

IV. Conclusion

For the foregoing reasons, the government respectfully submits that the defendant's motion should be denied.

Respectfully submitted,

JOSEPH NOCELLA, JR.
United States Attorney

By:     /s/
Sara K. Winik
Gilbert M. Rein
Nina C. Gupta
Assistant U.S. Attorneys
(718) 254-7000

cc: Clerk of the Court (EK) (by ECF)
Defense Counsel (by email and ECF)