UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF NEW YORK

---------------------------------------------------------X

UNITED STATES OF AMERICA

    - against -                                       24 Cr. 362 (ERK)

ASIF MERCHANT,

        Defendant.

---------------------------------------------------------X


**DEFENDANT'S MOTION IN LIMINE**


AVRAHAM C. MOSKOWITZ
CHRISTOPHER NEFF
80 Broad St, Suite 1900
New York, New York 10004
(212) 257-6455
amoskowitz@mcgsllp.com

JOSHUA J. LAX
225 Broadway, Suite 715
New York, New York 10007
(212) 566-6213
jlax@fgdmlaw.com

*Attorneys for Defendant Asif Merchant*

**TABLE OF CONTENTS**

PRELIMINARY STATEMENT ................................................................................................ 1

STATEMENT OF FACTS ........................................................................................................ 1

LEGAL ARGUMENT ............................................................................................................... 2

CONCLUSION .......................................................................................................................... 8

# TABLE OF AUTHORITIES

**Cases**

*Arista Recs. LLC v. Lime Grp. LLC*, No. 06 CV 5936 KMW,
 2011 WL 1642434 (S.D.N.Y. Apr. 20, 2011) .................................................................. 8

*In re Residential Cap., LLC*, 491 B.R. 63 (Bankr. S.D.N.Y. 2013) ................................ 8

*Restis v. Am. Coal. Against Nuclear Iran, Inc.*, No. 13 CIV. 5032 ER,
 2015 WL 1344479 (S.D.N.Y. Mar. 23, 2015) ............................................................ 6, 7

*U.S. v. Andolschek*, 142 F.2d 503 (2d Cir. 1944) ........................................................... 7

*U.S. v. Coplon*, 185 F.2d 629 (2d Cir. 1950) .................................................................. 7

*U.S. v. Reynolds*, 345 U.S. 1 S. Ct 528 (1953) ............................................................... 7

*United States v. Aref*, 533 F.3d 72 (2d Cir. 2008) ...................................................... 6, 7

*United States v. Bilzerian*, 926 F.2d 1285 (2d Cir. 1991) .............................................. 8

*United States v. Cantoni*, No. 19-4358-CR,
 2022 WL 211211 (2d Cir. Jan. 25, 2022) ..................................................................... 9

*United States v. Morgan*, 493 F. Supp. 3d 171 (W.D.N.Y. 2020) .................................. 9

*United States v. Mostafa*, 992 F. Supp. 2d 335 (S.D.N.Y. 2014) ................................... 6

*United States v. Ng Lap Seng*, No. S5 15-CR-706 (VSB),
 2017 WL 2693625 (S.D.N.Y. June 21, 2017) .............................................................. 6

*United States v. Nobles*, 422 U.S. 225 (1975) ............................................................... 8

*United States v. Vinas*, 910 F.3d 52 (2d Cir. 2018) ....................................................... 9

*United States v. Walker*, 974 F.3d 193 (2d Cir. 2020) ................................................... 9

*United States v. Wilson*, No. 04-CR-1016 NGG,
 2013 WL 1338710 (E.D.N.Y. Apr. 1, 2013) ................................................................ 7

*Zuckerbraun v. Gen. Dynamics Corp.*, 935 F.2d 544 (2d Cir. 1991) .............................. 7

**Statutes**

18 U.S.C. § 3500 ............................................................................................................ 10

18 U.S.C.A. APP. 3 § 1, *et. seq.* ...................................................................................... 5

18 U.S.C.A. APP. 3 § 4 .................................................................................... 4, 7, 8, 11

**Rules**

Fed. R. Crim. P. 16................................................................................................... 6, 8, 9, 10

**PRELIMINARY STATEMENT**

Defendant Asif Merchant respectfully submits this Motion in Limine in advance of trial, currently scheduled to begin trial on February 23, 2026.

