NJM:SKW/GMR/NCG
F. #2023R00922

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - - - - - - - - - - - X

UNITED STATES OF AMERICA

    - against -                                  24-CR-362 (EK)

ASIF MERCHANT,

           Defendant.

- - - - - - - - - - - - - - - - - - - - - - - - - - - X

## GOVERNMENT'S REPLY IN SUPPORT OF ITS MOTION FOR AN ANONYMOUS JURY

                                                                 JOSEPH NOCELLA, JR.
                                                                  United States Attorney
                                                                  Eastern District of New York

Sara K. Winik
Gilbert M. Rein
Nina C. Gupta
Assistant United States Attorneys
    (Of Counsel)

The government respectfully submits this reply in further support of its motion for an anonymous trial jury, see ECF Nos. 74, 75 ("Gov't Motion"), and in response to the defendant's opposition to the government's motion. See ECF No. 84 ("Opp."). Because of the nature of the charges in this case and the danger posed by the defendant ▇▇▇▇▇▇▇▇▇▇▇▇ ▇▇▇▇▇▇▇, an anonymous jury is necessary in this case.

THE COURT SHOULD ORDER AN ANONYMOUS JURY

Contrary to the defendant's assertions, the potential harm to jurors in this case is neither speculative nor does it lack factual substantiation. See Opp. at 1. Indeed, the defendant has admitted ▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇.[1] The evidence at trial will show that he was plotting an assassination attempt at a political rally, which would have put countless citizens in danger, not just the individual he was targeting. Under these circumstances, there is a strong reason to believe the jury needs protection.

---

[1] The government has filed limited portions of this memorandum related to the defendant's proffer sessions with the government under seal (the "Redacted Information"). While courts recognize a "qualified First Amendment right" to access judicial documents and proceedings and a presumptive right of access to judicial documents under the common law, *Lugosch v. Pyramid Co. of Onondaga*, 435 F.3d 110, 119, 120 (2d Cir. 2006) (quoting *Hartford Courant Co. v. Pellegrino*, 380 F.3d 83, 91 (2d Cir. 2004)), those rights may be overcome in certain circumstances, including where a court makes "specific, on the record findings" "demonstrating that closure [or sealing] is essential to preserve higher values and is narrowly tailored to serve that interest." *United States v. Alcantara*, 396 F.3d 189, 199 (2d Cir. 2005); *see also United States v. Amodeo*, 71 F.3d 1044, 1050 (2d Cir. 1995). In making that determination, courts apply a balancing test. *United States v. Doe*, 63 F.3d 121, 128 (2d Cir. 1995). Here, public disclosure of the Redacted Information implicates sufficiently "higher values" that warrant sealing, including the privacy interests of third parties, the safety of witnesses, and the government's interest in the integrity of ongoing investigations and the instant case. The government therefore requests that the Court make specific findings, in accordance with *Doe*, that sealing the Redacted Information is both essential to preserve compelling interests and narrowly tailored to serve those interests. *Alcantara*, 396 F.3d at 199 (internal quotation marks omitted). The government further requests that the Court's findings be made under seal.

1

The defendant faces serious charges: murder-for-hire and attempting to commit an act of terrorism transcending national boundaries. Given the nature of the charges in this case, the potential threat of corruption to the judicial process (█████████████████████ █████████████████████████), and the likely media attention, there is strong reason to believe the jury needs protection. *See United States v. Al Fawwaz*, 57 F. Supp. 3d 307, 309 (S.D.N.Y. 2014) (citing *United States v. Quinones*, 511 F.3d 289, 296 (2d Cir. 2007)).

