MOSKOWITZ COLSON
GINSBERG SCHULMAN

Moskowitz Colson
Ginsberg & Schulman LLP

One Battery Park Plaza,
31st Floor
New York, NY 10004

(212) 257-6455

www.mcgsllp.com

January 28, 2026

The Honorable Eric R. Komitee
United States District Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

                Re:      United States v. Merchant
                        24 Cr. 362 (ERK)

Dear Judge Komitee:

        This letter is respectfully submitted on behalf of the defendant, Asif Merchant, in reply to the government's opposition to Mr. Merchant's motions *in limine* and in further opposition to the government's motions *in limine*. Because a portion of this letter memorandum discusses ████████████████████████████████████, it is submitted with a request that it be filed under seal.

    In opposition to Mr. Merchant's motion *in limine* to preclude the use of currently classified information, the government states that this motion is moot because it does not intend to introduce classified information at trial. Mr. Merchant's motion goes beyond the government's current intention, and seeks an order precluding the government from changing its mind at trial and seeking to use classified information, or attempting to use classified information indirectly. The government fails to address either of these potential events, nor does it address any of the legal principles requiring preclusion set forth in Mr. Merchant's motion. An example of the concern Mr. Merchant's motion seeks to address lies in the government's request to offer evidence from a cellphone obtained by an unknown foreign government while keeping classified

and privileged the information concerning how the United States government obtained the cellphone or where it came from. As discussed in Mr. Merchant's opposition to the government's motion on this point, by keeping this information classified, the government has effectively excluded from this case the evidence it needs to establish admissibility. By seeking to offer the cellphone imaging at trial while declaring the history of this particular cellphone classified, the government is attempting to rely on classified information indirectly which it cannot do. On the other hand, the government could decide to declassify the information to be able to use it at trial. In other words, the government's current intention could change with the ebb and flow of the trial. This sort of maneuver is what Mr. Merchant seeks to avoid, to prevent a trial by ambush. The government fails to address any of these points in its opposition, and in turn, has failed to oppose Mr. Merchant's motion. As a result, Mr. Merchant's motion *in limine* should be granted.

Mr. Merchant's motion for the use of a jury questionnaire also should be granted. As both Mr. Merchant and the government have previously noted, this case involves incendiary issues touching on national and international politics, political violence, and religion. For that reason, extensive individual *voir dire* will be necessary. It is respectfully submitted that using a jury questionnaire will save the Court's resources, and those of the parties, by streamlining the initial stages of individual *voir dire*. In the absence of a questionnaire, the questions the defendant submitted in his proposed questionnaire (or very similar ones) will need to be posed orally to each individual member of the venire, vastly extending the time jury selection will take. By using a questionnaire, the parties will be able to agree, in advance of oral questioning of the venire, which potential jurors should be excused for cause, thereby streamlining the process by minimizing individual oral questioning. Furthermore, as set forth in Mr. Merchant's opening

memorandum, a questionnaire is more likely to elicit honest answers to these sensitive questions than will oral questioning in public. A jury questionnaire should therefore be used.

In opposition, the government makes a number of meritless arguments. First, the government claims that Mr. Merchant's concerns are misplaced because the government does not intend to mention the IRGC or Qassem Soleimani in its case in chief. There are several problems with this argument. The government does not represent that it will make no mention of Iran or the government of Iran. Indeed, it is highly likely that Iran will be mentioned because Mr. Merchant travelled to Iran before coming to the United States and was questioned about his travel to Iran when he flew into the United States. Thus, whether the government references the IRGC specifically or not, the same concerns apply. Further, the role of Iran or the IRGC will inevitably come to light at some point in the evidence. ████████████████████████████
████████████████████████████████████ The government itself has alleged that the plot in this matter was at the behest of Iran and the IRGC. Indeed, this allegation is necessary to prove up the element of "conduct transcending national boundaries" in count 1 of the Indictment for an attempted act of "terrorism transcending national boundaries." 18 U.S.C. § 2332b(a)(1). Finally,

████████████████████████████████████████████████████████████████

████ references to the Iranian government and the IRGC, thus injecting those incendiary issues into a trial in which the jurors were not properly questioned about their attitudes towards Iran and the IRGC.

The government argues that the questionnaire would impose unnecessary logistical burdens on Court personnel, but it fails to explain how it would be any less burdensome to conduct prolonged individual questioning of each member of the venire. In the absence of a questionnaire, it will be necessary to ask substantially the same questions of the panel as a whole.

Thereafter, the Court and the parties will expend significant time going back and from side bars or the robing room to follow up individually with jurors. Much of that time can be saved by using a questionnaire. Moreover, although it is appropriate to consider the logistical issues created by the use of a questionnaire, those logistical problems do not take precedence over Mr. Merchant's right to have a fair and impartial jury.

The government also argues that jurors may understand written questions differently from how the drafter intended. Contrary to the government's argument, using a questionnaire will minimize juror confusion. A juror who is confused by a written question can reread it, and if a juror misunderstands a question, the written answer will likely evidence the juror's confusion and lead the parties to follow up with that juror during *voir dire*. By contrast, a juror who is confused by an oral question may simply fail to respond, leading to an inaccurate assumption that their silence means they have a "no" answer to the question. The questionnaire, in requiring written responses, guards against this problem and minimizes juror confusion. For these reasons, the government's position should be rejected and the jury questionnaire used.

The government's motion seeking permission for a confidential human source to testify under a pseudonym and using a "light disguise" should be denied because no safety concerns justify concealing the cooperator's identity from the jury. ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓ Because the Iranian government already knows the witness's identity, concealing his identity will not provide him with any additional level of security and thus, the government's motion to allow him to testify under a pseudonym and wearing a light disguise should be denied.

Respectfully submitted,

/s/

Avraham C. Moskowitz
Christopher R. Neff
Joshua Lax
*Attorneys for Asif Merchant*