

U.S. Department of Justice

*United States Attorney*
*Eastern District of New York*

NJM:SKW/GMR/NCG
F. #2023R00922

*271 Cadman Plaza East*
*Brooklyn, New York 11201*

February 16, 2026

By ECF

The Honorable Eric R. Komitee
United States District Judge
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

      Re:    United States v. Asif Merchant
                 Criminal Case No. 24-362 (EK)

Dear Judge Komitee:

      The government respectfully submits this letter in response to the Court's February 15, 2026 order regarding the government's motions *in limine* to protect a confidential source's (the "CS's") identity and to authenticate device extractions and audio recordings pursuant to certifications.

    I.    Protections for the CS

      As requested by the Court, attached hereto as Exhibit A is the transcript from *United States v. Mitrani*, No. 25-CR-39 (CBA), (E.D.N.Y. Nov. 13, 2025), in which Judge Amon granted the government's motion to use pseudonyms for two confidential sources whose identities the defendant knew. *See* Ex. A at 16-22. Attached hereto as Exhibit B, and provided *ex parte* to the Court, is Judge Cogan's order filed under seal in *United States v. Garcia Luna*, 19-CR-576 (BMC) (E.D.N.Y. Dec. 28, 2022), granting the government's motion to use pseudonyms for a cooperating witness and confidential source, to which the defense consented. *See* Ex. B. In line with this authority, as well as the weight of the case law previously provided to the Court, *see* ECF No. 77 at Section X, ECF No.110, and for all of the reasons identified in the government's motions *in limine*, the motion for limited CS protections should be granted.

    II.    Authentication of Device Extractions and Calls Pursuant to Rule 902

      Contrary to the defendant's claim, the government respectfully submits that its current certifications are sufficient under Federal Rule of Evidence 902 to authenticate device extractions and intercepted telephone calls pursuant to certifications. As stated in the government's prior motion, the authentication of electronic evidence by certification is commonplace in this circuit and in federal courts across the country. *See* ECF No. 111. Should the government's motion be denied, the government may be required to call at least five separate witnesses at trial to authenticate electronic data. This is exactly the type of inconvenience, waste

and gamesmanship that Rules 902(13) and 902(14) were intended to avoid when the data itself is extracted via an automated process.

   Tellingly, the defendant's claim in his most recent letter that a certification must state the "specific software" used to generate a device extraction or forensic report is entirely unsupported.[1] *See* Def. Letter (Feb. 9, 2026), ECF No. 118. Contrary to the defendant's claim, there is no requirement that Rule 902(13) or 902(14) certifications state the name of the specific software used to generate a device extraction or forensic report. Instead, Rule 902 only requires that an affiant certify that the process either "produces an accurate result," *see* Rule 902(13), or "that data was authenticated by a process of digital identification," *see* Rule 902(14). The government's certifications attached hereto as Exhibit C meet this requirement. Notably, all the certifications contain the language specified in Rules 902(13) and (14). Should the Court prefer, the government could obtain supplemental certifications in advance of trial which identify the name of the specific tool used to create each extraction and report; however, such supplemental certifications are not necessary under Rule 902, and requiring them would set a precedent in this Court that is not based in the Rules of Evidence or in common sense.

   Similarly, the defendant's other arguments are without merit. For example, the defendant incorrectly claims that certifications for GX 1101, a forensic report from the defendant's cellphone, are "false or misleading" because two certifications reference the same forensic report. *See* ECF 118 at 3. But there is nothing inaccurate about the certifications, one of which was later superseded. The device was extracted twice, and two different agents created two extraction reports for the same device.[2]

   Moreover, as the government previously argued, the defendant also incorrectly claims that authentication of forensic reports by certification violates the Confrontation Clause. *See* Gov't Letter (Feb. 5, 2026), ECF No. 111. The material to be authenticated is data from electronic devices and the reports "do not contain anything that can be characterized as an implicit or explicit declarative statement of the examiner." *See United States v. Gonzalez*, 144 F.4th 396, 407 (2d Cir. 2025). This is true regardless of the terminology used to refer to the report in the certification. As in *Gonzalez*, the reports in this case were "generated through an automated process." *Id.* Therefore, the Confrontation Clause is not implicated.

*  *  *

---

[1]  The government previously disclosed copies of these forensic reports to the defendant. *See* Gov't Letter (June 12, 2025), ECF No. 45. The reports indicate the digital forensic examiners' names and the tools used to create the reports.

[2]  A second extraction and second report were generated because the government obtained an additional warrant to search this device.

Accordingly, the government respectfully requests that the Court grant the government's motion (1) for limited protective measures for the CS; and (2) to permit the government to authenticate certain evidence pursuant to certification.

                                            Respectfully submitted,

                                            JOSEPH NOCELLA, JR.
                                            United States Attorney

By:       /s/
                                            Sara K. Winik
                                            Gilbert M. Rein
                                            Nina C. Gupta
                                            Assistant U.S. Attorneys
                                            (718) 254-7000

cc:     Clerk of the Court (EK) (by ECF)
        Defense Counsel (by email and ECF)