UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
--------------------------------------x

UNITED STATES OF AMERICA,

               -against-              **MEMORANDUM & ORDER**
                                          24-CR-362(EK)

ASIF MERCHANT,

                   Defendant.

--------------------------------------x
ERIC KOMITEE, United States District Judge:

The government is seeking a pretrial ruling on two motions *in limine*.  Both motions are opposed.  The Court determines the motions as follows.

***Motion to Protect Witness Identities.***  This motion is granted in part, as described below, largely for the reasons set out in the government's motion and subsequent letters.  The government seeks authorization to use specified measures to protect the identities of certain witnesses.  Merchant opposes this motion as to one witness in particular: the government's confidential source, whose identity he already knows.  But such measures are appropriate "to protect the safety of witnesses" even when the defendant knows the witness's identity.  *See, e.g.*, *United States v. Al-Farekh*, 810 F. App'x 21, 25-26 (2d Cir. 2020).[1]  The defendant also points out that the sealed

---

[1] Unless otherwise noted, when quoting judicial decisions this order accepts all alterations and omits all citations, footnotes, and internal quotation marks.

complaint "discussing the [confidential source's] activities" is available on the Department of Justice's website.  ECF No. 120, at 1.[2]  Even if some such *activities* are described in the public domain, however, the witness's *identity* is not, and the proposed protective measures will thus help ensure his safety vis-à-vis third parties.

The government also seeks to protect the identities of two FBI agents who acted in an undercover capacity.  Merchant objects to one of the government's proposed measures for these witnesses: namely, the request to preclude questions concerning the FBI undercover program's "training and operations."  ECF No. 77, at 37; ECF No. 88, at 18.  The Court will reserve judgment on this measure until the issue has crystallized.

Merchant does not oppose the remaining protective measures, provided any disguises are not "obvious" and any pseudonyms used are not "evidently pseudonymous."  ECF No. 88, at 17.  The government has already represented that any disguises will be "light."  ECF No. 77, at 37.  Given that, and assuming the government uses pseudonyms that are not "evidently pseudonymous," this motion is granted, subject to the one measure discussed above.

---

[2] Page numbers in citations to record documents other than briefs refer to ECF pagination.

*Motion to Authenticate Device Extractions and Reports.*

The government advises that FBI agents extracted data from certain electronic devices, including Merchant's cell phones and laptop, by copying the information using a forensic software program.  Agents then electronically generated reports that display the data in a readable format.  The government now seeks to authenticate these extractions, as well as the reports, via certification pursuant to Federal Rule of Evidence 902.

In response, Merchant argues that "none of the declarations identifies the specific software used . . . or provides evidence that the process is reliable."  ECF No. 118, at 2 (citing Fed. R. Evidence 902(11), (12) (2000 advisory committee note)).  But the certifications at issue comply with Rules 902(13) and (14), neither of which requires the brand name of the software to be stated.  As to the copies, Rule 902(14) allows for authentication by certification of data copied from an electronic device.  Here, government personnel with firsthand knowledge have declared that the extractions constitute "true" copies of the data on the corresponding devices, and described the automated process by which they confirmed that accuracy. ECF No. 126-2, at 7.  As to the reports, Federal Rule 902(13) allows for authentication of records generated by an electronic process or system.

3

Nor will the proposed approach violate Merchant's Confrontation Clause right, contrary to his contention.  The Supreme Court has explained that a "[a] clerk could by affidavit *authenticate* or provide a copy of an otherwise admissible record, but could not . . . *create* a record for the sole purpose of providing evidence against a defendant."  *Melendez-Diaz v. Massachusetts*, 557 U.S. 305, 322-23 (2009); *see also United States v. Carter*, No. 21-CR-681, 2024 WL 268248, at *2-3 (S.D.N.Y. Jan. 24, 2024) (FBI agent's affidavit describing "decryption process" did not "raise any concerns with respect to the Confrontation Clause"); *United States v. Forney*, No. 24-CR-146, 2025 WL 2208298, at *17 (E.D.N.Y. Aug. 4, 2025) ("[A] certificate of authentication is not testimonial and could, therefore, be admitted . . . absent live testimony."); *cf. United States v. Hunt*, 534 F. Supp. 3d 233, 256 (E.D.N.Y. 2021) (collecting cases from five circuits that certifications "authenticating business records are not testimonial"); *United States v. Clotaire*, 963 F.3d 1288, 1296 (11th Cir. 2020) (argument that business records certifications are testimonial is "foreclosed by *Melendez-Diaz*").

Neither the extracts nor the certifications are testimonial.  The Second Circuit has explained that "raw cellphone extraction reports" containing "only machine-generated results . . . were not the statements of anyone," and thus did

4

not implicate the Confrontation Clause.  *United States v. Gonzalez*, 144 F.4th 396, 407 (2d Cir. 2025).  The same is true of the electronically generated reports at issue here.

And the certifications themselves fit within the exception described in *Melendez-Diaz*: they describe the extraction software as "creating a digital copy of data stored on the electronic device . . . and creat[ing] readable data, files, and information from the extraction."  *E.g.*, ECF No. 126-2, at 6.[3]  As one court has observed, "[g]iven the records themselves do not fall within the constitutional guarantee provided by the Confrontation Clause, it would be odd to hold that the foundational evidence authenticating the records do."  *United States v. Ellis*, 460 F.3d 920, 927 (7th Cir. 2006).  For the reasons stated above and in the government's briefing, this motion is granted.

SO ORDERED.

/s/ Eric Komitee
ERIC KOMITEE
United States District Judge

Dated:    February 18, 2026
          Brooklyn, New York

---

[3] To the extent the certifications describe evidence as "relevant," the government is directed to redact such statements.  *See, e.g.*, ECF No. 126-2, at 16.