UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
--------------------------------------x

UNITED STATES OF AMERICA,

                -against-

ASIF MERCHANT,

                  Defendant.

--------------------------------------x

**MEMORANDUM & ORDER**
24-CR-362(EK)

ERIC KOMITEE, United States District Judge:

The Court resolves several additional motions *in limine* as follows.  Judgment is reserved on any motions not covered below.  As the parties know, they should advise the Court sufficiently in advance of the testimony of any witness whose testimony will implicate a motion *in limine* that has not yet been decided.

*Motion to Admit Merchant's Statements as Party-Opponent Admissions; Preclude Merchant's Statements When Offered by Him.*  The Court reserves judgment on this motion.

*Motion to Admit Proffer-Protected Statements if Waiver Provision Is Triggered.*  The Court reserves judgment on this motion.

*Motion to Preclude Merchant from Raising an Entrapment Defense.*  The government seeks to preclude the defense from "raising or alluding to an entrapment defense in his opening

statement" "or otherwise."  Gov't Mot. 19-20, ECF No. 77.[1]  The defense notes that this motion should be denied as moot because he does not intend to do what the government seeks to preclude, at this point.  Resp. 18, ECF No. 88.  Given that representation, the Court need not decide this motion at this point.

*Motion to Preclude Evidence or Argument About the Existence or Absence of Classified Information.*  The government writes:

> To the extent the defendant seeks to elicit classified information at trial, he is required to comply with CIPA, which requires a defendant who reasonably expects to disclose or to cause the disclosure of classified information to notify the United States "within the time frame specified by the court, or, where no time is specified, within thirty days prior to trial."  Accordingly, and in an abundance of caution, the government moves to preclude any inquiry or argument about classified information during the trial outside the scope of CIPA.

Gov't Mot 22 (internal citations omitted).

At this point, the most the Court can offer are the following observations.  The government is of course correct that the CIPA statute will govern any effort to *elicit classified evidence* — on cross-examination of the government's witnesses or otherwise.  The Court does not, however, understand the government to be seeking to preclude the defense from

---

[1] Page numbers to record documents other than briefs refer to ECF pagination.

2

*arguing* that the jury has not *seen* evidence of type X or *heard* testimony of type Y — even if such evidence may exist in classified form.  To the extent the absence of such evidence is relevant, precluding such argument could improperly hamstring the defendant's effort to put the government to its burden of proof.

Beyond those general observations, the Court reserves judgment at this stage.  Both parties should, of course, seek clarity *in advance* of any specific trial developments they believe will implicate this motion.

***Motion to Preclude "Prior Good Acts" Evidence.***  The government asks to preclude evidence concerning the defendant's "garment business" to the extent Mr. Merchant would seek to argue from that evidence "that because he engaged in lawful conduct on certain occasions while in the United States, he did not engage in unlawful conduct on other occasions."  *Id.* at 24.

This motion is predicated on the familiar rule that a "defendant may not seek to establish his innocence" by offering "proof of the absence of criminal acts on specific occasions." *See, e.g., United States v. Scarpa*, 897 F.2d 63, 70 (2d Cir. 1990).[2]  This principle is by now extremely familiar; so, a bank

---

[2] Unless otherwise noted, when quoting judicial decisions this order accepts all alterations and omits all citations, footnotes, and internal quotation marks.

robbery defendant will not, for example, typically be permitted to introduce evidence concerning the many times he allegedly entered the bank, apart from the date charged, and did not rob it.

This case is different, for at least one reason that is apparent at this stage.  Though the jury instructions have not been finalized, the government's own proposed charge would require the jury to determine that the defendant "traveled in interstate or foreign commerce," and that such travel was "*done with the intent* that a murder be committed in violation of the laws of any State or of the United States."  Gov't's Requests to Charge 29, ECF No. 102 (emphasis added).  Given that, evidence that the defendant traveled *intending* to sell garments, rather than to arrange one or more murders, may be directly relevant to the charged conduct.

There may be limits to this relevance — if, for example, the defendant seeks to introduce evidence of developments in his mental state occurring after the travel at issue.  And Federal Rule of Evidence 403 may be implicated, even assuming relevance, if at some point the probative value of such evidence would be substantially outweighed by the risks of

4

confusion, delay, and the like.  At the moment, however, the requested ruling will not issue.

**_Motion to Preclude Evidence or Argument About Punishment._**  The government seeks to "preclude evidence and argument regarding the punishments that the defendant may face if convicted."  Gov't Mot. 26.  The defense submits that this motion should be denied because Merchant does not intend to do what the government seeks to preclude.  Resp. 19.  Given that representation, the Court need not decide this motion.

**_Motion to Preclude Examination Regarding the Identity of a Third-Party Country Which Assisted the Government's Investigation._**  The Government moves to preclude the defendant from cross-examining an FBI agent about "which country provided" a given cellular phone "to her for extraction."  Gov't Mot. 28. The Court reserves judgment on this motion.

The Court previously granted the government's motion to "authenticate extractions from cell phones and other electronic devices by certification" under FRE 902(13) and (14). ECF No. 128.  The briefing suggests — but does not explicitly state — that the iPhone described in this motion was among the phones implicated in the previous one.  _See_ Gov't Mot. 18, 28. Regardless, the prior resolution does not dictate the disposition of this one.  Among other things, as the defense has

observed, the relevance and authenticity of the iPhone may be affected by questions about the chain of custody.

The Second Circuit has long recognized that relevance and authenticity may be interrelated. *See, e.g.*, *United States v. Grant*, 967 F.2d 81, 83 (2d Cir. 1992) ("In order for the chemist's testimony to be relevant, there must be some likelihood that the substance tested by the chemist was the substance seized at the airport."). Here, the defense raises questions about the manner in which the iPhone in question came to be in the government's hands. "A break in the chain of custody will not necessarily lead to the exclusion of the evidence." *Id.* "Rather, the ultimate question is whether the authentication testimony is sufficiently complete *so as to convince the court that it is improbable that the original item had been exchanged with another or otherwise tampered with*." *Id*. (emphasis added).[3]

The italicized improbability determination remains, at this point, to be made. Judgment on this motion is reserved.

***Defendant's Motion to Preclude the Use of Classified Information.*** Merchant seeks to "prohibit the government from utilizing any classified material" at trial. Def. Mot. 8, ECF No. 78-1. The government notes that this motion should be

---

[3] *Cf. United States v. Gonzalez*, 144 F.4th 396, 406 (2d Cir. 2025) ("Landji contends that Santos' testimony did not account for non-

denied as moot because it "does not intend to introduce classified information at trial."  Gov't Resp. 1, ECF No. 81. Given that representation, the Court need not decide this motion at this point.

The Court reserves judgment on Merchant's motion that the government be precluded from "attempting to use classified information indirectly," Def. Reply 1, ECF No. 96, until such time as a concrete issue arises.  As always, the parties should think expansively about any testimony that may implicate this issue, and endeavor to raise it with the Court in advance.

SO ORDERED.

/s/ Eric Komitee
ERIC KOMITEE
United States District Judge

Dated:    February 21, 2026
          Brooklyn, New York

---

manipulation-related defects in the data such as machine error, software glitches, operator error, and / or omission.  Though these arguments may be *fertile ground for cross-examination*, they too bear on the weight of the evidence, not its admissibility." (emphasis added)).