

U.S. Department of Justice

*United States Attorney*
*Eastern District of New York*

NJM:SKW/GMR/NCG
F. #2023R00922

*271 Cadman Plaza East*
*Brooklyn, New York 11201*

March 2, 2026

By ECF

The Honorable Eric R. Komitee
United States District Judge
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

      Re:    United States v. Asif Merchant
                Criminal Case No. 24-362 (EK)

Dear Judge Komitee:

      The government respectfully submits this motion to admit text messages regarding the defendant's payment of $5,000 to individuals he believed were hitmen for his murder-for-hire plot. For the reasons described below, the text messages are admissible, and the government's motion should be granted.

      I.    The Relevant Text Messages

      In June 2024, after meeting with an undercover law enforcement agent ("UC-1")—a person the defendant believed was a hitman—the defendant urgently attempted to obtain $5,000 to pay the hitmen in furtherance of the defendant's murder plot. In particular, the defendant contacted his uncle in Pakistan and two of his cousins who lived in Tanzania (Ali Vakil Hyderi and Hasnain Hyderi), and requested they send him the $5,000.

      The government anticipates seeking to introduce two WhatsApp message chains from a device belonging to one of the defendant's relatives which was obtained by the Federal Bureau of Investigation in Tanzania.

      The first message chain is between Ali Vakil and Hasnain regarding the defendant's request and is attached hereto as Government Exhibit ("GX") 1301.1. These messages include the following categories of non-hearsay material: (a) a forwarded screenshot of Ali Vakil's conversation with the defendant; (b) forwarded voice messages sent to Ali Vakil by the defendant; (c) pictures; (d) a contact card; and (e) commands giving directions about what should be done.

        The second message chain is between Hasnain Hyderi and a Tanzania based hawaladar[1] named Moeen based in Tanzania. In these messages, attached as GX 1301.2, Hasnain attempts to obtain the $5,000 for the defendant. These messages include the following categories of non-hearsay statements: (a) questions; (b) contact information; (c) forwarded voice notes from the defendant; and (d) pictures.

        As discussed below, each of these communications comprise non-hearsay statements. Indeed, several of the messages are the defendant's own statements as reflected in his WhatsApp conversation with Ali Vakil, GX 1001.1, which the government will introduce at trial and is attached hereto. The messages also are highly probative of the defendant's intent to obtain money from overseas in furtherance of his plot.

    II.      Applicable Law

        "Evidence is relevant" if "(a) it has any tendency to make a fact more or less probable than it would be without the evidence; and (b) the fact is of consequence in determining the action." Fed. R. Evid. 401. Relevancy is a "very low standard." *United States v. White*, 692 F.3d 235, 246 (2d Cir. 2012) (quoting *United States v. Al-Moayad*, 545 F.3d 139, 176 (2d Cir. 2008)).

        An out-of-court statement that is not offered for the truth of the matter asserted in the statement is not hearsay. Fed. R. Evid. 801(c). Thus, "[i]f the significance of an offered statement lies solely in the fact that it was made, no issue is raised as to the truth of anything asserted, and the statement is not hearsay." *United States v. Dupree*, 706 F.3d 131, 136 (2d Cir. 2013). Similarly, questions or commands do not generally constitute hearsay. *See United States v. Bellomo*, 176 F.3d 580, 586-87 (2d Cir. 1999); *United States v. Dominguez-Gabriel*, 511 F. App'x 17, 20 (2d Cir. 2013); *Quartararo v. Hanslmaier*, 186 F.3d 91, 98 (2d Cir. 1999). Further, statements made by a party-opponent are not hearsay. Fed. R. Evid. 801(d)(2)(A).

        In sum, if an out-of-court statement is relevant, has probative value not substantially outweighed by countervailing factors, and is not inadmissible hearsay, it should be admitted.

    III.     The Text Messages Are Admissible

        The text messages between the defendant's cousins, and between the defendant's cousin and a hawaladar, are admissible non-hearsay statements that are highly relevant evidence of the defendant's efforts to obtain $5,000 to pay the two hitmen for his murder-for-hire plot.

