

U.S. Department of Justice

United States Attorney
Eastern District of New York

NJM:SKW/NCG/GMR
F. #2023R00922

271 Cadman Plaza East
Brooklyn, New York 11201

March 3, 2026

By Email and ECF

The Honorable Eric R. Komitee
United States District Judge
Eastern District of New York
225 Cadman Plaza East
Brooklyn, NY 11201

Re: United States v. Asif Merchant
Criminal Docket No. 24-362 (EK)

Dear Judge Komitee:

The government respectfully submits this motion to preclude the defendant from raising a duress or coercion defense—or, as defense counsel called it, "duress lite defense"—in his testimony or summation because he cannot meet the elements comprising the defense. In the absence of evidence establishing a duress or coercion defense, permitting the defendant to testify to "duress-lite" facts, or allowing defense counsel to allude to duress in his summation, would serve only to encourage the jury to nullify, notwithstanding the defendant's legal guilt, and should be precluded. Moreover, any claim that the defendant lacked the actual *mens rea* to commit the charged crimes would certainly trigger the waiver provision of the defendant's proffer agreement and allow the government to introduce the defendant's proffer statements to the contrary about his true rationale for hiring hitmen to kill government officials.

A defendant is entitled to an instruction on an affirmative defense only if the defense has "a foundation in the evidence." *United States v. Podlog*, 35 F.3d 699, 704 (2d Cir. 1994) (internal quotation marks omitted). "Three discrete elements must be met to establish coercion or duress. These are: (1) a threat of force directed at the time of the defendant's conduct; (2) a threat sufficient to induce a well-founded fear of impending death or serious bodily injury; and (3) a lack of a reasonable opportunity to escape harm other than by engaging in the illegal activity." *United States v. Gonzalez*, 407 F.3d 118, 122 (2d Cir. 2005); *United States v. Villegas*, 899 F.2d 1324, 1343-44 (2d Cir. 1990). "Evidence of a mere 'generalized fear' does not satisfy the requirement of a well-founded fear of impending death or serious bodily harm. . . . Rather, there must have been a threat that was specific and prospects of harm that were immediate." *Id.* at 1344. The burden of proof to establish a duress defense rests on the defendant. *Dixon v. United States*, 548 U.S. 1, 17 (2006).

Notably, "where there is a reasonable opportunity to escape the threatened harm, the defendant must take reasonable steps to avail himself of that opportunity, whether by flight or by seeking the intervention of the appropriate authorities." *United States v. Alicea*, 837 F.2d 103, 106 (2d Cir. 1988). Absent such steps, the duress or coercion defense is unavailable. *Id.* (affirming the preclusion of a duress defense where "[t]he appellants here clearly took no steps, reasonable or otherwise, to extricate themselves from the danger").

Here, there is absolutely no evidence that the defendant traveled to the United States to hire hitmen to kill politicians out of duress or fear for relatives, as defense counsel claimed at sidebar today. There also is no evidence of a "well-founded fear of *impending* death or serious bodily harm." *See United States v. Stevens,* 985 F.2d 1175, 1182 (2d Cir. 1993) (emphasis in original). There was nothing "impending" at all since the defendant was in the United States for multiple months before being arrested. But more than that, the defendant was in the United States for a prolonged period and did not once avail himself of the opportunity to seek the intervention of the appropriate authorities. Accordingly, he cannot establish a duress or coercion defense and should be barred from introducing facts that give rise to a "duress-lite" defense or arguing it in his summation. *See, e.g.*, *United States v. Adelekan*, 567 F. Supp. 3d 459, 470 (S.D.N.Y. 2021) (precluding defendants "from introducing evidence that they were pressured by other co-defendants to engage in the conduct alleged in the indictment" where defendants had made no attempt to make out the elements of a duress defense); *United States v. Ramsey*, No. 23-7211-cr, 2024 WL 5199288, at *2 (2d Cir. Dec. 23, 2024) ("[A] defendant is not entitled to present a duress defense if the 'evidence is insufficient as a matter of law to establish the defense.'" (quoting *United States v. Paul*, 110 F.3d 869, 871 (2d Cir. 1997))). Without establishing a duress defense, evidence that a defendant was threatened into committing a crime is simply evidence showing *why* a defendant committed the crime; it has no bearing on whether the defendant's conduct was criminal. *Ramsey*, 2024 WL 5199288, at *3 (citing *United States v. Pitterson*, No. 22-2994-cr, 2022 WL 779256, at *2 (2d Cir. Mar. 15, 2022)).

The clear purpose for introducing evidence or argument at trial about the defendant's so-called duress or coercion would be to elicit sympathy for him. In light of the lack of evidentiary support for a true duress or coercion defense, the defendant should be precluded from alluding to a duress or "duress-lite" defense through testimony or in his summation. The government reserves its right to otherwise re-open the case and introduce the defendant's proffer

statements, in which the defendant confessed to the crimes and neglected to mention any facts that could have supported such a defense.

                                  Respectfully submitted,

                                  JOSEPH NOCELLA, JR.
                                  United States Attorney

By:        /s/
                                  Sara Winik
                                  Nina Gupta
                                  Gilbert M. Rein
                                  Assistant U.S. Attorneys
                                  (718) 254-7000

cc:       Clerk of the Court (EK) (by ECF)
           Avraham C. Moskowitz, Counsel to Defendant (by email and ECF)