**U.S. Department of Justice**

*United States Attorney*
*Eastern District of New York*

NJM:SKW/NCG/GMR
F. #2023R00922

*271 Cadman Plaza East*
*Brooklyn, New York 11201*

March 5, 2026

By ECF

The Honorable Eric Komitee
United States District Judge
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

Re: United States v. Asif Merchant
Criminal Docket No. 24-CR-362 (EK)

Dear Judge Komitee:

The government respectfully submits this letter in response to the Court's questions at today's charge conference.

I. Murder and Murder for Hire Are Predicate Acts for an Attempted Act of Terrorism Transcending National Boundaries

As to Count One, attempted act of terrorism transcending national boundaries, both murder, in violation of state law, and murder for hire, in violation of federal law, constitute predicate acts. Title 18, United States Code, Section 2332b criminalizes, among other things, the killing of a person within the United States in violation of the laws of any State, or of the United States, where that conduct transcends national boundaries (and where one of the jurisdictional bases set forth in 18 U.S.C. § 2332b(b)(1) is met).

The government agrees with the Court that the phrase "in violation of the law of any State or of the United States," requires proof of a predicate violation of another statute. Here, the government did not include in its Indictment a predicate offense, nor was it required to do so. Instead, the government charged the defendant with attempting "to kill a person within the United States, in violation of the laws of a State and the United States." The language of the Indictment allows the government to proceed with at least two predicate offenses for purposes of the jury charge: (1) murder; and (2) murder for hire.[1] Both offenses can be committed by the

[1] The government reserves its position that the statute and the Indictment would permit the government to proceed on additional predicates as well, so long as the defendant had sufficient notice.

"kill[ing] [of] a person within the United States," and therefore, both offenses are appropriate predicate acts.[2] For example, in *United States v. Abdullah*, No. 20-CR-677, ECF No. 158 at 103 (S.D.N.Y. 2025)—which the defense has also cited—the Southern District of New York recently charged:

> As to the third element, you must find that the perpetrator's conduct constituted an offense that violated the law of the United States. I instruct you, as a matter of law, that the offenses of conspiring to, and providing material support and resources to, a foreign terrorist organization, as charged in Counts One and Two, conspiring to murder U.S. nationals, as charged in Count Three, conspiring to commit aircraft piracy, as charged in Count Four, and conspiring to destroy aircraft, as charged in Count Five, each violate the law of the United States. Consequently, if you find beyond a reasonable doubt that the perpetrator committed such offenses, this element is satisfied.

*See* Ex. C to Defense Letter dated 3/5/2026. Notably, statutes prohibiting conspiring to provide and providing material support and resources to a foreign terrorist organization—like murder for hire—may be violated by a killing, but a violation of the statute does not require a killing. *See, e.g.*, *United States v. Hashimi et al.*, No. 22-CR-553 (ENV) (conspiracy to provide material support convictions based on provision of financing to a foreign terrorist organization). Nevertheless, conspiracy to provide and provision of material support was a predicate act for purposes of conspiracy to commit acts of terrorism transcending national boundaries in *Abdullah*, just as murder for hire is a predicate act here. Moreover, the defendant was on notice of the allegations that he committed a murder for hire—indeed, he is separately charged with that violation in another count—so he was on notice of the need to defend against it. *Cf. United States v. Morgenstern*, 933 F.2d 1108, 1115 (2d Cir. 1991) (no prejudicial variance where conduct alleged at trial was wholly contained within the indictment).

## II. Instruction as to Murder

The government proposes that, in addition to instructing the jury to apply the elements of murder for hire, as the Court will instruct as to Count Two, that the Court instruct the jury using the elements of the crime of murder in New York from New York Penal Law Section 125.25 and its accompanying model criminal jury instructions. Therefore, the government proposes the following language in Instruction 31.B:

> As to the third element, you must find that the defendant's conduct constituted an offense that violated the laws of any state or of the United States. I instruct you, as a matter of law, that murder for hire (as charged in Count Two, which I will instruct you on in a moment) violates the law of the United States, and murder violates

[2] The government disagrees that there has been any constructive amendment of the Indictment or grand jury violation, as insinuated by the defense.

> the law of every state within the United States, including the District of Columbia. Under the New York Penal Law, for example, a person is guilty of murder when with intent to cause death of another person, he causes the death of such person or of a third person. A person intends to cause the death of another when that person's conscious objective or purpose is to cause the death of another. Consequently, if you find beyond a reasonable doubt that the defendant attempted to commit such offenses, this element is satisfied.

Because this language includes the elements of the murder statute in New York and defines intent—which elements are the same as or nearly the same as all other murder statutes in the United States—the government requests that the Court note that murder violates the law in every state within the United States, including the District of Columbia. Including the entirety of the pattern instruction in New York, as the defense suggested, would be unnecessary and confusing to the jury, particularly where the Second Circuit only requires that the predicate act "include the *essential elements* of the state crime." *United States v. Carrillo*, 229 F.3d 177, 186 (2d Cir. 2000) (emphasis added). For example, the county in a which a murder occurred is not an essential element of the crime of murder and is inapplicable in this case, where the defendant noted that the murder could occur anywhere in the United States.[3]

Notably, courts in this district routinely instruct juries using the government's proposed language above when instructing about the elements of murder in New York. *See, e.g.*, Ex. A, Jury Charge of the Hon. Carol B. Amon in *United States v. Yu et al.*, No. 22-CR-208 (CBA), Trial Tr. 2767; Ex. B, Jury Charge of the Hon. Hector Gonzalez in *United States v. Shelton, et al.*, 18-CR-609 (HG) at 15.

## III. Motive Instruction

Regarding motive, in response to the Court's request for another sample instruction, the government provides the following instruction, which has been adapted from the Court's instruction in *United States v. Romanello*, No. 22-CR-194 (EK) (E.D.N.Y. Dec. 7, 2023), ECF No. 127.

> Proof of Motive Is Not Necessary. Intent and motive are different concepts. Intent is whether a person acted with a purpose of bringing about a given outcome or, alternatively, whether that outcome was the product of a mistake. Motive is about why, why a person might have acted to bring about a given outcome. Proof of motive is not an element of any of the crimes with which the

[3] Indeed, to be a violation of New York State law, the conduct need not occur within a specific county in the state—such a law would be nonsensical. Whether a specific criminal court in New York is the appropriate venue for the litigation may be an appropriate question for a New York State trial court, but does not reflect on the elements of the state law violation.

defendant is charged. Proof of motive does not establish guilt, nor does the lack of proof of motive establish that a defendant is not guilty. If all of the elements of a crime are proven beyond a reasonable doubt, it is immaterial what a defendant's motive for the crime may be, whether there are multiple or mixed motives, or whether a defendant's motive was shown at all. Even a benign motive is not a defense to a crime if the government has proved the elements of the crime.

Respectfully submitted,

JOSEPH NOCELLA, JR.
United States Attorney

By: /s/
Sara K. Winik
Gilbert M. Rein
Nina C. Gupta
Assistant U.S. Attorneys
(718) 254-7000

cc: Clerk of Court (EK) (by ECF)
All Defense Counsel (by email and ECF)