# EXHIBIT A

testified that he told Carlos, yeah, I was involved in the murder. That's exactly what he told you here. And the text messages, if you look at them, they say the same thing, they never say, I'm the shooter nothing like that, ever. There's nothing in the evidence whatsoever to substantiate Carlos Sanquez's claim that David Yu was the shooter and you should consider that statement only if at all to evaluate David's Yu's credibility. It's not evidence of anything.

Sometimes in life there are mysteries to be solved there. Are who done its and Agatha Christie novels. This isn't one of them. Some things are just the way they appear. So when you deliberate use your common sense, your good judgment, and your life experience and focus on the evidence in the case, the testimony, the documents, the messages, and then find both of the defendants guilty; not because Ms. Lash said they're guilty or because I say they're guilty but because that's what the evidence has shown. Find them guilty because they are guilty. Thank you.

THE COURT: All right, ladies and gentlemen, now it is my responsibility to instruct you on the law. And I should tell you in advance because I know you have your note pads out. I will provide a copy of my jury instructions to you when it becomes time for you to deliberate.

Now, your duty is to follow these instructions. First, I will describe the general rules that govern the duty

of a jury in a criminal case. Second, I will instruct you as to the legal elements of the crimes charged in the indictment. And Finally, I will give you some general instructions about your deliberations.

You should not be concerned about the wisdom of any rule of law that I state. Regardless of any opinion that you may have on what the law may be or should be, it would be a violation of your oaths as jurors to base your verdict upon any view of the law other than that given to you in the instructions of the Court. You have the important responsibility to judge the facts, and you alone are the judges of the facts; not counsel, and not I. I express no opinion to you whether the defendants are guilty or not guilty and nothing I have said or done should be used by you in determining whether the defendants are guilty or not guilty.

You will decide the case solely on the evidence before you and the law. Your recollection of the evidence governs, not that of counsel. You are the sole judges of the weight of all evidence and the credibility; that is, the believability of all witnesses, consistent with the instructions of this Court.

The fact that this prosecution is brought in the name of the United States does not entitle the government to any greater consideration than any other litigant. By the same token, it is entitled to no less consideration. No party

is entitled to sympathy or favor. You must carefully and impartially consider all the evidence, follow the law as I state it, and reach a just verdict, regardless of the consequences.

Now, The defendants have pled not guilty, thereby placing in issue each element of the crimes charged in the indictment. The government has the burden of proving guilt beyond a reasonable doubt with respect to each element of the crimes that the defendants are charged with committing. This burden never shifts throughout the trial. The defendants do not have to prove their innocence and need not submit any evidence at all. The defendants are presumed to be innocent, and that presumption of innocence remains with the defendants throughout the trial and must be considered by you in your deliberations.

The defendant in a criminal case never has any duty to testify or come forward with any evidence. This is because, as I have told you, the burden of proof beyond a reasonable doubt remains on the government at all times and the defendants are presumed innocent. You may draw no inference whatsoever from the fact that Defendants Allen Yu and Zhe Zhang did not take the witness stand. You must not consider the fact that they did not testify.

Now, I have said that the government must prove a defendant's guilt beyond a reasonable doubt. The question

naturally is what is a reasonable doubt? The words almost define themselves. It is a doubt based upon reason and common sense, it is a doubt that a reasonable person has after carefully weighing all the evidence. It is a doubt that would cause a reasonable person to hesitate to act in a matter of importance in his personal life.

Proof beyond a reasonable doubt, therefore, must be proof of such a convincing character that a reasonable person would not hesitate to rely and act upon it in the most important of his or her own affairs. Reasonable doubt is not a doubt that arises out of a whim. It is not a doubt based upon speculation or suspicion and it is not an excuse to avoid the performance of an unpleasant duty. And it is not sympathy.

In a criminal case, the burden is at all times on the government to prove guilt beyond a reasonable doubt. The law does not require the government to prove guilt beyond all possible doubt. Proof beyond a reasonable doubt is sufficient to convict. The burden never shifts to the defendants; which means that it is always the government's burden to prove each of the elements of the crimes charged beyond a reasonable doubt.

If, after fair and impartial consideration of all of the evidence, you have a reasonable doubt about the guilt of the defendants, based on the evidence or lack of evidence, it

is your duty to find the defendants not guilty. On the other hand, if after fair and impartial consideration of all the evidence, you are satisfied of the defendants' guilt beyond a reasonable doubt, you should vote to convict the defendants.

