# EXHIBIT B

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------X
UNITED STATES OF AMERICA,

v.

ALFRED LOPEZ,
HIMEN ROSS,
and ANTHONY ZOTTOLA, SR.,

Defendants.
------------------------------------------------------X

18-cr-609 (HG)

**JURY INSTRUCTIONS**

October 14, 2022

**Contents**

1. Function Of Jury ..... 4
2. Court Has No View ..... 4
3. Parties Equal ..... 4
4. No Bias ..... 5
5. Indictment As Accusation Only ..... 5
6. Burden Of Proof ..... 5
7. Defendants' Right Not To Testify ..... 5
8. Reasonable Doubt ..... 6
9. Presumption Of Innocence ..... 6
10. What Is Evidence ..... 7
11. What Is Not Evidence ..... 7
12. Types Of Evidence ..... 8
13. Weigh All Evidence ..... 8
14. Multiple Defendants ..... 9
15. Separate Counts ..... 9
16. Dates Approximate ..... 9
17. Knowingly, Intentionally And Willfully ..... 9
18. Count One: Murder-For-Hire Conspiracy ..... 10
19. Count Two: Murder-For-Hire ..... 13
20. Count Three: Unlawful Use, Possession and Discharge of Firearms ..... 18
21. Count Four: Causing Death Through Use Of A Firearm ..... 23
22. Credibility ..... 25
23. Motive ..... 26
24. Interested Witnesses ..... 26
25. Cooperating Witnesses ..... 26
26. Witness With Immunity ..... 27
27. Law Enforcement Witnesses ..... 28
28. Use of Evidence Obtained By Law Enforcement ..... 28
29. Particular Investigative Techniques Not Required ..... 29
30. Expert Witnesses ..... 29
31. Uncalled Witnesses ..... 30
32. Number Of Witnesses ..... 30

33. Persons Not On Trial Or Not Indicted ........ 30
34. Interview Of Witnesses ........ 31
35. Witness Drug Use ........ 31
36. Inconsistent Statements ........ 31
37. Character Evidence ........ 32
38. All Available Evidence Need Not Be Produced ........ 32
39. Stipulations ........ 33
40. Charts And Summaries ........ 33
41. Statements Of Counsel ........ 33
42. Punishment ........ 33
43. Jurors' Recollection Governs ........ 34
44. Inferences ........ 35
45. Ignore External Sources Of Information ........ 35
46. Deliberations ........ 35
47. Jury Charge ........ 36
48. Unanimous Verdict ........ 36
49. Verdict Form ........ 36
50. Communication With Court ........ 36
51. No Discussion ........ 37
52. Foreperson ........ 37
53. Not To Reveal Status ........ 37
54. Oath ........ 37

Now that the evidence has been presented and the attorneys have concluded their closing arguments, it is my responsibility to instruct you on the law that governs this case.

First, I will instruct you regarding the general rules that define and govern the duties of a jury in a criminal case, some of which you've heard before;

Second, I will instruct you as to the elements of the crimes charged in the indictment, that is, the specific elements that the government must prove beyond a reasonable doubt to warrant a finding of guilt; and

Third, I will give you some important principles to use during your deliberations. Shortly after you retire for your deliberations, I will provide you with several copies of my instructions, but I invite your close attention now.

## PART ONE: GENERAL RULES

### 1. Function Of Jury

Let me remind you that in accordance with your oath as jurors it is your duty to follow the law as I state it. You have the important responsibility to judge the facts. And you alone are the judges of the facts—not counsel—certainly not the Court.

### 2. Court Has No View

I express no view on whether the defendants are guilty or not guilty. You should not draw any inference or conclusion as to whether each is guilty or not guilty from anything I may have said or done. You will decide this case solely on the evidence and the law.

### 3. Parties Equal

The prosecution is, as you know, brought in the name of the United States, but that does not entitle the government to any greater or lesser consideration than the defendants. The government and the defendants are equal before this Court and they are entitled to equal

consideration.

4. No Bias

You must not be influenced by sympathy, prejudice or public opinion. I remind you at the outset that each of you has undertaken a solemn obligation, a sworn obligation, to decide this case solely on the evidence. You must carefully and impartially consider the evidence, follow the law as I state it, and reach a just verdict, regardless of the consequences.

5. Indictment As Accusation Only

I remind you as well that an indictment is merely an accusation in writing. It is not evidence of guilt. It is entitled to no weight in your determination of the facts. The defendants have pleaded not guilty, thereby placing in issue the allegations in the indictment.

6. Burden Of Proof

The government has, as you now know, the burden of proving guilt beyond a reasonable doubt, as you've heard before. This burden never shifts to the defendants. The defendants do not have to prove their innocence; they need not have submitted any evidence at all.

7. Defendants' Right Not To Testify

Under our Constitution, a defendant has no obligation to testify or to present any evidence because it is the government's burden to prove the defendant guilty beyond a reasonable doubt. A defendant is never required to prove that he is innocent. No inference of any kind may be drawn from the fact that the defendants did not testify.

Indeed, it was the defendants' constitutional right not to take the witness stand. I instruct you that you must not allow this fact in any way to prejudice the defendants, and you must not consider it as an indication, admission, evidence, or inference of guilt. Simply put, the fact that the defendants did not testify must never enter into your deliberations or discussions.

8. Reasonable Doubt

I have said now several times that the government must prove each individual defendant guilty beyond a reasonable doubt. So the question, naturally, is what is a reasonable doubt. It is a doubt based upon reason and common sense. It is a doubt that a reasonable person has after carefully weighing all of the evidence. It is a doubt that would cause a reasonable person to hesitate to act in a matter of importance in his or her personal affairs. Proof beyond a reasonable doubt, therefore, must be proof of such a convincing character that a reasonable person would not hesitate to rely and act upon it in the most important of his or her own affairs.

A reasonable doubt, however, is not an impulse or a whim; it is not speculation or suspicion. It is not an excuse to avoid the performance of an unpleasant duty. And it is not sympathy.

In a criminal case, the burden is at all times upon the government to prove guilt beyond a reasonable doubt. The law does not require that the government prove guilt beyond all possible doubt; proof beyond a reasonable doubt is sufficient to convict. Again, this burden never shifts to the defendants, which means that it is always the government's burden to prove each of the elements of the crimes charged beyond a reasonable doubt.

