UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
--------------------------------------x

UNITED STATES OF AMERICA

               -against-

                                         **MEMORANDUM & ORDER**

ASIF MERCHANT,                         24-CR-362(EK)

                      Defendant.

--------------------------------------x

ERIC KOMITEE, United States District Judge:

Currently before the Court is the government's motion to withhold certain classified materials from discovery pursuant to Section Four of the Classified Information Procedures Act (CIPA), 18 U.S.C. app. 3, and Federal Rule of Criminal Procedure 16.  For the reasons explained below, the motion is largely granted.  The Court reserves judgment on one item discussed below.

## I.  Background

On September 10, 2024, a grand jury sitting in this District returned a two-count indictment against Asif Merchant.  The indictment charged him with attempting to commit an act of terrorism transcending national boundaries, in violation of 18 U.S.C. § 2332b, and murder for hire, in violation of 18 U.S.C. § 1958(a).  Indictment, ECF No. 16.  The government alleges that Merchant traveled to the United States to kill government officials.  Gov't's Mem. in Supp. ("Br.") 6.  In April 2024,

1

Merchant allegedly flew from Pakistan to Turkey, and then to the United States.  *Id.* at 9.  Shortly thereafter, he contacted an individual to assist him in contracting one or more hitmen.  *Id.* at 7.  That individual reported Merchant's conduct to law enforcement and became a confidential source.  *Id.*  The confidential source introduced Merchant to undercover law enforcement officers posing as hitmen.  *Id.*  Merchant then paid the undercover officers $5,000 as an advance, and explained his plan.  *Id.*  He was arrested shortly thereafter.

The government has moved for a protective order permitting it to withhold more than a million classified items from discovery.  The prosecution collected that material from [**REDACTED**], and Federal Bureau of Investigation.  The motion was accompanied by a classified brief in support.  Mot. for Protective Order; Br.[1]  Following receipt of the motion, the Court held separate *ex parte*, *in camera* conferences with the government and defense counsel.  *See* Docket Entries dated Aug. 6 and Aug. 13, 2025.[2]  At the Court's request, both parties

---

[1] The government's application to file the instant motion, including all supplemental submissions, *ex parte* and under seal is granted because disclosure of the contents would compromise the government's interest in protecting national security and would defeat the purpose of this protective order.  *See United States v. Abu-Jihaad*, 630 F.3d 102, 143 (2d Cir. 2010).

[2] This is a relatively common practice in CIPA prosecutions.  *See, e.g.*, *United States v. Aref*, 533 F.3d 72, 81 (2d Cir. 2008) ("In a case involving classified documents, *ex parte*, *in camera* hearings in which government counsel participates to the exclusion of defense counsel are part of the process that the district court may use in order to decide the relevancy of the information.").  Accordingly, the Court will produce four versions of

submitted supplemental letters after their respective conferences. *See* Gov't Ltr. dated Aug. 27, 2025; Def. Ltr. dated Aug. 27, 2025. The government also provided the Court with a sample of the classified material in this case. Later, the Court held a second conference with the government and requested further briefing, and in November and January, requested that the government furnish certain additional documents for *in camera* review. *See* Docket Entry dated Sept. 16, 2025; Classified Order dated Nov. 25, 2025 ("Nov. 2025 Order"); Classified Order dated Jan. 12, 2026 ("Jan. 12, 2026 Order"); Classified Order dated Jan. 13, 2026 ("Jan. 13, 2026 Order").

Apart from the discovery the government seeks to withhold, it has provided Merchant with several productions of unclassified discovery. *See* Br. 26-28; ECF Nos. 52, 60, 66, 69, 72 (detailing productions). The government has confirmed that, to the extent it seeks to withhold documents because it obtained them through classified *methods*, rather than because of the documents' contents, it has endeavored to obtain those same

---

this Order. First, a version including all classified information, and sensitive information provided by both parties will be made available for the Second Circuit in case of appeal. Second, a version without classified information, and with no sensitive information provided by the parties will be made available for the public. Third, a version with classified information, but no sensitive information provided by the defense will be made available to the government. Finally, a version without classified information, or sensitive information provided by the government will be made available to the defense.

materials via unclassified methods and, where possible, produced those returns to Merchant.  Gov't Ltr. dated Aug. 27.

