UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
--------------------------------------------------------X

UNITED STATES OF AMERICA

    - against -

ASIF MERCHANT,

          Defendant.

--------------------------------------------------------X

           24 Cr. 362 (ERK)

# DEFENDANT'S REPLY MEMORANDUM
# IN SUPPORT OF POST-TRIAL MOTIONS

AVRAHAM C. MOSKOWITZ
CHRISTOPHER NEFF
One Battery Park Plaza, 31st Floor
New York, New York 10004
(212) 257-6455
amoskowitz@mcgsllp.com
cneff@mcgsllp.com

JOSHUA J. LAX
225 Broadway, Suite 715
New York, New York 10007
(212) 566-6213
jlax@fgdmlaw.com

*Attorneys for Defendant Asif Merchant*

**TABLE OF CONTENTS**

PRELIMINARY STATEMENT....................................................................................................... 1

LEGAL ARGUMENT .................................................................................................................... 2

    I.    The Statute Charged in Count One Requires the Government to Identify a Specific Predicate Violation of "the Laws of Any State or the United States" and to Prove the Essential Elements of the Underlying Statute.................................................................. 2

    II.    Mr. Merchant's Rule 12 Motion is Timely and not Moot..................................................... 9

    III.    The Government Failed to Prove at Trial the Elements of a Predicate Offense Found by the Grand Jury....................................................................................................... 10

    IV.    Mr. Merchant's Conviction on Count One Must be Vacated Because the Indictment was Constructively Amended or is Otherwise Fatally Defective ........................................ 12

    V.    The Evidence was Insufficient to Support a Conviction on Count Two........................... 14

CONCLUSION.............................................................................................................................. 15

## TABLE OF AUTHORITIES

**Cases**

*Hamling v. United States,* 418 U.S. 87 (1974)..................................................................... 3

*Keck v. United States,* 172 U.S. 434 (1899)........................................................................ 4

*Medunjanin v. United States*, 99 F.4th 129 (2024)............................................................. 6

*Russell v. United States,* 369 U.S. 749 (1962) ................................................................... 2

*United States v. Awan,* 459 F.Supp.2d 167 (E.D.N.Y. 2006) ........................................... 3

*United States v. Carillo*, 229 F.3d 177 (2d Cir. 2000)....................................................... 8

*United States v. Gonzalez*, 686 F.3d 122 (2d Cir. 2012) ................................................... 3

*United States v. Johnson*, No. 22-CR-0494(JS),

    2026 WL 913118 (E.D.N.Y. Apr. 3, 2026)................................................................... 12

*United States v. Lisyansky*, 806 F.3d 706 (2d Cir. 2015) .................................................. 8

*United States v. Mangione*, 818 F. Supp. 3d 509 (S.D.N.Y. 2026) ................................... 7

*United States v. Mechanik*, 475 U.S. 66 (1986) ............................................................... 10

*United States v. Medunjanin*, No. 10-CR-0019 (BMC),

    2020 WL 5912323 (E.D.N.Y. Oct. 6, 2020) .................................................................. 6

*United States v. Miller,* 774 F.2d 883 (8th Cir. 1985) ...................................................... 4

*United States v. Pirro,* 212 F.3d 86 (2d Cir. 2000)...................................................... 4, 14

*United States v. Rosenblatt,* 554 F.2d 36 (2d Cir. 1977) .................................................. 3

*United States v. Silverman,* 430 F.2d 106 (2d Cir. 1970).................................................. 2

*United States v. Stringer*, 730 F.3d 120 (2d Cir. 2013)..................................................... 3

*United States v. Stuckey*, 220 F.3d 976 (2000) ............................................................... 10

*United States v. Teh,* 535 F.3d 511 (6th Cir. 2008)....................................................... 3, 4

*United States v. Thompson*, 141 F. Supp. 3d 188 (E.D.N.Y. 2015)............................. 4, 14

**Statutes**

18 U.S.C. § 1958.......................................................................................................... 6, 7

18 U.S.C. § 1959.............................................................................................................. 7

18 U.S.C. § 1959(a) ......................................................................................................... 7

18 U.S.C. § 2332b(a)(1).................................................................................................... 7

18 U.S.C. § 2332b(a)(1).................................................................................................... 4

18 U.S.C. § 2332b(d)(2) ........................................................................................... 4

18 U.S.C. § 924(c) .................................................................................................... 5