On July 11, 2025, the government filed a motion for a protective order under Section 4 of the Classified Information Procedures Act ("CIPA"), 18 U.S.C.A. APP. 3 § 4, seeking to withhold an unknown number of documents and other materials as classified information. The effect of withholding this material as classified information under CIPA and the underlying state secrets privilege is to exclude the withheld classified material from the case if the Court does not order its production under CIPA Section 4. The materials remain, however, in the possession of the government and they have been reviewed by the government's attorneys. Thus, during the trial, the government could reverse course and determine it wants to use the classified materials to support its case in some manner. To prevent substantial prejudice to Mr. Merchant and ensure Mr. Merchant receives a fair trial that accords with all applicable discovery rules, the government should be prohibited from attempting to use the classified material at trial, either in its preparation of witnesses, its presentation of its case, or as evidence in any phase of the trial.

**STATEMENT OF FACTS**

Mr. Merchant is charged in Count One with Attempt to Commit an Act of Terrorism Transcending National Boundaries and in Count Two with Murder for Hire. Mr. Merchant is a Pakistani national who was allegedly recruited by a foreign government, perhaps Iran, to travel to the United States and recruit one or more "hit men" to assassinate high-ranking American officials. The discovery produced by the government reveals that the government was aware of Mr. Merchant and his purported activities prior to his arrival in the United States. When he first entered the country, he was questioned at the international airport in Houston, where his cellular devices were forensically imaged before he was admitted through Customs and Immigration Control.

Thereafter, he was under constant surveillance, likely pursuant to a FISA warrant (although the government has not produced any such warrant or information concerning its scope or the basis upon which it was issued). Agents followed him from place to place, surveilled the locations at which he stayed, and (likely) intercepted his telephone communications. The government also produced limited excerpts of reports that indicate efforts to learn about Mr. Merchant's background.

The government continues to withhold an unknown quantity of materials that would ordinarily be discoverable, asserting that they contain or constitute classified information, and has also asserted the state secrets privilege. It seeks to keep these materials classified and protected from disclosure under the procedures set forth in CIPA. The government currently represents that it will not seek to use any of these non-produced "secret" or "classified" materials at trial. To prevent unfair surprise, this Court should preclude it from attempting to do so.

**LEGAL ARGUMENT**

THE GOVERNMENT SHOULD BE PRECLUDED FROM USING OR ATTEMPTING TO INTRODUCE AT TRIAL DOCUMENTS OR INFORMATION WITHHELD FROM DISCOVERY

As the Court is aware, the government has withheld documents and other items from disclosure under the provisions of the Classified Information Procedures Act, 18 U.S.C.A. APP. 3 § 1, *et. seq.* (CIPA). The defense does not know what volume of documents and other items the government has withheld from disclosure. Nor does the defendant know what is in these materials, although it is evident that they include an unknown number of recordings purported to include statements made by the defendant himself. The government refuses to disclose the source of these recordings and other materials, how they were created, or whether any of these materials relate to the anticipated testimony of any of the witnesses the government intends to call at trial.

As discussed more fully below, the government's decision to withhold these materials under CIPA constitutes a waiver of the government's right to rely on them at trial. Further, the law in the Second Circuit is that the state secrets privilege operates to exclude from use at trial all classified information to which it applies. *Restis v. Am. Coal. Against Nuclear Iran, Inc.*, No. 13 CIV. 5032 ER, 2015 WL 1344479, at *5 (S.D.N.Y. Mar. 23, 2015). Notwithstanding the government's assertion that it does not intend to use at trial the evidence that it has refused to disclose, Mr. Merchant is concerned that the government may change its mind during trial and seek to declassify and use some or all of these materials. For the reasons that follow, the government should be prohibited from attempting to use the materials it has previously withheld at trial in any way, including in its case in chief, on cross examination, as part of its rebuttal case, to prepare witnesses, or to prepare the presentation of its case, because of the substantial prejudice such use of undisclosed materials would cause Mr. Merchant.

CIPA is a procedural mechanism that regulates the application of existing discovery rules to classified information. "CIPA applies the general law of discovery in criminal cases to classified information and further restricts discovery of that information to protect the Government's national security interests." *United States v. Mostafa*, 992 F. Supp. 2d 335, 337 (S.D.N.Y. 2014). When the government asserts the state secrets privilege, as it has done in this case, the procedures set forth in Section 4 of CIPA govern the discovery process. *United States v. Aref*, 533 F.3d 72, 80 (2d Cir. 2008). That section, which permits courts to allow the government to withhold classified information, "clarifies district courts' power under Federal Rule of Criminal Procedure 16(d)(1) to issue protective orders denying or restricting discovery for good cause." *Id.* at 78; *United States v. Ng Lap Seng*, No. S5 15-CR-706 (VSB), 2017 WL 2693625, at *2 (S.D.N.Y. June 21, 2017).