I.    The Serious Charges Warrant an Anonymous Jury

*C*ontrary to the defendant's claim, the charges in this case merit an anonymous jury. The defendant suggests that a terrorism charge alone does not justify an anonymous jury and that there "must be" some showing of a demonstrable history or likely obstruction of justice by the defendant or his associates, or a showing that the trial evidence will depict a pattern of violence. *See* Opp. at 3. But that is not the law. Obstructive conduct can be a basis to impanel an anonymous jury, but it is not required. *See United States v. Asainov*, 618 F. Supp. 3d 105, 116 (E.D.N.Y. 2022) ("[T]he court disagrees that obstructive conduct is required by the case law in this Circuit."); *United States v. Pugh*, 150 F. Supp. 3d 218, 222 (E.D.N.Y. 2015) ("While 'it is unclear whether any of these factors individually justify impaneling an anonymous jury,' 'there are numerous cases indicating that anonymity is appropriate when some combination of these factors is present.'"). Indeed, in the case the defendant cites for the incorrect proposition that obstructive conduct is necessary to seat an anonymous jury, *see* Opp. at 3, the Second Circuit merely noted that obstruction of justice would warrant an anonymous jury; the court did not state that such a factor is required. *See United States v. Vario*, 943 F.2d 236, 241 (2d Cir. 1991).

Moreover, the defendant's claim that the "mere incantation of words such as terrorist" do not warrant an anonymous jury is irrelevant. *See* Opp. at 3. The government is not

2

seeking an anonymous jury in this case simply because "terrorism" will be mentioned at trial. The government is seeking an anonymous jury because "there is good reason to believe the jury needs protection," *Pugh*, 150 F. Supp. 3d at 224, and there is a basis for "a juror to reasonably fear for his own safety" after hearing the evidence at trial. *See Vario*, 943 F.2d at 241.

Notably, ▒▒▒▒▒▒▒▒▒▒▒▒▒▒▒▒▒▒▒▒▒▒▒▒▒▒▒▒▒▒▒▒▒▒▒▒▒▒▒▒▒▒▒▒▒▒▒▒▒▒▒▒▒▒▒▒▒▒▒▒▒▒▒▒▒▒▒▒▒▒▒▒▒▒▒▒▒▒▒▒▒▒▒▒▒▒▒▒▒▒▒▒▒▒▒▒▒▒▒▒▒▒▒▒▒▒▒▒▒▒▒▒▒▒▒▒▒▒▒▒▒▒▒▒▒▒▒▒▒▒▒▒▒▒▒▒▒▒▒▒▒▒▒▒▒▒▒▒▒▒▒▒▒▒▒▒▒▒▒▒▒▒▒▒▒▒▒▒▒▒▒▒▒▒▒▒▒▒▒▒▒▒▒▒▒▒▒▒▒▒▒▒▒▒▒▒▒▒▒▒▒▒▒▒▒▒▒▒▒▒▒▒▒▒▒▒▒▒▒▒▒▒▒▒▒▒▒▒▒▒▒▒▒▒▒▒▒▒▒▒▒▒▒▒▒▒▒▒▒▒▒▒▒▒▒▒ Thus, the defendant's claim that the government did not "proffer any basis for finding that Mr. Merchant poses a danger to the safety of any juror" is incorrect. *See* Opp. at 5. The defendant also incorrectly argues that he "is not even accused of involvement in any plot that would have, if successful, endangered members of the public." *Id.* Conversely, the evidence will show that the defendant plotted to kill a United States politician at a political rally open to the public and that he described having the killer fire from the crowd. Thus, contrary to the defendant's assertions, the defendant's plot, if successful, could very well have endangered members of the public, including the individual he wanted to murder, and anyone injured in any ensuing stampede or returned fire. *See* Opp. at 5. The jury can rationally be expected to harbor safety concerns when a defendant is alleged to have engaged in this type of murder-for-hire plot, particularly one targeting a stranger for their political views—a closer analogue to targeting a juror for their vote. An anonymous jury mitigates these concerns.

II.  The Risk to the Judicial Process Warrants an Anonymous Jury

Contrary to the defendant's claim, an anonymous jury is warranted because of the risk of interference with the judicial process. ███████████████████████████████████ ███████████████████████████████████████████████████████████ ███████████████████████████████████████ This risk is heightened given the current geopolitical climate and rising tensions in Iran. Indeed, just days ago, Iranian state television warned "this time, [the bullet] won't miss," while depicting an image of President Trump after he was shot at a campaign rally in Butler, Pennsylvania.[2]

The defendant argues that the government has cited no case in which the IRGC or any other militia associated with Iran has been accused of bribing, threatening, or harming a juror, or otherwise interfering with the judicial process. Opp. at 6. But the government cited to a case in New York in which the IRGC retaliated against enemies of the Iranian government while they were in the Eastern District of New York.[3] Gov't Mot. at 9 n.8. And contrary to the defendant's assertions, the test is not whether tampering with the judicial process has in fact already occurred; rather, the test is the *risk* to the judicial process and whether jurors would reasonably fear

---

[2] *See, e.g.*, Newsweek, "Iran State TV Threatens Donald Trump—'Bullet Won't Miss'", available at https://www.newsweek.com/donald-trump-iran-war-protests-state-tv-bullet-11360973 (Jan. 14, 2026).