        Indeed, to prove murder for hire, the government is required to prove that the defendant intended that the murder be committed as consideration for the receipt of anything of value. Here, the $5,000 was at a minimum a down payment on a murder. Trial Tr. 514 ("It was an initial down payment for the taskings that he was going to employ us for."). And, to prove an attempted act of terrorism transcending national boundaries, the government is required to prove

---

[1]     A hawaladar is a broker within the informal hawala system who facilitates the transfer of money internationally without moving physical currency.

that some of the conduct involved in the attempted offense occurred outside the United States. GX 1301.1 and 1301.2 make the fact that the defendant was attempting to obtain $5,000 from overseas more probable, and such facts are clearly of consequence in determining the action. *See* Fed. R. Evid. 401.

In addition, as described below, the text messages in GX 1301.1 and 1301.2 contain messages that are either (1) not offered for their truth; (2) constitute questions or commands, which are not hearsay; (3) contain the defendant's own statements, which are not hearsay under Federal Rule of Evidence 801(d)(2)(A); (4) are pictures, and therefore not statements; and (5) otherwise place the admissible statements in context. Therefore, the text messages are admissible.

### A. Government Exhibit 1301.1 Is Admissible Non-Hearsay

GX 1301.1 contains admissible non-hearsay because it contains non-hearsay commands, questions, the defendant's own statements, and messages which are either not offered for their truth or do not contain statements at all.

GX 1301.1 is a WhatsApp message exchange between Ali Vakil and Hasnain from approximately June 18 to 21, 2024. In this chain, Ali Vakil and Hasnain discussed the defendant's request for $5,000. *See* GX 1301.1. The government seeks to admit the following portions of this message exchange:

Page 3: In a series of messages, Ali Vakil asks Hasnain whether anything happened with the defendant's work, asks how he should reply to the defendant, and forwards Hasnain a screenshot of his own separate WhatsApp message exchange with the defendant. These messages are not hearsay because they are questions and not statements offered for their truth. *See United States v. Coplan*, 703 F.3d 46, 84 (2d Cir. 2012) ("[A]s a matter of law, questions are not 'assertions' within the meaning of Rule 801."). The screenshot of Ali Vakil's WhatsApp message is also not hearsay because it is not offered for the truth of the matter asserted and is a portion of the defendant's own statements. The contents of this screenshot are also contained on Pages 2-3 of GX 1001.1, a WhatsApp exchange between the defendant and Ali Vakil.

Page 6 to 7: In this portion of the exchange, Hasnain instructs Ali Vakil to "talk to Kokab Mamu" because the hawaladar is not responding. Ali Vakil then forwards Hasnain a voice message he received from the defendant and Hasnain responds "ok." These messages are not hearsay because they are either not being offered for their truth, *see Dupree*, 706 F.3d at 136 ("[A] statement is not hearsay where . . . it is offered, not for its truth, but to show that a listener was put on notice."), are commands and not assertions, *see Bellomo*, 176 F.3d at 586 ("Statements offered as commands or threats or rules directed to the witness, rather than for the truth of the matter asserted therein, are not hearsay), or are the defendant's own statements, *see* Fed. R. Evid. 801(d)(2)(A) (providing that an opposing party's statement is not hearsay).

Pages 16 and 19 to 20: These sections of the WhatsApp exchange do not contain any messages. Instead, they comprise call notifications showing voice calls back and forth between Ali Vakil and Hasnain.

3

Pages 21 to 26: This portion of the WhatsApp messages contains a contact card forwarded by Ali Vakil to Hasnain which contains the confidential source, Nadeem Ali's, contact information, Nadeem Ali's name, a photograph of the defendant and Nadeem Ali, a photograph of a dollar bill, a forwarded command from the hawaladar, an additional message stating Nadeem Ali's name and contact information, a screenshot showing a portion of Hasnain's conversation with the hawaladar, and a photograph of Nadeem Ali. None of these messages contain statements being offered for their truth. Instead, these messages are either photographs, commands, or are being offered as evidence that the information contained in the messages was transmitted from one person to another.