In this case, the indictment contains two counts against Allen Yu and two counts against Zhe Zhang. In reaching your verdict, bear in mind that guilt is individual. Your verdict of guilty or not guilty must be based solely on the evidence about each defendant. You may not infer that a defendant is guilty of participating in criminal conduct merely from the fact that he was associated with other people who were engaging in wrongdoing.

Additionally, each count charges a different crime. Unless I instruct you otherwise, you must consider each count of the indictment separately and you must return a separate verdict for each count. The case against each defendant, on each count, stands or falls upon the proof or lack of proof against that defendant alone, and your verdict as to either defendant on any count should not control your decision as to the other defendant on any other count.

At the end of these instructions I will give you a verdict form listing separately each defendant and each count so that you can return your verdict separately as to each.

In deciding whether to find that either defendant is guilty or not guilty of the crimes alleged in the indictment,

you must weigh all the evidence before you. You are the sole judges of the &credibility of the witnesses and the weight their testimony deserves. Your verdict must be based solely on the evidence developed at trial or the lack of evidence. Now, the evidence upon which you are to decide what the facts are comes in several forms. First, the sworn testimony of witnesses; both on direct and cross-examination, and regardless of who called the witness.

Second, exhibits that have been received by the Court in evidence. Certain things are not evidence and are to be disregarded by you in deciding what the facts are. The indictment is not evidence against the defendants. It is merely the government's accusation in writing. It is entitled to no weight in your judgment of the facts. Questions alone put to the witness are not evidence. Objections to the questions or to offered exhibits are not evidence. Anything said or done by the Court is not evidence.

Obviously, anything you may have seen or heard outside the courtroom is not evidence. Additionally, arguments or statements by lawyers are not evidence. Moreover, if evidence was received for a limited purpose, you must consider it for that purpose only.

Now, There are, generally speaking, two types of evidence from which you may find the truth as to the facts. One is direct evidence such as the testimony of an eyewitness

or physical evidence. The other is indirect or circumstantial evidence; evidence of facts and circumstances from which it is reasonable to infer or deduce connected facts that reasonably follow in common experience.

Now, a simple example would be the following: You come to court on a day when the weather is clear and dry. After some hours in the courtroom, a person enters through the rear door wearing a raincoat and shaking a wet umbrella. Without your ever looking outside, you might infer from these circumstances that while you were sitting in court, it had rained outdoors. That is all there is to circumstantial evidence. You infer on the basis of reason and experience and common sense from an established fact the existence or the nonexistence of some other fact. There is no distinction between the weight to be given to direct or circumstantial evidence. No greater degree of certainty is required of circumstantial evidence than of direct evidence.

Whether relying on direct or circumstantial evidence, however, the burden of proof remains the same proof beyond a reasonable doubt. The parties have stipulated to certain facts. Such a stipulation is an agreement among the parties to the existence of the facts. You must accept these stipulated facts as true. The charts and summaries the parties presented in this case were shown to you in order to make the other evidence more meaningful and to aid you in

considering the evidence. They are no better than the exhibits upon which they are based and are not themselves independent evidence. Therefore, you are to give no greater consideration to these charts or summaries than you would give to the evidence upon which they are based.

Now, you have heard testimony that the defendant Zhang engaged in criminal activity not charged in the indictment. That testimony includes evidence of Defendant Zhang's marijuana dealings with witnesses You You and Antony Abreu. Let me remind you that the defendant is not on trial for committing acts not alleged in the indictment. You may only consider this evidence as it relates to his relationship with other alleged co-conspirators, namely You You and Antony Abreu. Accordingly, you may not consider this evidence of a similar act as a substitute for proof that the defendants committed the crimes charged, nor may you consider this evidence as proof that Mr. Zhang has a criminal personality or bad character. You may not use this evidence to conclude that because Defendant Zhang engaged in marijuana dealings that he is more likely to have committed the crimes charged in the indictment.

Now, You have heard testimony of a witness who testified in Mandarin and a witness who testified in Spanish. Witnesses who do not speak English or are more proficient in another language testify through an official interpreter.

Although some of you may know Mandarin or Spanish, it is important that all jurors consider the same evidence. Therefore, you must accept the interpreter's translation of the witness's testimony. You must disregard any different meaning. You must not make any assumptions about a witness or a party based solely on the fact that an interpreter was used.