9. Presumption Of Innocence

The defendants have pleaded not guilty to the charges in the indictment. To convict the defendants, the burden is on the government to prove each defendant's guilt on each element of the charges beyond a reasonable doubt. The law presumes a defendant to be innocent and never imposes upon a defendant in a criminal case the burden or duty of calling any witness or producing any evidence.

In other words, each defendant starts with a clean slate and is presumed innocent of each

charge until such time, if ever, that you as a jury decide unanimously that the government has proven the defendant guilty of a given charge beyond a reasonable doubt. The presumption of innocence, unless overcome, is sufficient alone to acquit a defendant.

10. <u>What Is Evidence</u>

Now, you have seen and heard evidence in several forms, such as:

A. The sworn testimony of witnesses, both on direct and cross-examination;

B. Exhibits that have been received in evidence; and

C. Facts to which lawyers have agreed or stipulated. We appreciate the lawyers working together on that. It saves us an enormous amount of time.

11. <u>What Is Not Evidence</u>

The following things are not evidence:

A. Arguments and statements by the lawyers are not evidence.

B. Questions put to the witnesses, standing alone, are not evidence.

C. Objections to the questions or to offered exhibits are not evidence.

In this regard, you should understand that the attorneys have a duty to object when they believe evidence should not be received. You should not be influenced by the objection or by the Court's ruling on it. If the objection was sustained, ignore the question and any answer that may have followed. If the objection was overruled, treat the answer like any other answer.

D. And obviously, anything you may have seen or heard outside the courtroom is not evidence.

E. Nothing I have said or done should be used by you in inferring innocence or guilt. To repeat, I have no view as to how you should decide this case, and if I conveyed any impression to you, it must be disregarded.

12. Types Of Evidence

As I have instructed you previously, there are, generally speaking, two types of evidence from which you may find the truth as to the facts. One is direct evidence—such as the testimony of an eyewitness or participant. The other is indirect or circumstantial evidence, a phrase you have no doubt heard before, which is evidence of facts and circumstances from which it is reasonable to infer or deduce connected facts that reasonably follow in the common experience.

I will remind you of the circumstantial evidence example I gave you in my preliminary instructions. Assume, that when you came into the courthouse this morning the sun was shining and it was a beautiful fall day. Later, as you were sitting here, someone walks in with an umbrella that is dripping wet. A moment or two later, somebody else walks in with a wet umbrella. You have no direct evidence that it is raining, but, on the combination of facts that I have asked you to assume, it would be reasonable and logical for you to infer that it had begun to rain. That is all there is to circumstantial evidence. Using reason and experience, you infer from established facts the existence or the nonexistence of some other fact.

There is no distinction between the weight to be given to direct evidence and the weight to be given circumstantial evidence. No greater degree of certainty is required of circumstantial evidence than of direct evidence.

13. Weigh All Evidence

You should weigh all the evidence in the case. After considering the evidence, or the lack of evidence, if you are not convinced of the guilt of a defendant beyond a reasonable doubt with respect to a charge, then you must find him not guilty of that charge. On the other hand, if you are convinced beyond a reasonable doubt that a defendant is guilty of an offense charged in the indictment, then you should find him guilty of that charge.

## PART TWO: THE INDICTMENT

14. Multiple Defendants

As I instructed you in the beginning of the case, you must give separate consideration to each individual defendant. Each defendant is entitled to have his case determined from his own conduct and from the evidence that may be applicable to him. The fact that you find one defendant guilty or not guilty of one of the offenses charged should not control your verdict as to any other offenses charged against that defendant or against any other defendants. You must give separate and individual consideration to each charge against each defendant.

15. Separate Counts

A separate crime is charged in each count. You must consider each count separately and you must return a verdict for each count. The fact that you may find a defendant guilty or not guilty as to one of the counts charged does not determine your verdict as to the other count or counts charged against him.

16. Dates Approximate

As we proceed through the indictment, ladies and gentlemen, you may notice that it charges that offenses occurred "on or about" certain dates. The proof need not establish with certainty the exact dates of the alleged offenses. It is sufficient if the evidence establishes beyond a reasonable doubt that an offense was committed on a date reasonably near the dates alleged.

17. Knowingly, Intentionally And Willfully

Because all of the charges implicate the concepts of knowledge and intent, I will tell you now about these concepts before addressing each charge separately.

The government bears the burden of proving beyond a reasonable doubt that the defendants acted knowingly and intentionally. Therefore, before you can find a defendant guilty,

you must be satisfied that the defendant you are considering was acting knowingly and intentionally with respect to the acts comprising the charged offenses.

A person acts "knowingly" when he acts intentionally and voluntarily, and not because of ignorance, mistake, negligence, accident, carelessness or any other innocent reason. Whether a defendant acted knowingly may be proven by his conduct and by all of the facts and circumstances surrounding the case.

A person acts "intentionally" when he acts deliberately and purposefully. That is, the defendant's acts must have been the product of a conscious, objective decision rather than the product of a mistake or accident.

You will also hear me use the term "willfully" as to some charges. To act "willfully" means to act with knowledge that one's conduct is unlawful and with the intent to do something the law forbids, that is to say with the bad purpose to disobey or to disregard the law. The government is not required to prove that a defendant is aware of the law that actually forbids his conduct. A defendant's conduct was not "willful" if it was due to negligence, inadvertence, or mistake.

18. Count One: Murder-For-Hire Conspiracy

Count One charges the defendants with conspiring to commit murder-for-hire. A conspiracy is an agreement or an understanding, between two or more people, to accomplish a criminal or unlawful purpose. In this instance, the unlawful purpose alleged to have been the object of the conspiracy alleged in Count One is the commission of a murder-for-hire.

The crime of conspiracy to commit murder-for-hire is separate and distinct from the actual commission of a murder-for-hire, which the law refers to as the "substantive crime." Here, the defendants are charged with a conspiracy to commit murder-for-hire in Count One and are

charged with committing a substantive murder-for-hire in Count Two.

Because conspiracy and a substantive crime are distinct and independent offenses, you may find a defendant guilty of the crime of conspiracy even if you find that he never actually committed the substantive crime that was the object of the conspiracy.