In December, after the government produced recordings of certain declassified phone calls, Merchant moved for discovery of all recorded communications of his.  ECF No. 65 ("Def. Ltr.").  The government opposes this request.  ECF No. 68 ("Gov't Ltr. dated Dec. 9, 2025").

## II.  Legal Standards

CIPA was "designed to establish procedures to harmonize a defendant's right to obtain and present exculpatory material upon his trial and the government's right to protect classified material in the national interest."  *United States v. Pappas*, 94 F.3d 795, 799 (2d Cir. 1996).[3]  Section 4 of CIPA provides:

> The court, upon a sufficient showing, may authorize the United States to delete specified items of classified information from documents to be made available to the defendant through discovery under the Federal Rules of Criminal Procedure, to substitute a summary of the information for such classified documents, or to substitute a statement admitting relevant facts that the classified information would tend to prove.

18 U.S.C. app. 3, § 4.  Section 4 "clarifies district courts' power under Federal Rule of Criminal Procedure 16(d)(1) to issue protective orders denying or restricting discovery for good

---

[3] Unless otherwise noted, when quoting judicial decisions this order accepts all alterations and omits all citations, footnotes, and internal quotation marks.

cause, which includes information vital to the national security." *United States v. Abu-Jihaad*, 630 F.3d 102, 140 (2d Cir. 2010). Relatedly, Rule 16 itself provides that "[a]t any time the court may, for good cause, deny, restrict, or defer discovery or inspection, or grant other appropriate relief." Fed. R. Crim. P. 16(d)(1).

The Section 4 inquiry proceeds through several steps. The Court must first determine "whether the material in dispute is discoverable." *Abu-Jihaad*, 630 F.3d at 141. To do so, we look to the Federal Rules of Criminal Procedure. *See In re Terrorist Bombings of U.S. Embassies in E. Africa*, 552 F.3d 93, 116 (2d Cir. 2008) ("[s]ection four provides that, if the discovery to be provided to the defense pursuant to the Federal Rules of Criminal Procedure includes classified information, the district court" may authorize various remedies). If the materials are discoverable, we assess "whether the state-secrets privilege applies." *Abu-Jihaad*, 630 F.3d at 141. If the privilege applies, the Court must determine "whether the information is helpful or material to the defense" — that is, "useful to counter the government's case or to bolster a defense." *Id.* If so, the Court must then evaluate any proposed substitutions or admissions the government has offered to balance the public's interest in the flow of information and the defendant's right to prepare his defense.

5

**A.    Discoverability**

Rule 16 requires the government to disclose specified items including oral, written, or recorded statements made by the defendant, as well as certain categories of documents and objects, including those "material to preparing the defense." Fed. R. Crim. P. 16(a)(1).

**B.    State-Secrets Privilege**

The state-secrets privilege allows the government to "withhold information from discovery when disclosure would be inimical to national security."  *United States v. Aref*, 533 F.3d 72, 79 (2d Cir. 2008).  It applies if "(1) there is a reasonable danger that compulsion of the evidence will expose matters which, in the interest of national security, should not be divulged, and (2) the privilege is lodged by the head of the department which has control over the matter, after actual personal consideration by that officer."  *Abu-Jihaad*, 630 F.3d at 141; *see also United States v. Reynolds*, 345 U.S. 1, 7-8, 10 (1953) (describing this standard in civil cases, prior to the enactment of CIPA).  With respect to the first requirement, "[j]udicial control over the evidence in a case cannot be abdicated to the caprice of executive officers. Nonetheless . . . courts must exercise the traditional reluctance to intrude upon the authority of the Executive in

military and national security affairs."  *United States v. Zubaydah*, 595 U.S 195, 205 (2022).

## C.    Helpful or Material to the Defense

Information is "helpful or material to the defense" if it is "useful to counter the government's case or to bolster a defense."  *Aref*, 533 F.3d at 80.  "To be helpful or material to the defense, evidence need not rise to the level that would trigger the Government's obligation under *Brady* . . . to disclose exculpatory information."  *Id.*[4]  Nevertheless, "classified information is not discoverable on a mere showing of theoretical relevance in the face of the government's classified information privilege."  *United States v. Yunis*, 867 F.2d 617, 623 (D.C. Cir. 1989).