18 USC § 1958 .......................................................................................................... 1

18 USC § 2332b ..............................................................................................1, 2, 4, 6, 11

**Other Authorities**

Charles Alan Wright, *et. al.*, 1 Fed. Prac. & Proc. Crim. § 124 (4th ed. 2014) ............................... 3

**Rules**

Fed. R. Crim. P. 12 ................................................................................................... 1

Fed. R. Crim. P. 29 ................................................................................................... 1

Fed. R. Crim. P. 33 ................................................................................................... 1

Fed. R. Crim. P. 6(e) .............................................................................................. 10

Fed. R. Crim. P. 7 ..................................................................................................... 2

**Constitutional Provisions**

U.S. Const. amend. V ............................................................................................... 1

**PRELIMINARY STATEMENT**

Even now that Asif Merchant stands convicted, the government refuses to specify exactly what offense coming under the umbrella of 18 USC § 2332b it purports to have charged him with in Count One of the Indictment. That statute creates a separate offense when any of myriad other laws are violated through "conduct transcending national boundaries" and any of several defined jurisdictional requirements are met. Section 2332b encompasses certain federal offenses and federalizes a wide variety of offenses codified in "the laws of any State." 18 USC § 2332b. Because such a wide variety of offenses is covered by Section 2332b, the Fifth Amendment requires that the government (a) present a specific underlying predicate offense to the grand jury, (b) identify the specific underlying offense in an indictment, and (c) prove each essential element of that specific underlying offense beyond a reasonable doubt at trial. Rather than meet those fundamental requirements, the government in this case apparently failed to present a qualifying predicate offense to the grand jury, undisputedly failed to identify that predicate offense in the indictment, and even now refuses to identify what offense it purports to have proven at trial. Count One of the Indictment must therefore be dismissed, whether under Rule 29, under Rule 33, under Rule 12, or pursuant to the Court's inherent authority to dismiss prosecutions brought in violation of the Fifth Amendment.

Mr. Merchant is also entitled to a judgment of acquittal on both counts of the Indictment or, in the alternative, to a new trial under Rule 33. As to Count One, the government failed to present evidence sufficient to establish that he attempted to commit a killing in violation of any identified "law[] of any State, or of the United States." 18 USC § 2332b. As to Count Two, alleging a violation of the federal murder-for-hire statute, 18 USC § 1958, the evidence is insufficient to establish an agreement to commit murder in consideration of anything of value.

1

**LEGAL ARGUMENT**

I.    **THE STATUTE CHARGED IN COUNT ONE REQUIRES THE GOVERNMENT TO IDENTIFY A SPECIFIC PREDICATE VIOLATION OF "THE LAWS OF ANY STATE OR THE UNITED STATES" AND TO PROVE THE ESSENTIAL ELEMENTS OF THE UNDERLYING STATUTE**

The government argues that the law does not require "an indictment charging a violation of 18 USC § 2332b [to] identify every statute that a predicate offense might violate." (ECF 159 at 22.) The government is correct that an indictment is never required to charge *every* statute that a defendant's conduct arguably might have violated. An indictment must, however, identify the charges the government intends to pursue at trial, and an indictment is only valid if the grand jury independently finds probable cause to support the essential elements of the specific charges levied. Fed. R. Crim. P. 7. When the offense in question is a violation of 18 USC § 2332b, those essential elements include a predicate violation of "the laws of the States or of the United States"—*i.e.*, an identified underlying statutory offense.

"Any discussion of the purpose served by a grand jury indictment in the administration of federal criminal law must begin with the Fifth and Sixth Amendments to the Constitution." *Russell v. United States,* 369 U.S. 749, 760 (1962). A grand jury indictment "performs three constitutionally required functions[:]

> It permits the accused to be informed of the nature and cause of the accusation as required by the Sixth Amendment. It prevents any person from being subject for the same offence to be twice put in jeopardy of life or limb as required by the Fifth Amendment. Finally, it preserves the protection given by the Fifth Amendment from being 'held to answer for a capital, or otherwise infamous crime, unless on a presentment or indictment of a Grand Jury.'"