The state secrets privilege serves as a complete bar to the use of classified information. "Once properly invoked, the effect of the state secrets privilege is to exclude the evidence from the case." *Restis*, at *5 (S.D.N.Y. Mar. 23, 2015) (citing *Zuckerbraun v. Gen. Dynamics Corp.*, 935 F.2d 544, 546 (2d Cir. 1991)). "The court must then address the effect of the invocation of the privilege on the plaintiff's claim or defendant's defense." *Id.* at *5.

In civil cases, "the effect of an invocation of the privilege may be so drastic as to require dismissal." *Zuckerbraun*, at 547. In criminal cases, CIPA Section 4 authorizes the Court to avoid such drastic outcomes by permitting discovery of material otherwise protected under the state secrets privilege if it determines that the evidence is material to the defense. *U.S. v. Aref*, *supra*, 533 F.3d at 79 (citing *U.S. v. Reynolds*, 345 U.S. 1, 73 S. Ct 528 (1953); *U.S. v. Coplon*, 185 F.2d 629 (2d Cir. 1950) and *U.S. v. Andolschek*, 142 F.2d 503 (2d Cir. 1944). If discovery of privileged materials is not ordered under CIPA, materials subject to the state secrets privilege must be excluded, just as occurs in civil matters outside the province of CIPA.

CIPA clarifies the implementation of general discovery rules and provides procedures for applying a common law privilege. It does not override the general rule that a party asserting a privilege cannot use that privilege as "both a sword and a shield," by using the privileged material affirmatively against an opponent while simultaneously availing itself of the protection against disclosure. *See e.g. United States v. Wilson*, No. 04-CR-1016 NGG, 2013 WL 1338710, at *2 (E.D.N.Y. Apr. 1, 2013) ("This rule is founded on fundamental fairness: selectively invoking a . . . privilege as both a shield and a sword may leave the trier of fact with an incomplete picture."). Thus, the Supreme Court has held that a defendant could not withhold a report of an interview of a government witness conducted by his investigator under the attorney work-product privilege

when he sought to call that investigator to testify about a prior inconsistent statement the investigator obtained from that witness. *United States v. Nobles*, 422 U.S. 225, 239-40 (1975).

Similarly, a party cannot assert an advice-of-counsel defense while simultaneously invoking the attorney-client privilege to block disclosure of attorney-client communications. *See e.g. United States v. Bilzerian*, 926 F.2d 1285, 1292-93 (2d Cir. 1991); *In re Residential Cap., LLC*, 491 B.R. 63, 68 (Bankr. S.D.N.Y. 2013); *Arista Recs. LLC v. Lime Grp. LLC*, No. 06 CV 5936 KMW, 2011 WL 1642434, at *2 (S.D.N.Y. Apr. 20, 2011) ("Plaintiffs are correct that a party may not assert that it believed its conduct was lawful, and simultaneously claim privilege to block inquiry into the basis for the party's state of mind or belief."). As these decisions demonstrate, when a party invokes a privilege to avoid disclosure of evidence, it waives the right to present that evidence---and to pursue arguments that rely on that evidence---at trial. Put simply, when a party invokes a privilege to deny its adversary discovery to which the opposing party is ordinarily entitled, the invoking party is not permitted to reverse course, waive the privilege, and conduct a trial by ambush.

In this case, the government has invoked CIPA and the state secrets privilege to deny the defense access to documents and recordings, among other items, to which Mr. Merchant would otherwise be entitled under Fed. R. Crim. P. 16 and other applicable discovery rules and statutes. The government cannot use CIPA and the state secrets privilege as both sword and a shield. By choosing to keep the classified materials confidential and excluded from the case, the government has chosen to forego any use of these materials prospectively in the case and has waived the right to offer any proof, theory, or argument based on these materials. As a result, the government should not be permitted to change its mind during the trial, declassify the material, and use it as either evidence of the defendant's guilt or to aid the government's trial preparation and presentation.

Moreover, if the government were to change course and seek to use classified or secret materials during trial, Rule 16 would be violated and Mr. Merchant would be caused substantial prejudice. For that reason, too, the government should be precluded from attempting to introduce or otherwise rely on classified material.