[3] *See generally* "2 men sentenced to 25 years for failed murder-for-hire plot against Iranian dissident Masih Alinejad," ABC News, *available at* https://abcnews.go.com/US/masih-alinejad-murder-for-hire-plot-sentencing/story?id=126980754 ("[T]he triggerman hired by [the defendants] 'repeatedly traveled' to Alinajad's Brooklyn neighborhood to surveil her."); "Two Men Are Convicted in Plot to Kill Iranian Dissident in New York City," N.Y. Times, *available at* https://www.nytimes.com/2025/03/20/nyregion/masih-alinejad-iran-guilty-verdict.html ("Key evidence against the defendants came from a mob member who was arrested in 2022 with an AK-47-style assault rifle after the authorities said he had stepped onto Ms. Alinejad's porch in Brooklyn and tried to enter her home.").

4

retaliation for their involvement in the trial.  *See, e.g.*, *United States v. Kandic*, No. 17-CR-449 (S-1) (NGG) (RER), 2021 U.S. Dist. LEXIS 226876, at *7 (E.D.N.Y. Nov. 24, 2021).  Here, the risk to both the judicial process and of jurors reasonably fearing retaliation is high.[4]

III.  <u>Publicity Surrounding the Case Warrants an Anonymous Jury</u>

An anonymous jury is warranted because of the media attention this case has already generated and the publicity likely to result from trial, especially during a time of rising geopolitical tensions with Iran.  As described in the government's motion, major media sources have reported regarding this case.  Given the level of media attention and public scrutiny that this case has generated and is likely to generate through trial, it is reasonably foreseeable that the trial, including the jurors' identities, may be the subject of media coverage.  It is also conceivable that ▬▬▬, individuals sympathetic to the defendant (or to his cause), hostile to the government, or ▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬ may seek to obtain information about the jurors.  And it is insufficient, as the defendant suggested, to keep the identity of the jurors from the public and not the parties.  *See* Opp. at 8.  Such a proposal would not address jurors' reasonable safety concerns and fears of retaliation.

IV.  <u>There Is No Prejudice to the Defendant</u>

Finally, contrary to the defendant's unsupported claim, an anonymous jury will not prejudice the defendant.  As the government suggested, the jurors may be informed that these protective measures are being taken due to anticipated media interest to prevent any arguable

---

[4] The defendant's suggestion that a questionnaire would address these safety concerns or any risk to the judicial process is wrong.  Opp. at 7-8.  Juror questionnaires do nothing to mitigate jurors' safety concerns.  For the reasons the government stated in its opposition to the defendant's motion for jury questionnaires, a jury questionnaire is unnecessary in this case, and a meaningful *voir dire* is sufficient.  *See* ECF No. 81.

inference that the defendant poses a danger to them. Courts in this district have repeatedly found that a neutral instruction to the jury avoids any potential prejudice. *See. e.g., Asainov*, 618 F. Supp. at 119; *Kandic*, No. 17-CR-449 (S-1) (NGG) (RER), 2021 U.S. Dist. LEXIS 226876, at *12. Presenting the jury with such a neutral reason would ensure no improper suggestion that they should be concerned for their safety.

## CONCLUSION

For the reasons set forth above and in the government's motion, the government respectfully requests that the Court grant the government's motion for an anonymous jury, and direct that the names, addresses and workplaces of members of both the *venire* and the *petit* jury not be revealed to the parties.

Dated:     Brooklyn, New York
           January 21, 2026

                                    JOSEPH NOCELLA, JR.
                                    United States Attorney
                                    Eastern District of New York

                        By:    /s/
                               Sara K. Winik
                               Gilbert M. Rein
                               Nina C. Gupta
                               Assistant U.S. Attorneys
                               (718) 254-7000

6