Page 28: This portion of the WhatsApp exchange contains a voice message forwarded by Ali Vakil to Hasnain. As shown in GX 1001.1, a message exchange between the defendant and Ali Vakil, the voice message was originally sent to Ali Vakil by the defendant and is the defendant's own statement. Therefore, the message is not hearsay. *See* Fed. R. Evid. 801(d)(2)(A).

Page 32 to 33: In this section of the exchange, Hasnain forwards a series of messages from Moeen to Ali Vakil in which Moeen tells Hasnain to "ask him whether he talked to any Firoz," sends a rate calculation for the requested monetary transaction, and sends contact information for Firoz Nagaria,[2] who was to provide the money in New York. These messages are either commands or are otherwise not statements being offered for the truth of the matter asserted. Instead, the messages are being offered to show the fact that these issues were being discussed, and the ways in which they were being discussed.

Page 37 to 38: The messages in this section contain voice messages originally sent by the defendant to Ali Vakil which Ali Vakil then forwarded to Hasnain. This is reflected in GX 1001.1, a separate WhatsApp exchange between the defendant and Ali Vakil. These voice messages are thus non-hearsay at base, as the defendant's non-hearsay statements, and are offered in this context to show that Ali Vakil sent them to Hasnain (and to show the response they elicited).

B. <u>Government Exhibit 1301.2 Constitutes Admissible Non-Hearsay</u>

GX 1301.2 comprises admissible non-hearsay because the messages contain questions, commands, statements that are not being offered for their truth, that simply provide context, or messages that do not contain statements at all.

GX 1301.2 is a WhatsApp message exchange from approximately June 18, 2024, to June 22, 2024, between Hasnain and Moeen, a hawaladar, regarding obtaining the $5,000 for the defendant. The government seeks to admit this message exchange in its entirety. As described below, the messages in this exchange are either non-hearsay or provide relevant context.

---

[2] Nagaria previously testified at trial about providing the $5,000 to Nadeem Ali and his relationship with the hawaladar, Moeen.

4

Pages 1-2: In these messages, Hasnain asks Moeen where he is located and, when Moeen states that he is in India, Hasnain asks him to give a rate for a monetary transaction. Hasnain then exchanges greetings with Moeen and asks him if he is available for a phone call. These messages, which contain questions and not assertions, are not hearsay. *Coplan*, 703 F.3d at 84. (Notably, the government does not expect to rely on the truth of Moeen's assertion that he was in India, except to show Hasnain's response).

Pages 3-4: In these messages, Hasnain sends Moeen a voice message asking him to answer the phone. He then again asks Moeen to provide the rate for a monetary transaction. These messages contain questions, not statements, and are not hearsay. The WhatsApp exchange then shows a series of phone calls from Hasnain to Moeen.

Pages 5-6: This section of the exchange contains a message in which Hasnain asks Moeen for his location, forwards him Nadeem Ali's contact information, and sends him a photograph of a $1 dollar bill. These messages do not contain statements offered for the truth of the matter asserted and are therefore not hearsay.

Pages 7-8: These messages contain a dollar amount, commands from Moeen giving directions for how to proceed with a hawala transaction and Nadeem Ali's contact information. This information is not hearsay because it is either a command or not being offered for its truth. One message from Hasnain, stating that the "payment has not been made," provides context for the other statements in this section of the exchange.

Pages 9-13: This portion of the exchange contains messages with financial transaction rates, contact information for Firoz Nagaria, a forwarded voice message from the defendant, a photograph of a $1 bill, and questions and commands from Hasnain. These messages either contain the defendant's own statements or are not offered for the truth of the matter asserted. Therefore, they are not hearsay.

IV.     Conclusion

    Accordingly, as described above, GX 1301.1 and 1301.2 are relevant under Rule 401, comprise non-hearsay evidence, and should be admitted at trial.

                Respectfully submitted,

                JOSEPH NOCELLA, JR.
                United States Attorney

         By:   /s/
                Sara K. Winik
                Gilbert M. Rein
                Nina C. Gupta
                Assistant U.S. Attorneys
                (718) 254-7000

cc:  Clerk of the Court (EK) (by ECF)
    Defense Counsel (by email and ECF)