The parties have offered evidence in the form of audio recordings. During the course of the trial, you were given transcripts of the conversations on the audio recordings to assist you in listening to them. Where the audio recordings recorded English conversations, the accompanying transcripts are not in and of themselves evidence and should be used only as aides in listening to the recordings. You should rely on what you hear on the recordings as evidence. If you perceived any variation between what you were able to hear and what was written in the transcripts, you should be guided solely by the recordings and not by the transcripts. Where the audio recordings recorded conversations in Mandarin, the parties have stipulated that the translations are accurate, and you may consider the translations not as merely aids but as evidence of what was said.

**Now**, Counsel, in summing up, have asked you to draw certain inferences from the evidence in this case. Any inferences you draw must be reasonably based on the evidence, and you may infer only such facts as your reason and common

sense lead you to believe follow from the evidence. You are not to engage in speculation based on matters that are not in evidence. Although the government bears the burden of proof, and although a reasonable doubt can arise from lack of evidence, I instruct you that the law does not require the government to call as witnesses all persons who may appear to have some knowledge of the matters at issue at this trial. Nor does the law require that all things mentioned during the course of the trial be produced as exhibits.

The law further does not require that any particular investigative techniques be used by law enforcement authorities to uncover or prosecute crime. Law enforcement techniques are not your concern. Your concern is to determine whether or not, based upon all the evidence, or lack of evidence, presented in the case, the government has proven or failed to prove each defendant's guilt beyond a reasonable doubt.

Now, you should carefully scrutinize all the testimony given, the circumstances under which each witness testified, and every matter in evidence that tends to indicate whether a witness is or is not worthy of belief. Consider each witness' appearance, conduct, intelligence, motive, state of mind, demeanor, and manner while on the stand. Consider the witness's ability to observe the matters as to which the witness testified, and whether the witness impresses you as

having an accurate recollection of these matters.

Consider particularly the relationship each witness bears to either side of the case. You should also consider the manner in which each witness may benefit in some way, including financially, from the outcome of the case, and the extent to which, if at all, the testimony of each witness is supported or contradicted by other evidence in the case.

Inconsistencies or discrepancies in the testimony of a witness, or between the testimonies of different witnesses, may or may not cause you to discredit a witness's testimony. Two or more persons witnessing an incident or a transaction may see or hear it differently, and innocent mis-recollection, like failure of recollection, is not an uncommon experience. In weighing the effect of a discrepancy, consider whether it pertains to a matter of importance or to an unimportant detail, and whether it results from innocent error or intentional falsehood.

If you believe that a witness has willfully given false testimony with respect to a material matter, you may disregard the witness's testimony in whole or in part. But a witness may have been mistaken or may have lied about part of the testimony and be accurate about another part.

There was testimony at trial that the attorneys for the government interviewed witnesses when preparing for, and during the course of, the trial. You must not draw any

unfavorable inference from that fact. It is permissible for attorneys to interview witnesses before trial. Now, you have heard evidence that a witness made statements on an earlier occasion which counsel for the defendant argues are inconsistent with the witness's trial testimony.

A witness on direct examination is supposed to answer to the best of his recollection. Evidence of a prior inconsistent statement is not to be considered by you as affirmative evidence bearing on the defendant's guilt or non-guilt. Evidence of the prior inconsistent statements you heard about were placed before you for the more limited purpose of helping you decide whether to believe the trial testimony of the witness who the defendant argues may have contradicted himself.

If you find that the witness made an earlier inconsistent statement that conflicts with his trial testimony, you may consider that fact in deciding how much of his trial testimony, if any, to believe. In making this determination, you may consider whether the witness purposely made a false statement or whether it was an innocent mistake; whether the inconsistency concerns an important fact, or whether it had to do with a small detail; whether the witness had an explanation for the inconsistency; and whether the explanation appealed to your common sense. It is exclusively your duty, based upon all the evidence and your own good

judgment, to determine whether the prior statement was inconsistent. And, if so, how much if any weight is to be given to the inconsistent statement in determining whether to believe all or part of the witness's testimony.

You have heard testimony from law enforcement officers. The fact that a witness may be a law enforcement officer does not mean that his testimony is deserving of more or less consideration or greater or lesser weight than that of an ordinary witness. It is for you to decide, after weighing all the evidence and in light of the instructions I have given you about the factors relevant to determining the credibility of any witness, whether to accept the testimony of a law enforcement witness and what weight, if any, it deserves.