In order to satisfy its burden of proof on Count One, the government must establish both of the following two elements beyond a reasonable doubt:

First, that two or more persons entered the unlawful agreement charged in the indictment; and

Second, that the defendant you are considering knowingly and intentionally was a member of the conspiracy.

Now let me separately address these two elements.

**A. First Element: Existence of a Conspiracy**

The first element requires the government to prove the existence of a conspiracy. As I mentioned, a conspiracy is a combination or agreement of two or more persons to accomplish an unlawful purpose. You need not find that the alleged members of the conspiracy met together and entered into any express or formal agreement. Similarly, you need not find that the alleged conspirators stated, in words or writing, what the scheme was, its object or purpose, or every precise detail of the scheme or the means by which its object or purpose was to be accomplished. What the government must prove is that there was a mutual understanding, either spoken or unspoken, between two or more people to cooperate with each other to accomplish an unlawful act, in this case murder-for-hire. You may infer such an agreement -- or conspiracy -- from the circumstances and conduct of the parties, since ordinarily a conspiracy is secret.

**B. Second Element: Membership in the Conspiracy**

The second element requires that, if you find a conspiracy existed, you must determine whether the defendant you are considering was or became a member of that conspiracy. That is, you must determine whether the defendant participated in the conspiracy intentionally and with knowledge of its unlawful purpose and in furtherance of its unlawful purpose. A defendant enters into a conspiracy "knowingly and intentionally" if he joins and participates in the conspiracy with knowledge of, and the intent to further, its unlawful purpose. A person need not be aware of the specific law or rule that his conduct may be violating. But he must act with the specific intent to do whatever it is the law forbids.

A defendant's knowledge is a matter of inference from the facts proved. In that regard, I instruct you that to become a member of the conspiracy, a defendant need not have known the identities of every member or have been apprised of all of their activities. Moreover, a defendant need not have been fully informed as to all of the details, or the scope, of the conspiracy in order to justify an inference of knowledge on his part.

The extent or duration of a defendant's participation has no bearing on the issue of a defendant's guilt. An equal role is not what the law requires. If you find that the conspiracy existed and if you further find that the defendant you are considering participated in it knowingly, intentionally, and voluntarily, the extent or degree of participation is not material. A defendant need not have been a member of the conspiracy from its very start, and he need not have participated in the conspiracy throughout its entire duration. Even a single act by a defendant may be sufficient to draw him within the circle of a conspiracy.

I instruct you that a defendant need not have a financial stake in the venture or its outcome to be deemed a participant in the conspiracy. Proof of a financial interest in the outcome

of a scheme is not essential. Whether you find a defendant had, or did not have, a financial interest in the outcome of the charged scheme is a factor you may consider in determining whether that defendant was a member of the conspiracy.

I want to caution you, however, that mere association with one or more members of the conspiracy does not automatically make a defendant a member. A person may know or be friendly with a criminal without being a criminal himself. I further want to caution you that mere knowledge or acquiescence, without participation, is not sufficient. The fact that the acts of a defendant merely happen to further the purposes or objectives of the conspiracy, without his knowledge, does not make the defendant a member. More is required under the law. What is necessary is that a defendant must have participated with knowledge of at least some of the purposes or objectives of the conspiracy and with the intention of aiding in the accomplishment of those unlawful ends.

19. Count Two: Murder-For-Hire

Because the objective of the conspiracy charged in Count One was to violate the law prohibiting murder-for-hire, I will now instruct you about the murder-for-hire law. Count Two charges the substantive crime of murder-for-hire and states:

> On or about and between November 1, 2017 and October 11, 2018, both dates being approximate and inclusive, within the Eastern District of New York and elsewhere, the defendants ALFRED LOPEZ, also known "Aloe," HIMEN ROSS, also known as "Ace" and "A Boggie," and ANTHONY ZOTTOLA, SR., together with others, did knowingly and intentionally use and cause another to use one or more facilities of interstate commerce, to wit: one or more cellular telephones, with intent that one or more murders be committed in violation of New York Penal Law Section 125.25, to wit: the murders of Sylvester Zottola and Salvatore Zottola, as consideration for the receipt of, and as consideration for a promise and agreement to pay, something of pecuniary value, and the death of Sylvester Zottola and the personal injury of Salvatore Zottola did result.

This count is based on a statute, Title 18, United States Code, Section 1958(a), which provides, in pertinent part:

> Whoever uses or causes another to use any facility of interstate or foreign commerce, with intent that a murder be committed in violation of the laws of any State or the United States as consideration for the receipt of, or as consideration for a promise or agreement to pay, anything of pecuniary value, or who conspires to do so, shall be [guilty of a crime].

The elements of the offense of murder-for-hire are:

First, that a defendant or another member of the conspiracy either used or caused someone else to use a facility of interstate commerce;

Second, that this use of the facility of interstate commerce was done with the intent that a murder be committed;

Third, that the defendant you are considering, or one of his co-conspirators, agreed to pay money or anything else of value to have these murders carried out; and

Fourth, that the death of Sylvester Zottola or the injury of Salvatore Zottola resulted from the murder-for-hire.

**A. First Element—Travel in Interstate Commerce or Use of Facilities of Interstate or Commerce**

The first element that the government must prove beyond a reasonable doubt is that the defendant used or caused someone else to use a facility of interstate commerce.

The term "facility of interstate commerce" includes making use of a means of transportation or communication that is capable of interstate travel or communication, and that includes the use of a telephone, as long as the telephone network is capable of placing calls between states. It does not matter whether the telephone call that was made with the intent of bringing about a murder-for-hire actually traveled across state lines. This would also include using a portion of the interstate highway system, even if the use of the highway does not involve the crossing of a state line.

**B. Second Element—Intent to Commit Murder**

The second element that the government must prove is that the use of a facility of interstate commerce was done with the intent that an individual be murdered, in violation of the laws of the State of New York. I instruct you that under the laws of New York, murder is defined as the unlawful killing of another person purposely or knowingly. A person kills purposely when his conscious object is to cause the death of another person. A person kills knowingly when he is aware that what he is doing will cause the death, or is practically certain to cause the death, of another person. For this element, the government does not have to prove that the murder was committed or even that it was attempted. Rather, it must prove that the travel in interstate commerce or the use of the facility of interstate commerce was done with the intent to further or facilitate the commission of the murder.