"Only when information is relevant or helpful to the defense must the Court then take the third step of balancing the 'public interest in protecting the flow of information against the individual's right to prepare his defense.'"  *United States v. Mostafa*, 992 F. Supp. 2d 335, 338 (S.D.N.Y. 2014) (quoting

---

[4] "*Brady* and its progeny require the Government to disclose material information that is favorable to the accused, either because it is exculpatory, or because it is impeaching."  *United States v. Rodriguez*, 496 F.3d 221, 225 (2d Cir. 2007).  Information is exculpatory if it "relates to the defendant's guilt or innocence."  *United States v. Ulbricht*, 858 F.3d 71, 112 (2d Cir. 2017).  Information is impeaching if it has "the potential to alter the jury's assessment of the credibility of a significant prosecution witness."  *United States v. Gil*, 297 F.3d 93, 101 (2d Cir. 2002).  Evidence is subject to disclosure under *Brady* even if it has "both an inculpatory and exculpatory effect."  *DiSimone v. Phillips*, 461 F.3d 181, 195 (2d Cir. 2006).

7

*Roviaro v. United States*, 353 U.S. 53, 62 (1957)).[5]    Depending on how that balance comes out, the Court may authorize the Government to substitute evidence under CIPA, including summaries or admissions.  18 U.S.C. app. 3, § 4.

### III.  Discussion

The Court has endeavored to conduct a searching review of the classified materials that the government seeks to delete. To review these materials, the Court requested random samples from each category of the 1.6 million items the FBI obtained [**REDACTED**], as well as specific documents for *in camera* review. *See* Tr. of Proceedings on Aug. 6, 2025 28:9-17 ("First Gov't Tr."); Nov. 2025 Order; Jan. 2026 Order.  This approach is consistent with the observation that, in a case involving millions of items, review of every document is "an impossible task for all practical purposes."  *United States v. Medunjanin*, No. 10-CR-19, 2012 WL 13186383, at *3 (E.D.N.Y. Feb. 22, 2012); *see also United States v. Shehadeh*, 857 F. Supp. 2d 290, 294 n.3 (E.D.N.Y. 2012) (relying on a "random sample of such materials selected by the Court for *in camera* review"); *United States v. El-Hanafi*, No. 10-CR-162, 2012 WL 603649, at *4 (S.D.N.Y. Feb.

---

[5] Although the "relevant or helpful" formulation here is slightly different from the "material and helpful" standard recited above, courts have repeatedly applied this final step in the CIPA Section 4 analysis.  *See, e.g.*, *United States v. Hossain*, No. 19-CR-606, 2020 WL 6874910, at *2 (S.D.N.Y. Nov. 23, 2020); *United States v. Schulte*, No. 17-CR-548, 2019 WL 3764662, at *3 (S.D.N.Y. July 22, 2019).

24, 2012) (relying on samples and requesting production of "materials that the Court believed might be relevant"). The Court also scrutinized the government's brief, which "describ[ed] much of the information in detail." *Zazi*, No. 10-CR-60, 2011 WL 2532903, at *5 (E.D.N.Y. June 24, 2011).

In his *ex parte* conference, Merchant's counsel raised [**REDACTED**].

[**REDACTED**]

Counsel also indicated [**REDACTED**].

As set forth in the government's submissions, the materials that are the subject of this motion fall into five categories and were obtained from [**REDACTED**] agencies. The government does not intend to use any classified material at trial. Tr. of Proceedings on Sept. 11, 2025 ("Second Gov't Tr."), at 33:10-11. For four of these five categories, including documents from the [**REDACTED**], and FBI, the government argues that even if these materials are discoverable, they are not material or helpful to the defense and they are covered by the state-secrets privilege. For the final category, FBI materials obtained via a "sensitive" investigation technique, the government argues these materials are not discoverable in the first instance.