*United States v. Silverman,* 430 F.2d 106, 110 (2d Cir. 1970) *modified,* 439 F.2d 1198 (2d Cir. 1970). The second and third critical functions are implicated in this case, because the government apparently did not present in the grand jury the specific predicate offense on which Mr. Merchant

2

was convicted at trial. As a result, Mr. Merchant stood on an offense not presented to a grand jury and returned in an indictment. Moreover, Mr. Merchant faces a substantial obstacle to asserting double jeopardy in any future prosecution based on the same conduct, because the Indictment does not specify what Section 2332b offense was prosecuted in this case.

"Where, as here, the indictment follows the language of a statute, the indictment is only sufficient if the words of the statute 'fully, directly, and expressly, without any uncertainty or ambiguity, set forth all the elements necessary to constitute the offence.'" *United States v. Teh,* 535 F.3d 511, 516 (6th Cir. 2008) (quoting *Hamling v. United States,* 418 U.S. 87, 117 (1974) (citation and quotation marks omitted)); *see United States v. Gonzalez*, 686 F.3d at 127–28 (dismissing drug-charge indictment for failing to specify the quantity of drug, an essential element of the crime charged); *United States v. Awan,* 459 F.Supp.2d 167, 175–76 (E.D.N.Y. 2006) *aff'd,* 384 Fed. Appx. 9 (2d Cir. 2010) (dismissing charge of a conspiracy to provide "material support or resources" to be used in a conspiracy to murder, kidnap, or maim a person outside the United States because the indictment did not specify the kind of "material support" provided).

In "certain statutes specification of how a particular element ... will be met (as opposed to categorical recitation of the element) is of such importance to the fairness of the proceeding that it must be spelled out in the indictment." *United States v. Stringer*, 730 F.3d 120, 126 (2d Cir. 2013). And "where the definition of an offense ... includes generic terms," such as fraud or killing, "it is not sufficient that the indictment shall charge the offense in the same generic terms as in the definition; but it must state the species, it must descend to particulars." *United States v. Rosenblatt,* 554 F.2d 36, 41 (2d Cir. 1977); *see, e.g., Stringer,* 730 F.3d at 126–27 (citations omitted) (noting that criminal falsity charges must "specific[y] what statements are alleged to be false, and in what respect they are false," and that charges under controlled substances statute must state drug

3

quantity). "In sum, for an indictment to fulfill the functions of notifying the defendant of the charges against him and of assuring that he is tried on the matters considered by the grand jury, the indictment must state some fact specific enough to describe a particular criminal act, rather than a type of crime." *United States v. Pirro,* 212 F.3d 86, 93 (2d Cir. 2000).

Thus, "[i]f a statute makes it a crime to engage in certain conduct 'contrary to law,' it is not enough simply to cite that statute and recite in the pleading that the act was contrary to law—the pleading must show what other law was violated, either by citation to the other statute or by sufficient factual allegations." *United States v. Thompson*, 141 F. Supp. 3d 188, 194–95 (E.D.N.Y. 2015), *aff'd,* 896 F.3d 155 (2d Cir. 2018) (quoting Charles Alan Wright, *et. al.*, 1 Fed. Prac. & Proc. Crim. § 124 (4th ed. 2014); *see, e.g., Keck v. United States,* 172 U.S. 434, 437 (1899) (indictment charging defendant with importing diamonds "contrary to law" was deficient for failure to identify the specific law violated); *United States v. Teh,* 535 F.3d 511, 516 (6th Cir. 2008) ("An indictment only including the words "contrary to law"—without stating *which* law the defendant's conduct violated—is inadequate because it does not fully set forth the 'contrary to law' element" of federal smuggling statute) (emphasis in original); *United States v. Miller,* 774 F.2d 883 (8th Cir. 1985) (indictment for operating gambling business in "violation of the law of a state or political subdivision" was insufficient because it failed to cite state statute alleged to have been violated).

As further evidenced by the face of the statute, by an examination of the historical practices of the government and of federal courts in connection with prior prosecutions, and by analogy to other statutes employing similar or identical language, 18 USC § 2332b requires the government to identify the particular "laws of [a] State, or the United States" that a defendant is accused of violating though conduct transcending national boundaries.