"In considering whether a district court appropriately exercises its discretion in granting a particular remedy, if any, for a Rule 16 violation, the factors considered are 'the reasons why disclosure was not made, the extent of the prejudice, if any, to the opposing party, the feasibility of rectifying that prejudice by a continuance, and any other relevant circumstances.'" *United States v. Morgan*, 493 F. Supp. 3d 171, 214 (W.D.N.Y. 2020) (citations omitted). "To prove substantial prejudice under this framework, a defendant 'must demonstrate that the untimely disclosure of the [evidence] adversely affected some aspect of his trial strategy.'" *Id.* (quoting *United States v. Walker*, 974 F.3d 193, 204 (2d Cir. 2020)); *United States v. Cantoni*, No. 19-4358-CR, 2022 WL 211211, at *2 (2d Cir. Jan. 25, 2022) ("A showing of substantial prejudice requires that the defendant 'demonstrate that the untimely disclosure of the evidence adversely affected some aspect of his trial strategy.'"); *United States v. Vinas*, 910 F.3d 52, 60-61 (2d Cir. 2018) (granting defendant's motion for a new trial when the government incorrectly described the circumstances surrounding the defendant's statement to law enforcement thereby denying the defendant the opportunity to move to suppress the statement.)

Here, permitting the government to use classified materials at trial would substantially prejudice Mr. Merchant. Mr. Merchant does not know what additional material the government possesses and can neither develop a strategy for rebutting that secret evidence nor determine whether any such secret evidence might support a potential defense. Although his counsel has repeatedly requested that the government produce the materials it has chosen to withhold based on

CIPA, those requests have been denied and the Court has not compelled the government to produce them.[1]

In an ordinary case, all evidence covered by Rule 16 and the Jencks Act is disclosed in advance of trial and the defense can determine how to address and rebut all of the evidence. Trial by ambush is an impossibility. In this case, however, the government has asserted the existence of some additional quantum of secret evidence, which the government has refused to produce. Mr. Merchant's trial strategy and potential defenses are necessarily cabined by the materials produced by the government. He cannot prepare to rebut secret evidence and cannot develop a defense strategy that would incorporate secret evidence not known to him. Accordingly, in determining how to proceed, Mr. Merchant has no choice but to rely on the government's representation that the secret evidence will remain secret and will not be used at trial. His defense strategy necessarily relies on the exclusion from trial of the purported secret evidence in the government's possession. If the government is permitted to reverse its position mid-trial and use the classified material it had previously withheld, Mr. Merchant's ability to present a defense will be irreparably impaired. He will be deprived of any opportunity to fashion his trial strategy to account for the excluded classified information and to prepare to confront this evidence at trial.

The discovery provisions in the Federal Rules of Criminal Procedure and the Jencks Act are designed to prevent "trial by ambush." Permitting the government to declassify and use at trial any of the secret evidence it has thus far withheld would be the definition of trial by ambush and

---

[1] Any effort by the government to declassify and use at trial material that it has previously refused to disclose would evidence that the state-secrets privilege was not invoked in good faith, but was instead an effort to hamper the defendant's ability to prepare for trial. If the secret evidence is so sensitive that its disclosure in advance of trial would implicate national security, then logically its disclosure at trial would similarly implicate national security. If the secret evidence is indeed sensitive now, it will remain sensitive even after trial commences.

would deny Mr. Merchant his constitutional rights to due process and a fair trial. The government should not be permitted to engage in such gamesmanship.

Based on the foregoing, the government should be prohibited from utilizing the classified materials it has withheld under the state secrets privilege and CIPA, thus allowing Mr. Merchant to formulate a trial strategy free from potential ambush that would cause substantial prejudice.

## CONCLUSION

For the reasons set forth above and based on the authorities cited herein, Mr. Merchant respectfully requests that the Court grant his motion *in limine* and prohibit the government from utilizing any classified material withheld from production pursuant to CIPA and the state secrets privilege, during its preparation for, and presentation at, trial.

Dated: New York, New York
January 7, 2026

Respectfully submitted,

_____

Avraham C. Moskowitz
Christopher Neff
Joshua J. Lax
*Attorneys for Defendant Asif Merchant*