Now, you have heard testimony from several prosecution witnesses who testified here pursuant to cooperation agreements through which, in exchange for agreeing to cooperate and testify, their cooperation will be brought to the attention of the sentencing judge. The law allows the use of cooperator testimony. It is the law in federal courts that the testimony of a cooperator may be enough, by itself, for conviction, if the jury finds that the testimony establishes guilt beyond a reasonable doubt. I also instruct you that there is nothing improper in the government's use of cooperation agreements.

The government is permitted to enter into such

cooperation agreements and to make such promises to the cooperating witness. Your concern then is not with the propriety of using such cooperating witnesses. It is with whether the government has proved either defendant guilty beyond a reasonable doubt based on all the evidence in the case, regardless of whether some of that evidence was obtained by the use of a cooperating witness. Because of the very nature of cooperator testimony, however, it must be scrutinized with greater care than the testimony of an ordinary witness.

(Continued on the following page.)

THE COURT: (Cont'g.) It should be viewed with particular caution, because a cooperator may have an interest incurring favor with the prosecution that could affect the substance of his testimony.

You should, for example, ask yourself whether a cooperating witness would benefit more by lying or by telling the truth. Was the testimony of the cooperator made up in any way because he believed or hoped that he would receive favorable testimony by -- favorable treatment by testifying falsely, or did he believe that his interest would be best severed by testifying truthfully.

If you believe that a witness was motivated by hopes of personal gain, was the motivation one that would cause him to lie, or was it one that would cause him to tell the truth. Did this motivation color the witness' testimony.

In sum, you should look at all the evidence in deciding whether you believe a cooperating witness, and what weight, if any, to give his testimony.

Let me also advise you that you are instructed that you are to draw no conclusions or inferences of any kind about the guilt of the defendants on trial from the fact that You You and David Yu pled guilty to charges arising out of the same events at issue in the case. The decisions were personal ones of You You and David Yu made about their own individual cases. It may not be used by you in any way as evidence

against or unfavorable to the defendants here.

Now you've heard testimony from what we call expert witness in this case. Ordinarily, witnesses are restricted to testifying concerning matters of fact. There are occasions, however, when there is some technical or other specialized area of knowledge that will assist the jury in deciding a disputed fact. On those occasions, a witness who is specially qualified by training, knowledge, experience, or education may be called to testify about some evidence of fact in issue in the form of an opinion.

In this case, you've heard testimony from Detective Jeffrey Lehn, an expert in vehicle identification; Dr. Kristen Landi, an expert in medical forensic pathology; and Special Agent Richard Busick, an expert in cell-site location data analysis.

In weighing expert testimony, you may consider the experts qualifications, the opinions given, the witness' reason for testifying, as well as all the other considerations that ordinarily apply when you are deciding whether or not to believe a witness. You may give expert testimony whatever weight, if any, you find it deserves in light of all the evidence before you. You should not, however, accept a witness' testimony merely because he is an expert in the field; nor should you substitute for your own reason, judgment, and common sense. The determination of the facts in

this case rests solely with you.

Some of the exhibits admitted into evidence have been redacted. That means portions that have been blacked out as not being relevant to the case. You're not to attribute any significance one way or the other to these redactions.

The question of possible punishment of the defendants is not a concern for the jury and should not, in any sense, enter into or influence your deliberations in this case. The duty of imposing sentence rests exclusively with the Court. Your function is to weigh the evidence in the case and to determine whether or not either defendant is guilty beyond a reasonable doubt, solely on the basis of such evidence. Under your oaths as jurors, you cannot allow a consideration of the punishment that may be imposed upon defendants, if they are convicted, to influence your verdict in any way, or to, in any sense, enter into your deliberations.

Under your oath as jurors, you are not to be swayed by sympathy, prejudice, or bias for one side or the other, or any feelings that you may personally have about the defendant's race, religion, national origin, ethnic background, gender, or age. You are to be guided solely by the evidence in this case.

Now you may have noticed that the indictment refers to "on or about" certain dates. The proof need not establish

with certainty the exact date of the alleged offense. It is sufficient if the evidence establishes beyond a reasonable doubt that the offense was committed on a date reasonably near the dates alleged.

Certain legal principles apply to the charged counts. Rather than repeat the law with each count, I am going to set forth the law now and refer you back to it when I later address the elements of each claim.

A person acts knowingly when he acts purposely and voluntarily and not because of ignorance, mistake, negligence accident, carelessness, or any other innocent reason. A person acts "intentionally" when he acts deliberately and purposely. That is, the defendant's act must have been a product of a conscious objective to decision rather than the product of a mistake or accident.