You should therefore look into the minds of the defendants individually and their co-conspirators, and ask: what was the purpose of the defendant you are considering or a co-conspirator in engaging in interstate travel, or in using a facility of interstate commerce, or in causing someone else to do so? You may determine that intent from all the evidence that has been placed before you, including statements of the defendants and their co-conspirators and their conduct both before and after the travel or use of the interstate facilities.

**C. Third Element—Payment of Money or Other Item of Pecuniary Value**

The third element that the government must prove is that the murder was intended to be committed as consideration for the receipt of anything of value. This requires that the government prove that there was a mutual agreement, understanding or promise that something of value would be exchanged for committing the murder. "Anything of value" means, for example, money, negotiable instruments, real estate, jewelry, forgiveness of debt, or anything

else that the primary significance of which is economic advantage.

**D. Fourth Element: Death and/or Personal Injury**

If you find that the government has proven each element of the murder for hire count, you will then consider whether the government has proven beyond a reasonable doubt that the murder-for-hire resulted in either the death or injury of a person, or both.

In order to establish that a defendant's conduct resulted in death or injury, the government must prove beyond a reasonable doubt that because of the defendant's actions, an individual died or was injured. The government is not required to prove that the defendant intended to cause death or injury, only that the individuals died or were injured as a result of the defendant's actions.

**E. Aiding and Abetting**

The defendants can also be convicted of substantive murder-for-hire, as charged in Count Two, under a theory of "aiding and abetting" liability. The federal aiding-and-abetting statute provides that whoever "aids, abets, counsels, commands, induces or procures" another person in the commission of an offense is punishable as though he himself committed the offense.

The first requirement of the aiding and abetting statute is that another person has committed the crime charged. Obviously, no one can be convicted of aiding and abetting another person's crime if no crime was committed by the other person. But if you do find that a crime was committed, then you must determine whether the defendant you are considering aided or abetted the commission of that crime. To aid and abet another to commit a crime, it is necessary that a defendant willfully and knowingly associates himself in some way with the crime, and that he willfully and knowingly participates in the crime by doing some act to help make the crime succeed. Participation in a crime is "willful" if action is taken voluntarily and intentionally.

However, I must caution you that the mere presence of a defendant where a crime is being committed, even coupled with knowledge by the defendant that a crime is being committed, or the mere acquiescence by a defendant in the criminal conduct of others, even with knowledge that those people are committing a crime, is not sufficient to establish aiding and abetting. A person is not guilty as an aider and abettor just because he is a knowing spectator of a crime. A person is also not guilty as an aider and abettor if he has no knowledge a crime is being committed but inadvertently does something that aids in the commission of that crime. An aider and abettor must have some interest in the criminal venture. The government must prove that an aider and abettor took some conscious action to further the commission of the crime, and that he did so with the intent to bring about the crime.

**F. Conspiratorial Liability**

With respect to Count Two, which I just discussed, and Counts Three and Four of the indictment, which I will discuss shortly, if you do not find that the government has satisfied its burden of proving that a defendant is guilty as a principal or as an aider and abettor, there is another method by which you may evaluate a defendant's guilt. If you find, beyond a reasonable doubt, that a particular defendant was a member of the conspiracy charged in Count One of the indictment, and guilty on the conspiracy charged in Count One, then you may also, but you are not required to, find him guilty of the crimes charged against him in Counts Two, Three and Four by virtue of his role in that conspiracy. In order to do so, you must find beyond a reasonable doubt, each of the following five elements:

First, that the substantive crime charged in the count at issue was committed;

Second, that the person or persons you find actually committed the crime were members of the conspiracy;

Third, that the substantive crime charged in the count at issue was committed pursuant to the common plan and understanding you found to exist among the conspirators;

Fourth, that the defendant you are considering was a member of that conspiracy at the time the substantive crime was committed; and

Fifth, that the defendant could have reasonably foreseen that the substantive crime might be committed by his co-conspirators.

If you find all of these elements to exist beyond a reasonable doubt, then you may find the defendant you are considering guilty of Counts Two, Three and Four even if you determine the defendant did not personally participate in the acts constituting that crime. The reason for this rule is simply that a co-conspirator who commits a substantive crime pursuant to a conspiracy is deemed to be the agent of the other conspirators. Therefore, all the co-conspirators must bear criminal responsibility for the commission of the substantive crimes.

20. Count Three: Unlawful Use, Possession and Discharge of Firearms

Count Three of the indictment charges the defendants with unlawful use, possession and discharge of firearms during and in relation to a crime of violence. Specifically, the indictment alleges that:

> On or about and between November 1, 2017 and October 11, 2018, both dates being approximate and inclusive, within the Eastern District of New York and elsewhere, the defendants ALFRED LOPEZ, HIMEN ROSS, and ANTHONY ZOTTOLA, SR., together with others, did knowingly and intentionally use and carry one or more firearms during and in relation to a crime of violence, to wit: the crime charged in Count Two, and did knowingly and intentionally possess such firearms in furtherance of said crime of violence, one or more of which firearm was brandished and discharged.

The relevant statute on this subject is Title 18, United States Code section 924(c), which provides:

> Any person who, during and in relation to any crime of violence . . . for which the person may be prosecuted in a court of the United States, uses or carries, a firearm, or who, in

furtherance of any such crime, possesses a firearm, shall [be guilty of a crime].

For Count Three, the government must prove each of the following elements beyond a reasonable doubt:

First, that the defendant you are considering is guilty of a crime of violence for which he might be prosecuted in a court of the United States, namely murder-for-hire as charged in Count Two;

Second, that a firearm was knowingly used or carried during and in relation to the commission of, or was possessed in furtherance of, the murder-for-hire as charged in Count Two.

**A. First Element: Crime of Violence**

The first element the government must prove beyond a reasonable doubt is that the defendant you are considering is guilty of a crime of violence for which he might be prosecuted in a court of the United States. The defendants are charged in Count Two of the indictment with murder-for-hire. I instruct you that murder-for-hire is a crime of violence. However, it is for you to determine whether the government has proven beyond a reasonable doubt that the defendants are guilty of this crime. If you find that the government failed to prove a defendant's guilt as to Count Two, then you must acquit that defendant on Count Three as well.