A.    The Government's Process

The government requested that the [**REDACTED**] search their records for information regarding Merchant and the crimes charged in the indictment.  Br. 49.  This included searches for Merchant's name, known aliases, phone numbers, email addresses, as well as searches for Merchant's [**REDACTED**] and the government's confidential source.  *Id.*  In response, [**REDACTED**]. *Id.* at 114, 137.  AUSAs [REDACTED].  *Id.* at 114, 137.

[**REDACTED**].  *Id.* at 114; 142.

The government's process for reviewing FBI documents was different.  The government possesses materials that were part of the FBI's case file pertaining to Merchant.  *Id.* at 49. The FBI also searched other databases in its possession for information regarding Merchant.  *Id.* at 50.  In particular, the government is in possession of 1.6 million "products" obtained [**REDACTED**].  *Id.* at 54.  [**REDACTED**].  *Id.* at 98-99.  The Court requested random samples from each category of document.

The government has attested that, in light of the sheer number of documents at issue, it enlisted a group of special agents, analysts, and linguists to conduct an initial relevance review of this material.  AUSAs trained these reviewers on the scope of materials discoverable under Rule 16, *Brady*, *Giglio*, and the Jencks Act.  Oct. 3 Ltr. 6.  Training materials taught reviewers to understand possible defenses,

10

including the coercion defense, and to identify exculpatory evidence. Br. Ex. 7, at 14. These individuals then reviewed the FBI documents and tagged some as conceivably relevant, for further AUSA review. Oct. 3 Ltr. 6-7.

Also in the government's possession are a document provided by a [**REDACTED**] and approximately two hundred FBI reports [**REDACTED**]. AUSAs reviewed each of these documents. Br. 107.

## B. The Government Has Properly Invoked the State-Secrets Privilege

The government has properly invoked the state-secrets privilege. [**REDACTED**] have provided a declaration explaining the risk of disclosure.[6] As it pertains to [**REDACTED**]. [**REDACTED**] Decl., Br. Ex. 6, at ¶ 31. [**REDACTED**]. *Id.* ¶ 34. [**REDACTED**]

[**REDACTED**]

As to the FBI material, [**REDACTED**]. Holstead Decl., Br. Ex. 2, at ¶¶ 26-27. [**REDACTED**]. Specific to the [**REDACTED**], the FBI has declared that it [**REDACTED**] indicated to [**REDACTED**] that [**REDACTED**]. *Id.* ¶ 71.

Even if it is broadly assumed that the United States engages in such [**REDACTED**], harm may still inure. The Supreme

---

[6] [**REDACTED**]. So too have the Directors of the FBI [**REDACTED**]. Patel Decl., Br. Ex. 1; [**REDACTED**].

Court has "reason[ed] that a former [**REDACTED**] insider's confirmation of confidential cooperation" [**REDACTED**] could "damage [**REDACTED**]." **[REDACTED].** Confirmation by an insider — as opposed to speculation — would leave virtually no doubt as to the veracity of the information at issue. *Id.* The Court concludes that there is "a reasonable danger that compulsion of the evidence will expose matters which, in the interest of national security, should not be divulged." *Abu-Jihaad*, 630 F.3d at 141.

## C.  **The Materials Are Not Material or Helpful to the Defense and May Be Withheld**

The government seeks to delete nearly all of the documents from discovery, on the basis that even if any of them are discoverable, they are not material or helpful to the defense and they are protected by the state-secrets privilege.

### a.  Many Documents Are Evidently Not Helpful or Material

Many of the materials described in the government's submissions are plainly not helpful or material to the defense. Several of them are inculpatory, if anything. And "inculpatory information[,] which the government does not intend to offer at trial . . . cannot conceivably help a defendant." *United States v. Rahman*, 870 F. Supp. 47, 52 (S.D.N.Y. 1994) (applying *Roviaro*). The documents the government seeks to withhold are replete with such examples. [**REDACTED**]. Such material tends to

demonstrate motive.  [**REDACTED**].  This acknowledgement [**REDACTED**] undercuts Merchant's defense [**REDACTED**].