The language of the statute establishes this requirement. Section 2332b(a)(1) prohibits acts of terrorism "involving conduct transcending national boundaries" that "kill[] … in violation of the laws of any State, or the United States." The phrase "in violation of the laws of any State, or the United States" appears in Subsection 2332b(a)(1) after the list of enumerated violent acts in that same subsection, making it clear that the enumerated conduct is covered by the statute only if the conduct would otherwise be "in violation of the laws of any State, or the United States." This natural reading is reinforced by Subsection (d)(2) of the statute, which expressly provides that "[i]n a prosecution under this section that is based upon the adoption of State law, only the elements of the offense under State law, and not any provisions [of state law] pertaining to criminal procedure or evidence, are adopted." 18 U.S.C. § 2332b(d)(2). Therefore, a specific state law must be identified and adopted in order to make out a violation of Section 2332b, because one cannot adopt "elements of the offense under State law" in the abstract without reference to a specific law whose elements can be identified and adopted. The statute's plain language and organization thus requires that the government will identify the specific state law upon which a Section 2332b prosecution is based and will incorporate the substantive elements of that law into the Section 2332b grand jury presentation, indictment, and proof at trial.

The requirement of an identified predicate state or federal offense is further evidenced by historical practices. In his opening memorandum, Mr. Merchant identified an extensive series of prior prosecutions under Section 2332b in which the government correctly presented to the grand jury, alleged in an indictment, and attempted to prove at trial, the essential elements of a specifically identified predicate offense—just as the Justice Department's own Criminal Resource Manual requires. (ECF Doc. No. 155 at 7-8 and n. 4.) Other than the government's prosecution of Mr. Merchant, the defense has not located a single Section 2332b prosecution anywhere in the

5

country in which the government did not specify and attempt to prove a statutory predicate offense under the "laws of any State, or the United States," and the government has failed to cite or otherwise identify such a case in its opposition papers. This consistent historical practice confirms that a predicate offense is required.

That Section 2332b requires proof of an identified predicate offense is also confirmed through an examination of courts' treatment of the statute in other contexts. *United States v. Medunjanin* involved a defendant who was convicted, *inter alia*, of attempt to commit an act of transnational terrorism in violation of Section 2332b violation and of possession of a destructive device in furtherance of a crime of violence—to wit, the Section 2332b offense—in violation of 18 U.S.C. § 924(c). *United States v. Medunjanin*, No. 10-CR-0019 (BMC), 2020 WL 5912323, at *1 (E.D.N.Y. Oct. 6, 2020), *aff'd*, 99 F.4th 129 (2d Cir. 2024). After the Supreme Court struck down the residual clause of Section 924(c), the defendant brought a habeas corpus petition challenging his Section 924(c) conviction, arguing that his Section 2332b terrorism conviction, which was premised on underlying predicate violations of several sections of the New York Penal Law, was not categorically a crime of violence. *Id.* at *2. The district court applied the modified categorical approach to § 2332b, treating it as divisible, and analyzed each of the three New York Penal Law predicate offenses identified in the indictment and proven at trial to determine whether the specific state law violations charged constituted crimes of violence. *Id.* at *4-*6. On appeal, the Second Circuit affirmed that the district court had correctly looked to the "crimes as charged" when it examined the underlying state statutes in upholding the defendant's Section 2332b conviction. *Medunjanin v. United States*, 99 F.4th 129 (2024).

This practice—identifying the specific state law in the indictment, instructing the jury on it, and analyzing it on appeal as a component element of the § 2332b offense—reflects the courts'

6

understanding that the underlying state or federal law is a required element of Section 2332b that must be specified and proven. That understanding is confirmed by the courts' treatment of Section 2332b as divisible under the modified categorical approach, which is only permissible because the underlying offense is an element of Section 2332b. A statute is divisible only when it sets out "alternative elements" and only when jurors must unanimously agree on which alternative element was proven. By contrast, if the statute sets out "alternative means" by which a violation can be accomplished, the statute is not divisible. *See*, *e.g.*, *United States v. Mangione*, 818 F. Supp. 3d 509, 521 (S.D.N.Y. 2026) (explaining the "crucial" "difference between elements and means"). Thus, if Section 2332b merely required that a killing be unlawful in a general sense, as the government urges, the statute would not be divisible. The Second Circuit's approval of the *Medunjanin* district court's divisibility analysis thus confirms that an underlying statutory violation is an element of Section 2332b.