A person acts willfully when he acts with knowledge that one's conduct is unlawful and with the intent to do something the law forbids, that is to say with bad purpose to disobey or disregard the law. A defendant's conduct was not willful if it was due to negligence, inadvertence, or mistake.

I'm now going to charge you on the legal elements of the crimes charges in the indictment. That is to say, I will now instruct you on the specific elements that the government must prove beyond a reasonable doubt to warrant a finding of guilt on this case on the crimes charged in the indictment.

The defendants are formally charged by indictment. The indictment is a charge or an accusation. It is not evidence. During my instructions, I'm going to read portions of the indictment to help you understand the charges that I'm discussing. The indictment in this case contains two separate counts for each defendant, on each of which you will be called upon to render a separate verdict. For the sake of clarity, I am going to explain of elements of Count Two of the indictment first, and then I'm going to turn to Count One.

Count Two of the indictment charges the defendant with murder for hire. Specifically, Count Two charges:

On or about and between February 12th of 2019, within the Eastern District of New York and elsewhere, the defendants Qing Ming Yu, also known as Allen Yu, and Zhe Zhang, also known as Zack, together with others, knowingly and intentionally use and cause another to use one or more facilities of interstate commerce, to wit: One or more cellar phones, the internet and a rental vehicle, with the intent that one or more murders be committed in violation of New York Penal Law Section 125.25, to wit: The murder of Xin Gu, as consideration for the receipt of, and as consideration for a promise and agreement to pay something of pecuniary value, and the death of Xin Gu did result.

And this is alleged to be in violation of Title 18 of the United States Code. Title 18, United States

Code Section 1958. And Section 1958 provides criminal penalties for, quote:

Whoever travels in or causes another to travel in interstate commerce or uses or causes or another to use the mail or any facility of interstate commerce, with intent that a murder be committed in violation of the laws of any state or the United States as consideration for the receipt of, or as consideration for a promise or agreement to pay anything of pecuniary value, or who conspires to do so.

Now Count Two is what we call the substantive charge. I'm going to turn to the conspiracy in a moment.

But for Count Two, the government must prove each of the following elements beyond a reasonable doubt.

First, that the defendant either used or caused to be used the facility of interstate commerce.

Second, that the use of this facility of interstate commerce was done with the intent that a murder be committed in violation of the laws of the state of New York.

Third, that the defendant did so as consideration for the receipt of or as consideration for a promise or agreement to pay anything of pecuniary value; and

Fourth, that the death of Xin Gu resulted from the murder for hire.

Let me turn to the first element.

The first element that the government must prove

beyond a reasonable doubt is that the defendant used or caused someone else to use the facility of interstate commerce.

An interstate facility is a vehicle or means of communications that crosses state lines in the course of commerce. For example, using the internet or making a telephone call or sending a telegram constitutes the use of a facility in interstate commerce, regardless of whether the particular communication that is alleged actually crossed a state line. Any use of the United States mail constitutes the use of a facility of interstate commerce.

Use of an interstate facility must have occurred to facilitate or further the commission of the murder. It need not have been the only reason or even the principal reason for the use of the interstate facility, as long as it was one of the reasons for the travel or use of a facility.

The defendants have been charged with using or causing to be used one or more facilities of interstate commerce, to wit: One or more cellar telephones, the internet and a rental vehicle. If the government has proved these facts beyond a reasonable doubt, then you had may find it has proven the first element of the charge against the defendant.

The second element, intent that murder be committed.

The second element the government must prove beyond a reasonable doubt is the use of a facility of interstate commerce was done with the intent that a murder be committed

in violation of the state of New York.

Now I instruct you that Section 125.25 of the New York Penal Code provides, in pertinent part, that a person is guilty of murder when, with the intent to cause the death of another person, he causes the death of search perch. A person intends to cause the death of another person when his conscious aim or objective is to cause the death of that person.

Therefore, if you find beyond a reasonable doubt that defendant intended to cause the death of another person, then you will find this element has been met. If you find the government has not proven this beyond a reasonable doubt, then the element of intent will not have been met.

Now, you are being asked to look into the mind of the defendant and ask what the defendant's purpose was when he used or caused to be used a facility of interstate commerce. You may determine intent from in any evidence in the record, including the statements of the defendants, their conduct before or after the use of interstate facilities took place.

Now, the third element that the government must prove beyond a reasonable doubt is that the defendants intended that the murder be committed as consideration for the receipt of anything with pecuniary value. This element requires that prior to the murder, there was a mutual agreement, understanding, or promise that something of value

would be exchanged for committing the murder. "Anything of value" means money, negotiable instruments, or anything else the primary significance of which is economic advantage.