**B. Second Element: Use of a Firearm**

The second element the government must prove beyond a reasonable doubt is that a firearm was knowingly carried or used during and in relation to, or that the firearm was possessed in furtherance of, the commission of the crime of murder-for-hire charged in Count Two.

In order to prove that the firearm was "used," the government must prove beyond a reasonable doubt that the firearm was actively employed during and in relation to the murder-for-

hire. This does not mean that the weapon was actually fired or attempted to be fired, although those would obviously constitute use of the weapon. Brandishing, displaying, or even referring to the weapon so that others knew that the firearm was available, all constitute use of the firearm. However, the mere possession of a firearm at or near the site of the crime without active employment as I just described it is not sufficient to constitute a "use" of the firearm.

In order to prove that the firearm was "carried," the government must prove beyond a reasonable doubt that the weapon was within a person's control in such a way that it furthered the commission of the crime of violence or was an integral part of the commission of the crime. The person did not necessarily have to hold the firearm physically, that is, have actual possession on his person — though that obviously would suffice.

To prove that the firearm was "possessed . . . in furtherance of the crime," the government must prove that the firearm was possessed and that such possession was in furtherance of that crime. Possession means that someone either had physical possession of the firearm on his person or that he had dominion and control over the place where the firearm was located and had the power and intention to exercise control over the firearm. To possess a firearm in furtherance of the crime means that the firearm helped forward, advance, or promote the commission of the crime. The mere possession of the firearm at the scene of the crime is not sufficient under this definition. The firearm must have played some part in furthering the crime in order for this element to be satisfied.

As the charge is that the firearm was used or carried during and in furtherance of Count Two, before you may find a defendant guilty of this charge, you must be unanimous with regard to the underlying crime. Therefore, in relation to Count Three, before you may find a defendant guilty, you must all agree that the firearm was used or carried in furtherance of the particular

offense charged in Count Two.

**C. Additional Finding: Brandishing and Discharge**

If you find a defendant guilty of Count Three, you will also be asked to consider two additional questions — whether any firearm was brandished or discharged in furtherance of Count Two.

To "brandish" a firearm means to display all or part of the firearm, or otherwise make the presence of the firearm known to another person, in order to intimidate that person, regardless of whether the firearm is directly visible to that person.

"To discharge" means to fire a firearm.

There will be a separate space on the verdict sheet for you to indicate whether you find that a firearm was brandished and/or discharged.

**D. Section 924(c) Aiding and Abetting**

You may also find a defendant guilty of Count Three if the government has proven beyond a reasonable doubt that he aided and abetted another in using or carrying a firearm during and in relation to, or in possessing a firearm in furtherance of, a crime of violence. Accordingly, even if the defendant you are considering did not himself use, possess, or carry a firearm in furtherance of the Count Two murder-for-hire, the government may satisfy its burden if it proves beyond a reasonable doubt that the defendant aided and abetted another person's use, possession, or carrying of a firearm in furtherance of the murder-for-hire charged in Count Two.

In determining whether the defendant you are considering is guilty as an aider and abettor, you must follow the general instructions on aiding and abetting that I have already given you. You will recall that the government must first prove beyond a reasonable doubt that some person used or carried a firearm during and in relation to, or possessed a firearm in furtherance of

the murder-for-hire as charged in Count Two. To find a defendant guilty as an aider and abettor on this count, however, it is not enough to simply find beyond a reasonable doubt that the defendant knew a firearm would be used, carried, or possessed during the commission of the underlying crime of violence. Rather, there are two additional requirements that apply to aiding and abetting the use, carrying, or possession of a firearm.

In order to find a defendant guilty of aiding and abetting the use or carrying of a firearm during and in relation to, or possession of a firearm in furtherance of a crime of violence, you must find that the defendant you are considering (1) took an affirmative act in furtherance of that offense, and (2) that he did so with the intent of facilitating the offense's commission.

1. *Affirmative Act*

A person takes an affirmative act in furtherance of an offense if he facilitates, that is, if he acts to help or assist or make possible, any part—though not necessarily every part—of the crime. An affirmative act includes all assistance rendered by words, acts, encouragement, support or presence. As a result, in the context of aiding and abetting the use or carrying of a firearm during and in relation to, or possession of a firearm in furtherance of a crime of violence, a person takes the necessary affirmative act if he facilitates the use, carrying or possession of the firearm or the commission of the crime of violence. It is not necessary that the person facilitate both the possession of the firearm and the crime of violence.

2. *Intent*

A person acts with the required intent if he knowingly associates himself in some way with the crime and participates in the crime by doing some act to help make the crime succeed. This intent requirement is satisfied when a person actively participates in a criminal venture with full knowledge of the circumstances constituting the charged offense.

In the context of aiding and abetting the use or carrying of a firearm during and in relation to, or possession of a firearm in furtherance of, a crime of violence, a person acts with the requisite intent if he had advance knowledge that a co-conspirator would use or carry a firearm during and in relation to, or possess a firearm in furtherance of a crime of violence.

Advance knowledge means knowledge at a time the person can still attempt to alter the plan or withdraw from the enterprise. Knowledge of the gun may, but does not have to, exist before the underlying crime has begun. It is sufficient if the knowledge is gained in the midst of the underlying crime, as long as the individual continues to participate in the crime and has a realistic opportunity to withdraw. You may, but need not, infer that the defendant you are considering had sufficient knowledge if you find that the defendant continued participation in the crime after learning about the use, carrying or possession of a gun by a co-conspirator.

21. Count Four: Causing Death Through Use Of A Firearm

Count Four of the indictment charges the defendants with causing death through the use of a firearm. Specifically, Count Four states:

> On or about October 4, 2018, within the Eastern District of New York and elsewhere, the defendants ALFRED LOPEZ, also known as "Aloe," HIMEN ROSS, also known as "Ace" and "A Boggie," and ANTHONY ZOTTOLA, SR., together with others, in the course of a violation of Title 18, United States Code, Section 924(c), to wit: the crime charged in Count Three, did knowingly and intentionally cause the death of a person through the use of a firearm, which killing was a murder as defined in Title 18, United States Code, Section 1111(a), in that the defendants, together with others, with malice aforethought, did unlawfully kill Sylvester Zottola willfully, deliberately, maliciously and with premeditation.