The government also seeks to withhold many documents because they are cumulative — even duplicative — of material actually produced.  This includes many documents that it produced to Merchant in unclassified discovery, or that it is planning to produce.  For example, the government wishes to delete a [**REDACTED**] that it produced in unclassified discovery [**REDACTED**].  *Id.* at 90.  [**REDACTED**].  Because the unclassified productions provide the relevant information (without risking sources and methods), the government need not provide that same information in classified form.  *See United States v. Saipov*, No. 17-CR-722, 2019 WL 5558214, at *6 (S.D.N.Y. Oct. 29, 2019).

Some FBI documents, though flagged as potentially relevant by reviewers, are not so.  For example, the government is in possession of [**REDACTED**] that are [**REDACTED**] in nature. *Id.* at 87-88.  The government is correct that such [**REDACTED**] are irrelevant.  Other materials may have some tenuous relevance, but are inculpatory, if anything.  [**REDACTED**].  These materials arguably demonstrate Merchant's connection to the individuals with whom he allegedly interacted throughout the charged scheme.

b.    Documents Regarding the [**REDACTED**]

Certain categories of documents merited closer scrutiny.  These include the many documents related to Merchant's involvement in the [**REDACTED]**, given [**REDACTED**].

The government has already produced a large volume of unclassified documents related to Merchant's involvement in the garment industry.  *See, e.g.*, Br. 67-72 (describing, among other things, contents of Merchant's electronic devices).  The government possesses other classified documents and [**REDACTED**] related to the [**REDACTED**] that it wishes to delete.  *See, e.g.*, *id.* at 65 [**REDACTED**]; *id.* at 92 [**REDACTED**].  After the government produced certain declassified [**REDACTED**], Merchant moved for an order directing the government to turn over [**REDACTED**], not just [**REDACTED**].  Def. Ltr. 2.  Merchant has asserted that the remaining [**REDACTED**] might [**REDACTED**].  Def. Ltr. 4 (emphasis added).  The Court directed the government to identify any discovery already produced to Merchant from which he could [**REDACTED**] in the [**REDACTED**].  Nov. 2025 Order.  In response, the government filed a lengthy itemization of materials including [**REDACTED**] from which Merchant could so argue.  Gov't's Dec. 5 Ltr. 3-5; *id.* Ex. F.  The government adds that it is "not aware of anything [**REDACTED**] that is meaningfully unique such that its content is not accounted-for in the unclassified production."  *Id.* at 3.

14

The Court is satisfied that the material the government seeks to withhold is cumulative of the materials already produced.  The unclassified discovery Merchant possesses will allow counsel to raise these arguments at trial, and we see no indication of anything unique or sufficiently different in the classified materials that would make such an argument more persuasive.  The unclassified discovery shows [**REDACTED**] as in the documents the government seeks to delete.  *See, e.g.*, Br. 65 [**REDACTED**]; Dec. 5 Ltr. 3-5 [**REDACTED**].  Among other things, the unclassified materials include several documents related to [**REDACTED**] dated after Merchant's alleged entry to the United States, including up to the day of his arrest.[7]  Merchant thus will be able to argue [**REDACTED**].  The unclassified discovery also contains a trove of items from which Merchant can argue [**REDACTED**] more generally, and to rebut the government's [**REDACTED**].  We are thus satisfied Merchant will have "substantially the same ability" to argue he was involved in legitimate business.  *Mostafa*, 992 F. Supp. 2d at 338.

Merchant contends that he might be able to use [**REDACTED**] to impeach witnesses who "may suggest that [he] was observed [**REDACTED**] about the alleged plot" or acting "in a way to avoid surveillance."  Def. Ltr. 4.  But the government has

---

[7] [**REDACTED**].  *Id.*

affirmed that it will not argue that "evidence [Merchant] was

[**REDACTED**] proves he was engaged in the murder-for-hire plot

[**REDACTED**]."  Gov't Ltr. dated Dec. 9, at 4.  Thus, [**REDACTED**]

are at most "theoretical[ly] relevan[t]," and may be deleted.

*Yunis*, 867 F.2d at 623.