Finally, an examination of similar statutes confirms the requirement of an identified predicate offense. Only three federal criminal statutes use the specific phrase "in violation of the laws of any State, or the United States": Section 2332b; the federal murder-for-hire statute, 18 U.S.C. § 1958; and the Violent Crime in Aid of Racketeering (or VICAR) statute, 18 U.S.C. § 1959. Section 2332b and the VICAR statute use the phrase to establish a substantive element of the *actus reus*. *See* 18 U.S.C. § 2332b(a)(1); 18 U.S.C. § 1959(a). In the murder-for-hire statute, by contrast, the phrase establishes a *mens rea* requirement, criminalizing interstate conduct done "with intent that a murder be committed in violation of the laws of any State, or the United States." 18 U.S.C. § 1958.

As the Second Circuit has explained, the phrase "in violation of the laws of any State, or the United States," as used in the VICAR statute, establishes a requirement that the essential

7

elements of a predicate offense under state law be proven. *United States v. Carillo*, 229 F.3d 177, 185–86 (2d Cir. 2000) ("VICAR includes in its prohibition *only* enumerated acts that are "*in violation of the laws* of any State, or the United States" … [That statute] therefore seem[s] to require of a predicate act based on state law that the act include the essential elements of the state crime.") (emphasis in original). It is therefore clear that when the phrase "in violation of the laws of any State" is used in reference to the *actus reus*, it establishes a requirement that the government prove the essential elements of the underlying offense, just as the Court found at trial. (*E.g.*, Tr. 1284, 1290.)

In opposition, the government cites *United States v. Lisyansky*, 806 F.3d 706 (2d Cir. 2015), a case that arose under the federal murder-for-hire statute. In that case, the defendant's counsel agreed that the court should give Judge Sand's model murder-for-hire jury instruction. That instruction did not include the elements of New York's murder statute, which was the underlying state offense alleged in the murder-for-hire count of the indictment. On appeal, the defendant argued for the first time that the district court had constructively amended the indictment by failing to charge the jury on the elements of New York's murder statute. Because the instruction given was agreed to by defense counsel and was consistent with the standard Sand instruction on federal murder-for-hire, the Second Circuit found that the district court's failure *sua sponte* to instruct the jury on the elements of New York's murder statute was not error.

*Lysyansky* does not, as the government suggests, hold or even imply either (1) that a 2332b prosecution does not require proof of the elements of a predicate statute or (2) that attempting to prove a different predicate at trial than was presented to the grand jury is not a constructive amendment. *Lysyansky* contains no analysis of the meaning of the "violation of the laws of any State" clause of the murder-for-hire statute, does not mention Section 2332b, and is of no relevance

8

whatsoever to the question whether Section 2332b requires proof of the elements of an underlying predicate offense. Moreover, even if *Lysyansky* could be read as establishing that the government need not prove, as *mens rea*, that a murder-for-hire defendant intended to accomplish every element of a state crime, that proposition would have no bearing on what degree of specificity is required when a predicate state law violation forms a part of the *actus reus*. It is impossible to look inside another person's mind and determine his intent with granular particularity. It therefore makes sense that a lesser degree of particularity is required when proving a defendant's intent to do conduct that would violate a state law than is required when proving, as a substantive element, that a state law was actually violated. For that very reason, Mr. Merchant has never argued that murder-for-hire as charged in Count Two requires proof of the elements of an underlying predicate offense.

## II.    MR. MERCHANT'S RULE 12 MOTION IS TIMELY AND NOT MOOT

The government argues that Mr. Merchant's Rule 12 challenge to the grand jury presentation is untimely because the defects in the Indictment were "notorious and available" before trial. (ECF 159 at 13.) This argument is unavailing because it ignores that Mr. Merchant made two Rule 12 motions at trial, a challenge to the Indictment and a separate challenge based on grand jury misconduct. He has pursued only the second one in his post-trial briefing.

The second Rule 12 motion was timely made. Just after midnight on March 5, 2026, the government filed a letter in which it admitted that Section 2332b requires a predicate offense but asserted that the indictment's failure to allege that required element "allows the government to proceed with at least two predicate offenses for purposes of the jury charge: (1) murder; and (2) murder for hire." The letter did not assert that the government presented any purported "predicate" other than the Count Two murder for hire to the grand jury. (ECF 147 at 1.)