It is not necessary for the government to prove that the money or a similar item was actually exchanged or delivered. The government need not show that the defendant the actually received anything of pecuniary value for his participation in the event, but only that he participated in it, with the understanding based on mutual agreement that he would receive in exchange something of pecuniary value. If, however, you find that there was no mutual agreement prior to the murder that something of value would be exchanged, then payments of money after the murder, standing alone, would not satisfy this element.

The fourth element that the government must prove beyond a reasonable doubt is that Xin Gu died as a result of the defendant's participation in this offense.

In order to establish that the defendant's conduct resulted in the death of Xin Gu, the government must prove beyond a reasonable doubt that but for the defendant's action, Xin Gu would not have died.

Now in connection with the charge in Count Two, the government must prove that each defendant either personally committed the forbidden conduct, or aided and abetted another in doing so.

The aiding and abetting statute, Section 2 of Title 18 of United States Code provides as follows:

Whoever commits an offense against the United States, or aids, abets, counsels, commands, induces, or procures its commission, is punishable as a principal. Whoever willfully causes an act to be done, which if directly performed by him or another would be an offense against the United States is punished as a principal.

You should be aware that under the law, when one person engages in criminal activity, another person is criminally liable for such criminal activity when, acting with the mental culpability required for the commission of the offense, he solicits, requests, commands, importunes, or intentionally aids such person to engage in the crime charged. Thus, the guilt of a defendant may be established without proof that the accused personally did every act constituting the offense charged. In other words, every person who willfully participates in the commission of a crime may be found guilty of that offense.

In order to aid and abet another to commit a crime, it is necessary that the accused, with the knowledge and intent required to commit the underlying offense, willfully associated himself in some way with the criminal venture and willfully participated in it as he would in something he wishes to bring about, that is to say, that the defendant

willfully sought by some act or omission of his to make the criminal venture succeed.

You, of course, must not find a defendant guilty unless you find beyond a reasonable doubt that every element of the murder for hire, as defined in these instructions, was committed by some person or persons and that the defendant aided and abetted the commission of such crimes.

Now mere association with the perpetrators, even with knowledge that a crime is being committed, is not sufficient to establish that the defendant aided and abetted the crime unless you find beyond a reasonable doubt that the defendant was a knowing participant.

To determine whether the defendants aided or abetted the commission of the crime with which they were charged, ask yourselves these questions:

Did the defendant participate in the crime as something the defendant wished to bring about?

Did the defendant associate himself with the criminal venture knowingly and initially?

Did the defendant seek by his action to make the criminal venture succeed?

If the defendant did, then the defendant is an aider and abettor and, therefore, guilty of the crime of murder for hire charged in Count Two. If on the other hand your answers to these series of questions are "no," then the defendant is

not guilty as an aider and abettor.

Now, I have instructed you on Count Two, which is murder for hire, I will now turn to Count One of the indictment, which charges each defendant with conspiring to commit murder for hire.

Specifically, Count One of the indictment reads as follows:

In or about and between August of 2018 and February of 2019, both days being approximate and inclusive, within the Eastern District of New York and elsewhere, the defendants, Qing Ming Yu, also known as Allen Yu, and Zhe Zhang, also known as Zack, together with others, did knowingly and intentionally conspire to use and cause another to use one or more facilities of interstate commerce, to wit: One or more cellar telephones, the internet, and a rental vehicle with intent that a murder be committed in violation of New York State Penal Law, Code Section 125.25, to wit: The murder of Xin Gu, as consideration for the receipt of, and as consideration for a promise and agreement to pay something of pecuniary value and the death of Xin Gu did result.

As you will note, this count charges the defendants with conspiracy to commit murder for hire in violation of the same statute charged in Count Two, that is, Title 18, United States Code, Section 1958. This is because this statue prohibits certain conduct as well as conspiracy to engage in

such conduct.

Count Two charges defendant with engaging in the prohibited conduct, whereas Count One charges the defendants with conspiracy to engage in the prohibited conduct.

Now I've instructed you above as the elements of murder for hire involving the use of interstate facilities, and will now explain what it means to conspire to commit this crime.

With respect to the conspiracy charge, the murder for hire statue provides, in part, that whoever conspires to use, or causes to be used a facility of interstate commerce with the intent that a murder be committed in violation of the laws of any state, as consideration for the receipt of or as consideration for a promise or agreement to pay anything of pecuniary value, will be guilty of the crime.