This count alleges a violation of Title 18, United States Code, Section 924(j), which provides:

> A person who, in the course of a violation of [Title 18, United States Code, Section 924(c)], causes the death of a person through

> the use of a firearm shall – if the killing is a murder – [be guilty of a crime].

Murder is defined in the relevant statute as the unlawful killing of a human being with malice aforethought. The government must therefore prove each of the following elements beyond a reasonable doubt:

First, that the defendant you are considering, or another person whom he aided and abetted, caused the death of Sylvester Zottola;

Second, that the defendant acted with malice aforethought; and

Third, that the death of Sylvester Zottola occurred as a consequence of and while the defendant you are considering, or another person whom he aided and abetted, was knowingly and intentionally using a firearm during and in relation to the murder-for-hire as charged in Count Two.

**A. First Element: Causing Death**

The first element the government must prove beyond a reasonable doubt is that the defendant you are considering caused the death of Sylvester Zottola on or about October 4, 2018. In this regard, it is the government's burden to prove that the conduct of the defendant you are considering, or another person whom he aided and abetted, was the direct cause of Sylvester Zottola's death. This means simply that the government must prove that the defendant, or someone else whom he aided and abetted, inflicted an injury or injuries upon Sylvester Zottola from which Sylvester Zottola died.

**B. Second Element: Malice Aforethought**

The second element the government must prove beyond a reasonable doubt is that the defendant you are considering acted with malice aforethought. Malice is the state of mind that would cause a person to act without regard to the life of another. To satisfy this element, the

defendant must have acted consciously, with the intent to kill another person. The government must prove that the defendant acted willfully, with a bad or evil purpose to break the law. However, the government need not prove spite, malevolence, hatred, or ill will toward the victim.

**C. Third Element: Offense Occurred as a Consequence of the Crime Charged in Count Two**

The third element the government must prove beyond a reasonable doubt is that the death of Sylvester Zottola occurred as a consequence of, and in the course of, the defendant you are considering knowingly and intentionally committing, or aiding and abetting, the crime of using a firearm in relation to the murder-for-hire charged in Count Two.

## PART THREE: GENERAL PRINCIPLES

Moving now to the final section of these instructions, I will give you some general principles that should guide your deliberations.

22. Credibility

In deciding whether or not the government has proven beyond a reasonable doubt the offenses I have described to you, you must, of course, weigh the evidence before you. You are the sole judges of the credibility of the witnesses and of the weight their testimony deserves. As the sole judges of a witness' credibility, you may consider factors such as the appearance and conduct of the witness, the manner in which the witness testified, the character of the testimony given, or evidence contrary to the testimony given.

You should carefully scrutinize all the testimony given, the circumstances under which each witness testified, and other matters in evidence which tend to indicate whether a witness is worthy of belief. Your determination of the issue of credibility must depend upon the impression that a witness makes upon you as to whether or not he or she is telling you the truth or giving

you an accurate version of what occurred.

23. Motive

Proof of motive is not a necessary element of the crime with which the defendants are charged. Proof of motive does not establish guilt, nor does a lack of proof of motive establish that a defendant is not guilty. If the guilt of the defendant you are considering is shown beyond a reasonable doubt, it is immaterial what the motive for the crime may be, or whether any motive be shown, but the presence or absence of motive is a circumstance that you may consider as bearing on the intent of a defendant.

24. Interested Witnesses

Consider each witness's motive and state of mind, possible partisanship in the case, and demeanor and manner while on the stand. Consider particularly the relationship that each witness bears to either side of the case, the nature of that relationship, the manner in which each witness might be affected by the verdict, and the extent to which, if at all, each witness's testimony is either supported or contradicted by other evidence in the case.

The question really is, what was your impression of the witness? Did the witness's version appear straightforward and candid or did the witness try to hide some of the facts? Is there a motive of any kind to testify falsely or truthfully or to shade the testimony offered? In other words, what you try to do, in plain English, is to size the person up, just as you would do in any important matter when you are undertaking to determine whether or not a person is being truthful, candid, straightforward or otherwise reliable.

25. Cooperating Witnesses

You have heard the testimony of witnesses who testified under an agreement with the government. Under the agreements, the witnesses agreed to testify and the government promised

to bring their cooperation to the attention of the appropriate sentencing court.

You should bear in mind that a cooperating witness has an interest in this case different from any ordinary witness. A witness who realizes that he may be able to avoid prosecution, obtain his own freedom, or receive a lighter sentence by giving testimony favorable to the prosecution may have a motive to testify falsely. Therefore, you must scrutinize such testimony with caution and weigh it with great care.

You also heard brief testimony about what has been referred to as a 5K1.1 letter. That section of the Sentencing Guidelines, provides that, upon a motion by the government stating that an individual has provided substantial assistance in the investigation or prosecution of another person, the court may, in its discretion, depart from the guidelines and sentence that individual without regard to any mandatory minimum sentence. Two factors you should bear in mind are: (1) only the government can make such a motion and it cannot be compelled to do so, unless it acts in bad faith in refusing to make such a motion; and (2) the court has complete discretion as to whether it will or will not depart from the guidelines or any mandatory minimum sentence that may be applicable, and is free, in any event, to impose any sentence that it deems appropriate and reasonable.

Further, you are to draw no conclusions or inferences of any kind about the guilt of the defendants from the fact that a prosecution witness has pleaded guilty to a criminal charge. A witness' decision, or anyone's decision, to plead guilty is a personal decision about his own guilt. It may not be used by you as evidence of any defendant's guilt.

26. <u>Witness With Immunity</u>

Under the law, Congress has granted the government the right to request that a witness be compelled to testify after exercising his constitutional right against self-incrimination. In this

case, the Court has, upon request of the attorneys for the government, compelled Mr. Salvatore Zottola to testify and has granted him immunity from prosecution. Where a witness has testified under an immunity order, the testimony given by the witness cannot be used against him, except in a prosecution for perjury or making a false statement.