>        c.    Documents Regarding the Confidential Source

The Court reviewed [**REDACTED**] reports that referenced

Merchant's conversations with the government's confidential

source, in light of [**REDACTED**].  Br. 139-40.  However, these

documents would tend, if anything, [**REDACTED**], as they tend to

demonstrate that [**REDACTED**].

The FBI materials also include [**REDACTED**] Merchant had

with the confidential source [**REDACTED**], which the Court

requested from the government.  Br. 84-85.  The government's

response includes [**REDACTED**].  *See* Gov't's Jan. 13 Ltr.  The

[**REDACTED**] is largely in Urdu, and the government has not

provided a full translation to the Court.  Instead, the

government has provided a one-paragraph summary by an FBI

linguist.  *Id.*  The Court reserves judgment on this exchange,

pending further submissions from the government.  *See* Jan. 13,

2026 Order.

>        d.    Documents Regarding the [**REDACTED**]

The [**REDACTED**], which the Court reviewed, largely

includes [**REDACTED**], which is of course already in Merchant's

16

possession.  *See United States v. Boulos*, No. 13-CR-612, 2015 WL 502170, at *2 (E.D.N.Y. Feb. 3, 2015) (information that the defendant "already possess[es]" properly withheld under CIPA). The [**REDACTED**] is also, if anything, inculpatory, as it describes, for example, [**REDACTED**].  Dec. 5 Ltr. Ex. A.  The document may thus be withheld.

Some [**REDACTED**] relate to Merchant's [**REDACTED**] of a [**REDACTED**].  Br. 64.  In light of the possible [**REDACTED**], the Court requested and reviewed specific documents listed in the government's brief.  Nov. 2025 Order.  The government cannot confirm if each [**REDACTED**] item was produced to Merchant in unclassified discovery, given certain safeguards it initiated in connection with its review.  *See, e.g.*, *United States v. Sun*, No. 24-CR-346, 2025 WL 1220040, at *3 (E.D.N.Y. Apr. 28, 2025) ("The execution of the [warrant] was complete when the FBI agents generated a responsive report . . . . Any search after that . . . would have required a new warrant.").  Nevertheless, these documents would not support [**REDACTED**].  They only list basic and uncontroverted information, as in the [**REDACTED**].  *See* Dec. 5 Ltr. Exs. B-E.  As a final safeguard, the Court also asked the government whether "its review revealed indications of suspicious behavior by [**REDACTED**] related to Merchant [**REDACTED**]."  Nov. 2025 Order.  In response, the government reports that it is "not aware of any suspicious behavior by

17

[**REDACTED**] related to the defendant [**REDACTED**]." Dec 5 Ltr. 2; *see also* Sept. 11 Tr. 37:13-21 ("[W]e have not seen anything that would indicate that there was any coordination between [**REDACTED**] . . . or [**REDACTED**] to entrap Mr. Merchant.").

> e. Other Potentially Helpful or Material
>    <u>Documents</u>

The Court reviewed [**REDACTED**]. These documents are not material or helpful to the defense. To be sure, the government alleged in the *initial* complaint that Merchant's activities "are consistent with a person engaged in" plotting on behalf of [**REDACTED**]. Compl. ¶ 3, ECF No. 1 (sealed). But the operative *indictment* makes no mention of [**REDACTED**]. And the government has committed to present no evidence regarding Merchant's involvement with [**REDACTED**]. Second Gov't Tr. 35:11-16; Dec. 5 Ltr. 2.

Two [**REDACTED**] that the Court reviewed indicate that [**REDACTED**] initially [**REDACTED**]. Br. 139; [**REDACTED**] Decl. ¶ 27 [**REDACTED**]. But an "[**REDACTED**] state of mind as the investigation progressed is ordinarily of little or no relevance to the question of the defendant['s] guilt." *United States v. Johnson*, 529 F.3d 493, 500 (2d Cir. 2008); *see also United States v. Ulbricht*, 858 F.3d 71, 119 (2d Cir. 2017) ("The district court did not err in concluding that [**REDACTED**] prior beliefs about Karpeles as a possible DPR suspect were not

relevant to the charges against Ulbricht."); *United States v. Gilmore*, 2021 WL 4151009, at *5 (S.D.N.Y. Sept. 13, 2021) ("That a law enforcement officer believed, at one time, that all the robberies were committed by the same person does not make it more likely that the same person actually committed all the robberies.").