9

The government's argument was a tacit admission that no specific statute criminalizing a killing had been presented in the grand jury. The government had never before made such an admission, and the defendant had no prior reason to believe that the grand jury proceedings were defective. Accordingly, the defendant moved to dismiss the Indictment pursuant to Rule 12 at the next session of the Court. (Tr. 1228-29.) That motion was based on information not previously available and was made as soon as possible and was therefore timely under Rule 12 for the reasons set forth in Mr. Merchant's initial brief. As the government insists, grand jury proceedings are generally entitled to a presumption of regularity. Mr. Merchant was entitled to presume that the government's grand jury presentation was proper until the government admitted otherwise. The government should not be allowed to argue that grand jury proceedings are entitled to a presumption of regularity then attempt to fault the defendant for relying upon that presumption.

The Rule 12 motion relates to *per se* violations of the Fifth Amendment that are not subject to harmless error review. *United States v. Stuckey*, 220 F.3d 976 (2000). For that reason and for the additional reasons set forth in Mr. Merchant's initial brief, the rule in *United States v. Mechanik*, 475 U.S. 66 (1986) does not moot the Rule 12 motion.

### III.   THE GOVERNMENT FAILED TO PROVE AT TRIAL THE ELEMENTS OF A PREDICATE OFFENSE FOUND BY THE GRAND JURY

The government makes no attempt to argue that the trial evidence showed Mr. Merchant to be guilty of a predicate offense that was presented to the grand jury. Indeed, the government refuses to identify the specific offense falling within the scope of Section 2332b that the grand jury found probable cause to believe was committed by Mr. Merchant. Instead, the government repeatedly stresses that grand jury proceedings are secret and suggests, by implication, that neither Mr.

10

Merchant nor the Court is entitled to know exactly what offense the grand jury charged.[1] For example, the government claims in a single sentence both that it has made no "representation regarding what did or did not occur before the grand jury" and also that "there was no constructive amendment of the Indictment [nor] a grand jury violation." (ECF 159 at 14.) Elsewhere, the government asserts that its instructions to the grand jury were not misleading. (ECF 159 at 16.)

Rather than reveal what state or federal offense the grand jury considered and argue that the evidence at trial proved Mr. Merchant guilty of that offense, the government argues that the evidence on Count One was sufficient to prove the offense as set forth in this Court's jury charge. As Mr. Merchant argued orally and in his initial post-trial memorandum, the Court's jury charge was fatally flawed because it did not require the jury to find each element of any underlying state or federal statute and worked a constructive amendment because the elements of "murder" set forth in the jury charge were not the elements of a predicate found by the grand jury and included in the Indictment. But even if the government proved Mr. Merchant was guilty of common-law murder as charged at trial, that would not meet Section 2332b's mandate that the government prove him guilty of a killing in violation of an identified "law[] of any State, or the United States."[2] Because the government will not even reveal what state or federal law's elements it purports to have proven,

_____

[1] Grand jury secrecy, as codified in Rule 6(e), is intended to protect witnesses from having their identities revealed, to protect accused persons from unwarranted reputational damage, and to protect ongoing investigations. It is not intended to protect the government from having its mistakes or misconduct revealed to the court or a defendant, as the government desperately suggests.

[2] The Court instructed the jury on essentially the elements of common-law murder and stated that murder, so defined, violates the law of every state. Whether the Court's instruction was drawn from the non-jurisdictional elements of 18 U.S.C. § 1111 (as the defense understood), from an incomplete set of the elements of one of New York's murder statutes (as the government argues in opposition), or from common-law murder is immaterial to the argument. Whatever its source, the Court's instruction could not have communicated the elements of whatever predicate offense was presented to the grand jury, because the government has steadfastly refused to identify that predicate offense.

it cannot plausibly claim to have proven the state or federal law's elements beyond a reasonable doubt.

**IV.    MR. MERCHANT'S CONVICTION ON COUNT ONE MUST BE VACATED BECAUSE THE INDICTMENT WAS CONSTRUCTIVELY AMENDED OR IS OTHERWISE FATALLY DEFECTIVE**

If the government had presented evidence of a specific predicate offense in the grand jury, it would surely be willing to tell the defense and the Court what predicate offense it presented. In light of the government's refusal to do so, there are only four realistic possibilities (and one highly implausible one) as to what occurred in the grand jury. Each possibility requires, at a minimum, that Mr. Merchant's conviction on Count One be vacated.

First, perhaps the government presented the grand jury with a predicate offense it refuses to identify. If so, a constructive amendment necessarily occurred, because whatever predicate offense was presented, it certainly  was not the "predicate offense" of common-law murder charged in the Court's instructions of law at trial.[3] Moreover, as Mr. Merchant previously argued, the elements set forth in the Court's jury charge failed to set forth a violation of "the laws of any State," rendering Count One defective as charged. Under this scenario, Mr. Merchant is entitled to a new trial pursuant to Rule 33.