Now I will explain to you what is meant by the charge of conspiracy. Conspiring to commit a crime is a separate and distinct -- excuse me. Conspiring to commit a crime is an offense separate and distinct from the substantive crime that is the object of the conspiracy. Forming a conspiracy, a partnership for criminal purposes, is in and of itself unlawful. The crime of criminal -- the crime of conspiracy is an agreement to violate the law.

A conspiracy, even if it should fail of its purpose, is nevertheless a crime and, therefore, it is not necessary

for the government to prove the commission of any substantive offense for you to find the defendant guilty of conspiracy.

In order to prove the defendant guilty of conspiring to commit the crime of murder for hire, the government must prove -- establish three elements beyond a reasonable doubt.

First: That two or more persons knowingly and willfully conspired or agreed;

Second: That they agreed to commit the -- an unlawful act; and

Third: That the defendant knowingly and willfully joined in the conspiracy.

The first element, the existence of a conspiracy.

The first element requires that two or more persons knowingly and willfully conspired or agreed. For you to better understand whether the defendant and others knowingly and willfully conspired or agreed, I will explain to you more fully the nature of the conspiracy, and the kind of evidence that proves the existence of a knowing and willful agreement.

A conspiracy is an agreement by two or more persons to accomplish an unlawful purpose or purposes.

Although conspiracy involves an agreement to effect an unlawful act, it is not necessary for these persons to have entered into an express or a formal agreement, or to have stated orally in writing what the unlawful act was, or how it was to be accomplished. It is sufficient that they came to a

mutual understanding to accomplish the unlawful act.

Now you may, of course, find that the existence of an agreement to effect an unlawful act has been established by direct proof. Because, however, a conspiracy is often characterized by secrecy, such an agreement might, therefore, be inferred from the circumstances and conduct of the parties. But mere association or contact with the conspirators, even with awareness of their unlawful activity, does not make a person a co-conspirator. Similarly, mere presence in the place where a crime is being committed, even with knowledge the crime is being committed, does not make a person a co-conspirator.

In the very real sense, the context of a conspiracy cases, actions often speak louder than words. In this regard, you may, in determining whether an agreement existed, consider the actions and statements of all of those you find to be participants as proof that a common design existed on the part of those persons to act together for the accomplishment of unlawful purpose.

The second element is an agreement to commit an unlawful act.

The unlaw act, as alleged in Count Two of the indictment, is the murder for hire of Xin Gu. I've already instructed on the murder for hire -- the elements of murder for hire with respect to Count Two, and you should apply those

instructions to the conspiracy -- charged in Count One as well.

Again, I remind you that for the purposes of this conspiracy count of the indictment, the defendant is not charged with actually committing the unlawful act, but rather with conspiring to commit it.

I will now instruct you on the third element of the conspiracy. For the government to prove the conspiratorial guilt of either defendant, it must establish both that a conspiracy existed, and that the defendant became a member of or participated in the conspiracy willfully and with knowledge and in furtherance of its unlawful purposes. In deciding whether either defendant was, in fact, a member of the conspiracy, you should consider whether based upon all the evidence, it has been shown that the defendant knowingly and willfully joined the conspiracy. Did he participate in it with knowledge of its unlawful purpose, and with the specific intention of furthering its business or objectives?

If a defendant did so participate, the extent of his participation has no bearing on the issue of guilt. Each member of a conspiracy may perform different acts and may perform them at different times. Even if a defendant played only a minor role in the conspiracy, you may find that defendant guilty of participation.

The government must prove beyond a reasonable doubt

a defendant's participation in the conspiracy by proof based on reasonable inferences to be drawn from the evidence of their own acts, conduct, statements, or declaration, and their connection with the acts and conduct of other alleged conspirators.

A defendant need not have been a member of the conspiracy from its very start to be a co-conspirator. He may have joined at any point during its progress and be held responsible for all that was done thereafter so long as he remained a member of the conspiracy. A defendant also need not have been acquainted with all other members of the conspiracy, or have been fully informed as to all the details or the entire scope of the agreement. On the other hand, a person who has no knowledge of the conspiracy, but happens to act in a way that furthers some object or purposes of the conspiracy, does not thereby become a co-conspirator.

To find that either defendant joined in the conspiracy, you must be convinced beyond a reasonable doubt that the defendant did not act unknowingly or out of mistake, but rather that he knowingly and voluntarily entered into the alleged agreement.