It is important for you to understand that it would be improper and in violation of your oath to question the wisdom or propriety of the policy of permitting the Court to immunize a witness, or the decision by the government to obtain immunity for a witness. As I told you earlier, your function as jurors is to determine the facts from the evidence and to apply those facts to the law as the Court instructs you on the law to arrive at a verdict. The matter of immunity is relevant, but only as to your consideration of the credibility of a witness who has been immunized. Therefore, you should examine this testimony with caution and weigh it with care taking into account the fact that the witness testified pursuant to an immunity order.

27. <u>Law Enforcement Witnesses</u>

You heard the testimony of law enforcement officials. The fact that a witness may be employed as a law enforcement official does not mean that his or her testimony is necessarily deserving of more or less consideration or greater or lesser weight than that of any ordinary witness. You should evaluate such testimony in the same manner as you would the testimony of any other witness.

28. <u>Use of Evidence Obtained By Law Enforcement</u>

You have heard testimony about evidence seized or obtained in connection with certain searches conducted by law enforcement officers, or otherwise obtained by law enforcement. Evidence obtained by law enforcement was properly admitted in this case and may be properly considered by you. Such searches were appropriate law enforcement actions.

Whether you approve or disapprove of how this evidence was obtained should not enter into your deliberations. You must, therefore, give this evidence full consideration along with all the other evidence in the case in determining whether the government has proved a defendant's guilt beyond a reasonable doubt.

29. Particular Investigative Techniques Not Required

There is no legal requirement that law enforcement agents investigate crimes in a particular way or that the government prove its case through any particular means. While you are carefully to consider the law enforcement evidence introduced by the government, you are not to speculate as to why they used the techniques they did or why they did not use other techniques. The government is not on trial. Law enforcement techniques are not your concern.

Your concern is to determine whether, on the evidence or lack of evidence, the government has proven its case beyond a reasonable doubt.

30. Expert Witnesses

You have also heard the testimony of expert witnesses. A witness who qualifies as an expert because of experience, training, and knowledge of scientific or technical matters is permitted to testify as to opinions on those matters. You may consider those opinions and give them such weight as you think they deserve. When you evaluate the weight of this testimony, you should consider the education and experience of the witnesses and the facts upon which the witnesses based their opinions. However, no opinion is binding on your determinations, and you may reach opposite conclusions on the basis of other evidence in the case. If you decide that a witness' opinion is not based on sufficient knowledge, or that the reasons given in support of the opinion are not sound, or that other evidence outweighs the opinion, you may disregard the opinion altogether.

31. Uncalled Witnesses

There are several persons whose names you have heard during the course of the trial but who did not appear here to testify. I instruct you that each party had an equal opportunity or lack of opportunity to call any of these witnesses. Therefore, you should not draw any inferences or reach any conclusions as to what they would have testified to had they been called. Their absence should not affect your judgment in any way.

You should also remember, however, my instruction that the law does not impose on a defendant in a criminal case the burden or duty of calling any witness or producing any evidence.

32. Number Of Witnesses

The fact that one party called more witnesses and introduced more evidence than the other does not mean that you should necessarily find facts in favor of the side offering the most witnesses. To do this you must look at all the evidence drawing upon your own common sense and personal experience.

Keep in mind that the burden of proof is always on the government and no defendant is required to call any witnesses or offer any evidence since he is presumed to be innocent.

33. Persons Not On Trial Or Not Indicted

Some of the persons who may have been involved in the events leading to this trial are not on trial. There is no requirement that all conspirators be charged, prosecuted, or tried together in the same proceeding. You may not draw any inference, favorable or unfavorable, toward the government or the defendants from the fact that certain persons other than the defendants were not named in the indictment. These matters are wholly outside your concern and have no bearing whatsoever on your critical function as jurors.

34. Interview Of Witnesses

There was testimony at trial that the attorneys interviewed witnesses when preparing for trial. You should understand that attorneys are obligated to prepare their cases as thoroughly as possible and, in the discharge of that responsibility, properly interview witnesses before trial and if necessary throughout the course of the trial.

35. Witness Drug Use

The government called a witness who testified that he had used drugs. I instruct you that there is nothing improper about calling such a witness to testify about events within his personal knowledge. On the other hand, his testimony must be examined with greater scrutiny than the testimony of any other witness. The testimony of a witness who is using drugs (or is an addict) at the time of his testimony may be less believable because of the effect the drugs may have on his ability to perceive or relate the events in question. If you decide to accept his testimony, after considering it in light of all the evidence in this case, then you may give it whatever weight, if any, you find it deserves.

36. Inconsistent Statements

You have heard evidence that several witnesses made one or more statements on earlier occasions that counsel argues are inconsistent with the witness' trial testimony. Evidence of a prior inconsistent statement is not to be considered by you as affirmative evidence bearing on a defendant's guilt. Evidence of the prior inconsistent statement was placed before you for the more limited purpose of helping you decide whether to believe the trial testimony of the witness who contradicted himself. If you find that the witness made an earlier statement that conflicts with his testimony, you may consider that fact in deciding how much of his trial testimony, if any, to believe.

In making this determination, you may consider whether the witness purposely made a false statement or whether it was an innocent mistake; whether the inconsistency concerns an important fact, or whether it had to do with a small detail; whether the witness had an explanation for the inconsistency, and whether that explanation appealed to your common sense.

It is exclusively your duty, based upon all the evidence and your own good judgment, to determine whether the prior statement was inconsistent, and if so, how much, if any, weight to be given to the inconsistent statement in determining whether to believe all or part of the witness' testimony.

37. Character Evidence

You have heard witnesses who have testified to one or more of the defendants' character. This testimony is not to be taken by you as the witness' opinion as to whether any of the defendants is guilty or not guilty. That question is for you alone to determine. You should, however, consider this character evidence together with all the other facts and all the other evidence in the case in determining whether the defendant is guilty or not guilty of the charges.

Accordingly, if after considering all the evidence, including testimony about the defendant's character, you find a reasonable doubt has been created, you must acquit that defendant of all charges.

On the other hand, if after considering all the evidence, including that of the defendant's character you are satisfied beyond a reasonable doubt that the defendant is guilty, you should not acquit the defendant merely because you believe him to be a person of good character.

38. All Available Evidence Need Not Be Produced

Although the government bears the burden of proof, the law does not require the government to produce as witnesses all persons who may have been present at any time or place

involved in the case, or who may appear to have some knowledge of the matter in issue in this trial. Nor does the law require the government to produce as exhibits all papers and things mentioned during the course of the trial.