Finally, the Court reviewed one [**REDACTED**] indicating that [**REDACTED**], one of Merchant's relatives denied transferring him money for terroristic purposes [**REDACTED**].  Br. 140-41. This material is arguably relevant, as Merchant is alleged to have obtained [**REDACTED**].  *Id.* at 15-17.  But it is not exculpatory, as Merchant's relative's state of mind is not relevant to Merchant's guilt.  *Cf. United States v. Fernandez*, 2014 WL 7180225, at *3 (S.D.N.Y. Nov. 25, 2014) ("A defendant's denial of guilt is hardly surprising and of little or no value to proving his guilt or involvement or that of anybody else."). Merchant also stated in a proffer with the government that he had not revealed his intentions to his relatives. *Id.* at 141.

**D.   FBI Materials [REDACTED] Is Not Discoverable**

The FBI [**REDACTED**].  Br. 105.  This [**REDACTED**].  *Id.* [**REDACTED**].  *Id.*  Because the [**REDACTED**], the government [**REDACTED**].  *Id.* at 106.  The government argues that these materials are not discoverable and even if they were, they are neither helpful nor material to the defense and are protected by

the state-secrets privilege.  *Id.* at 105-06.  The government's request is granted.

These reports are not discoverable under Rule 16.  Nor would they support a valid defense, as "the way in which the Government conducted its investigation is not relevant to the Government's burden of proof at trial."  *United States v. Montanez*, 2024 WL 4582387, at \*6 (E.D.N.Y. Oct. 25, 2024); *see also United States v. Saldarriaga*, 204 F.3d 50, 53 (2d Cir. 2000) ("[**REDACTED**] does not tend to show that a defendant is not guilty of the crime with which he has been charged.").

Nor are the reports discoverable under the Jencks Act, 18 U.S.C. § 3500, or Federal Rule of Criminal Procedure 26.2 — at least at this point.  The Jencks Act and Rule 26.2 "require the government to turn over witness statements" after a witness is called at trial if, among other requirements, the statement "relates to the subject matter as to which the witness has testified."  *United States v. Artis*, 523 F. App'x 98, 100-01 (2d Cir. 2013) (citing 18 U.S.C. § 3500(b)).  The government reports that even if the author of any of these reports testified at trial, the information within the reports would be outside the scope of their anticipated testimony.  Br. 106.

Even if the materials were discoverable, the government has properly asserted the state-secrets privilege. The government [**REDACTED**].  Holstead Decl. ¶¶ 62, 64.

20

[**REDACTED**].  *Id.*  ¶ 64.  The Court thus concludes that "there is a reasonable danger that compulsion of the evidence will expose matters which, in the interest of national security, should not be divulged."  *Abu-Jihaad*, 630 F.3d at 141.

Thus, even if any of these materials were discoverable, because the government has properly invoked the state-secrets privilege and the materials are not helpful or material to the defense, they may be deleted from discovery.

### IV.  Conclusion

For the foregoing reasons, the government shall be permitted not to disclose to Merchant or his counsel the classified materials identified in its motion, except as to the one exchange that is the subject of the Court's January 13 Order, as to which the Court reserves judgment.  The government's application to file its CIPA motion and all supplemental submissions *ex parte* and under seal is granted. The government is directed to complete classification review of this Order by 3:00 P.M. on January 26, so the Court may file a redacted version of this Order on the public docket and distribute a copy to the defense ahead of the January 27 status conference.

The Classified Information Security Officer is respectfully directed to maintain securely the government's classified submissions, the defense's *ex parte* letter, the

transcripts of the *ex parte*, *in camera* hearings on August 6, August 9, and September 11, 2025, the Court's orders dated November 25, 2025, January 12, 2026, January 13, 2026, and this Order, and to make those materials available in the event of an appeal.

SO ORDERED.

/s/ Eric Komitee
ERIC KOMITEE
United States District Judge


Dated:    January 14, 2026
          Brooklyn, New York