Second, perhaps the government did not present a predicate offense to the grand jury. If so, there was no grand jury finding as to an essential element of Count One. Because a defendant violates Section 2332b only if his conduct is "in violation of the laws of any State or of the United States," Count One does not allege a federal offense in the absence of a predicate offense. Thus, if

---

[3] The government's protestations notwithstanding, Rule 33 permits challenges to jury instructions and constructive amendments to be brought post-trial. *See, e.g.*, *United States v. Johnson*, No. 22-CR-0494(JS), 2026 WL 913118, at *16 (E.D.N.Y. Apr. 3, 2026).

no predicate offense was presented, Count One must be dismissed and Mr. Merchant's conviction must be vacated.

Third, perhaps the government presented the murder-for-hire charge in Count Two as the "violation of the laws … of the United States" required by Count One. However, as the Court has already correctly determined, the murder-for-hire statute does not criminalize killing. A defendant who commits murder for hire therefore does not "kill[]… any person within the United States … in violation of the laws of any State, or the United States" as required by Section 2332b. Thus, if Count Two was used as the predicate offense required by Count One, no valid predicate offense was presented to the grand jury and Count One must be dismissed and Mr. Merchant's conviction must be vacated.

Fourth, perhaps the government instructed the grand jury that murder violates the laws of every state, without addressing the elements of any specific state offense. But "murder" as understood by a layman is not necessarily "murder" as defined by any statute, and indeed the grand jurors are unlikely to have shared a common understanding of what "murder" means. Moreover, as discussed in Mr. Merchant's initial post-trial memorandum, instructing the grand jury that "murder violates the law of every state" would deny the grand jury its right to determine independently whether the essential elements of a predicate statute were supported by probable cause. If the grand jury was instructed that an essential element of Count One was satisfied as a matter of law, Count One must be dismissed and Mr. Merchant's conviction must be vacated. Tellingly, the government makes no attempt to counter Mr. Merchant's substantive argument concerning grand jury independence.

Finally, perhaps the government (as it has implausibly suggested) charged the grand jury on the elements of every murder statute in the fifty states and in the District of Columbia. If so,

13

surely the government would have asked that the petit jury be charged on the elements of whichever state murder statute the grand jury agreed upon. It did not. In any event, because the Court's instructions to the petit jury did not set forth the elements of any identified state statute, a constructive amendment occurred even if the petit jury was instructed on the elements of every state statute and agreed upon one. Mr. Merchant's conviction must therefore be vacated and a new trial ordered.

The government argues that no constructive amendment occurred under any of these scenarios because the defendant was always charged with attempting to "kill a person within the United States" regardless of whether that killing would have met the elements of any identified state statute, so the "core of criminality" remains unchanged. That argument is contrary to law. See, *e.g.*, *United States v. Thompson*, 141 F. Supp. 3d at 194–95 ("If a statute makes it a crime to engage in certain conduct 'contrary to law,' it is not enough simply to cite that statute and recite in the pleading that the act was contrary to law—the pleading must show what other law was violated, either by citation to the other statute or by sufficient factual allegations."); *see also Pirro,* 212 F.3d at 93 ("[W]here an indictment charges a crime that depends in turn on violation of another statute, the indictment must identify the underlying offense."). The government cites no authority for the propositions that Section 2332b does not require proof of an identified predicate offense or that the underlying offense can be changed without working a constructive amendment.

## V.    THE EVIDENCE WAS INSUFFICIENT TO SUPPORT A CONVICTION ON COUNT TWO

For the reasons set forth in Mr. Merchant's initial memorandum, the evidence demonstrated, at most, an agreement too inchoate to permit any reasonable jury to find Mr. Merchant guilty of murder for hire. A verdict of acquittal should therefore be entered on Count Two.

**CONCLUSION**

For the reasons set forth above and based on the authorities cited herein, Mr. Merchant's motions under Rules 12, 29, and 33 should be granted.

Dated: New York, New York

May 26, 2026

Respectfully submitted,

Avraham C. Moskowitz
Christopher Neff
Joshua J. Lax
*Attorneys for Defendant Asif Merchant*

15