Now in addition to the elements I have just described to you, you must decide whether any act in furtherance of the crime charged occurred within the Eastern District of New York. The Eastern District of New York

includes Brooklyn, Queens, Staten Island, Nassau and Suffolk Counties. I should note that on this issue, and this issue alone, the government need not prove venue, this is called "venue", beyond a reasonable doubt, but only by a preponderance to the evidence. To establish something by a preponderance of the evidence, is to prove that it is more likely so than not so. In other words, a preponderance of the evidence means such evidence, as when considered and compared with the evidence opposed to it, produces in your minds the belief that what is sought to be proved is more likely than not true. If you find the government has failed to prove this venue requirement as to the count in the indictment, then you must acquit the defendants.

Now in closing, let me remind you that it is your recollection of the evidence that governs. If you wish to have some part of the testimony repeated, you may make that request. I will call you into court and have the court reporter read those portions of the testimony you desire to hear. You can have anything read back to you. I suggest, however, that you be specific in your requests to avoid hearing something that you do not need to assist you in your deliberations. I will also send in to the jury room the exhibits admitted into evidence. That may be, however, with the exception of the audio and video recordings. We may have to bring you back in to court if you want to see -- bring you

back into open court if you want to see those. And you would just send me a note asking for it.

In the course of your deliberations, you wish further help on the law, or if you wish to hear any further explanation about the law, you may send me a note telling me what you would like. I will, however, as I said in the beginning, provide you with a copy of my jury instructions. You must consider the instructions as a whole and not single out one instruction as stating the law.

If you wish during your deliberations to communicate with the Court, you may send a note by a marshal. No member of the jury should ever attempt to communicate with the Court by any means, other than by a signed writing, and the Court will never communicate with any member of the jury on any subject touching on the merits of the case, other than in writing or orally here in open court.

During your deliberations, you must not communicate with, or provide any information to anyone by any means about this case. This includes using any electronic communications, such as telephone, cell phone, smart phone, iPhone, computer, instant messages, internet chatroom, blog, website, Facebook, YouTube, Instagram, any of those types of communications. You should not consult dictionaries or reference materials or any other -- use any other electronic tool to obtain information about the case to assist you in your deliberations about the

case.

Bear in mind that you should never reveal to any person, not even in open court, how the jury stands, numerically or otherwise, on the question of the guilt or innocence of the accused until after you have reached a unanimous verdict.

You are entitled to your own opinion, but you should exchange views with your fellow jurors and listen carefully to each other. Do not hesitate to change your opinion if you become convinced that another person is correct. But you must each make your own decision.

I'm going to send you in a verdict form that is very straightforward. It has a space for you to mark off your verdict on the two counts charged in indictment, whether guilty or not guilty. It has -- Count One, it will have the defendant, Allen Yu, and then the defendant, Zhe Zhang, and ask you, you can check off the box guilty or not guilty, and the same will be -- same form will apply to Count Two.

When you reach a note, send me a note telling me you've reached a verdict, but do not state in the note what your verdict is.

The verdict form helps you to just keep track of the charges. It's not intended to indicate how you should decide the facts of the case.

Juror Number 1 traditionally serves as foreperson.

If, however, Juror Number 1 does not wish to serve as foreperson, when you go to the jury room to begin considering the evidence in this case, I suggest that you first select another member of the jury to act as your foreperson.

And in conclusion, let me advise you that your oath sums up your duty, and that is: Without fear or favor to any person, that you had well and truly try the issues before these parties according to the evidence given to you in this court and laws of the United States.

I need to touch base with counsel for a moment, but let me just explain to you, ladies and gentlemen, procedurally what we're going to do.

I'm not going to send you to begin your deliberations at 5:00 on Friday. And I wish we could start on Monday, but I know that a couple of jurors had issues, it's the holiday weekend and couldn't be here on Monday.

So we will come at 9:00 on Tuesday, and I need all of the -- for procedural reasons, I need all of the jurors to come back. So I need all of the regular jurors and all the alternate jurors to come back on Tuesday.

It is very important that you not discuss the case, even as among yourselves, and certainly with no one else, until on Tuesday we have the jury squared away and I send you back to begin your deliberations. And do not discuss the case with anyone, even as among yourselves, until I tell you to do

that.

So is that clear?

THE JURY: Yes.

THE COURT: Okay, let me just talk to the lawyers for a minute in case I need to correct something right now.

(Continued on the next page.)

(Sidebar conference.)