39. Stipulations

In this case you have heard evidence in the form of stipulations of testimony. A stipulation of testimony is an agreement between the parties that, if called as a witness, the person would have given certain testimony. You must accept as true the fact that the witness would have given that testimony. However, it is for you to determine the effect to be given that testimony.

You have also heard evidence in the form of stipulations of fact. A stipulation of fact is an agreement between the parties that a certain fact is true. You must regard such agreed-upon facts as true. The weight or importance of the fact is a matter for you, the jury, to decide.

40. Charts And Summaries

The government and defense have presented exhibits in the form of charts and summaries. I decided to admit these charts and summaries in addition to the underlying documents they represent in order to save time and avoid unnecessary inconvenience. You should consider these charts and summaries as you would the underlying evidence.

41. Statements Of Counsel

I remind you one final time that the statements, comments, arguments, and tone of voice of the attorneys do not constitute evidence. Nor does anything I have said or done.

42. Punishment

The question of possible punishment of the defendants is of no concern to the jury and should not influence your deliberations. The duty of imposing a sentence rests exclusively with

me. Your function is to weigh the evidence in the case, and to determine whether or not each defendant is guilty beyond a reasonable doubt, solely upon the basis of the evidence. Under your oath as jurors, you cannot allow a consideration of the punishment that may be imposed upon the defendants, if convicted, to influence your verdict, in any way, or, in any sense, to enter into your deliberations.

43. Jurors' Recollection Governs

Your recollection governs. Nobody else's. Not the Court's—if I have made reference to the testimony—and not counsel's recollection. It is your recollection that must govern during your deliberations. If necessary, during those deliberations, you may request a reading from the trial transcript that may refresh your recollection. The evidence in the case, however, resides within your collective recollection.

If necessary, you may request, during the course of your deliberations, certain read-backs of testimony. Please, as best as you can, try to be as specific as possible if you make requests for read-backs; in other words, if you are interested only in a particular part of a witness' testimony, please, as best you can, indicate that to us in your note. Bear in mind it may take some time for us to locate the testimony in the transcripts, so please be patient.

And, as a general matter, if there is ever a delay in responding to a jury note, please understand there is a reason for it. None of us goes anywhere. A deliberating jury takes priority over all other court business. As soon as a jury note is delivered to the Court by the Marshal, we turn our attention to it immediately. So, if there is a delay, there is a reason for it. We are here to serve you and respond to your requests as promptly as possible.

If you have any questions about the applicable law, and I'm fully aware I've given you a mouthful, and you want a further explanation from me, send me a note, don't be shy. If you want

to see any or all of the exhibits, send me a note. Just so you know, I do not automatically send exhibits into the jury room, but you can ask for anything you like, including all the exhibits, or specific exhibits, whatever the case may be. And we will get it to you as promptly as possible.

44. Inferences

The attorneys in summing up have asked you to draw certain inferences from the evidence in the case. Any inference you draw must be reasonably based on the evidence, and you may infer only such facts that your reason and common sense lead you to believe follow from the evidence. You are not to engage in speculation based on matters not in evidence.

45. Ignore External Sources Of Information

I instruct you that anything you may have seen or heard about this case outside the courtroom is not evidence and must be disregarded. Indeed, as I have instructed you throughout this case during your deliberations, you must not communicate with or provide any information to anyone by any means about this case. You may not use any electronic device or media such as a smartphone or computer, internet, text, or social media platform, like Instagram, to communicate to anyone any information about this case or to conduct any research about this case until I accept your verdict. You should not consult reference materials or use any other electronic tool to obtain information about the case or to help you decide the case.

46. Deliberations

During deliberations, you are entitled to your own opinions but you should exchange views with your fellow jurors and listen carefully to each other. That is the very nature of the deliberative process. Do not hesitate to change your opinion if you are convinced that another opinion is correct. But each of you must make your own decision.

47. <u>Jury Charge</u>

In a few minutes, I will supply you with copies of my instructions. If you refer to these instructions, keep in mind that you should consider them as a whole. Each part of these instructions is important in your deliberations. And, most importantly, do not let my giving you my instructions discourage you in any way from asking for further instructions or clarification from the Court.

48. <u>Unanimous Verdict</u>

Any verdict you reach must be unanimous. As to each defendant separately, you must all agree whether the government has proved each element of each crime charged beyond a reasonable doubt to reach a verdict.

49. <u>Verdict Form</u>

When you retire, you'll receive a verdict form. It should be straightforward but if you see something that doesn't make sense, simply send me a note with any questions and we will respond as appropriate. When you are ready to report your verdict, check the verdict form carefully so that it accurately reflects the jury's verdict, and bring it to the courtroom when summoned by the Court.

50. <u>Communication With Court</u>

If you wish during your deliberations to communicate with the Court, for any reason, send me a note through the Marshal. No member of the jury should ever attempt to communicate with the Court by any means other than a signed writing; and the Court will never communicate with any member of the jury on a subject touching the merits of the case, other than in writing, or, more likely than not, here in open court.

51. <u>No Discussion</u>

You will not discuss this case with anyone outside the jury room. I emphasize the word "anyone," because that includes your fellow jurors. You will only discuss the case when all 12 deliberating jurors are together, in the jury room, with no one else present, behind a closed door. This is absolutely critical. At no other time is there to be any discussion about the merits of the case. So please be vigilant about that.

52. <u>Foreperson</u>

When you go next door to begin your deliberations, you should first select someone to be the foreperson. The foreperson will be responsible for signing all communications to the Court and for handing them to the Marshal during your deliberations.

53. <u>Not To Reveal Status</u>

Bear in mind also that you are not to reveal to any person—not even to me—how the jury stands numerically on the question of whether a defendant is guilty or not guilty, until after you have reached a unanimous verdict. At that time, you should send me a note saying, "We have reached our verdict." You will be summoned to the courtroom and the Clerk will take your verdict.

54. <u>Oath</u>

Ladies and gentlemen, your oath sums up your duty—and that is, without fear or favor to any person, you will well and truly try the issues in this case according to the evidence presented to you in court, and according to the law as I have just instructed you.